In the United States District Court
For the Middle District of Pennsylvania

AY-8692
James H. Williams
175 Progress Drive
Waynesburg, PA. 15370

vs

Mr. Martin L. Dragovich
Mr. James J. McGrady
Mr. Richard L. Spaide

1:CV01-0280
(Case Number)

Complaint

FILED
SCRANTON
FEB 13 2001
PER _____
DEPUTY CLERK

To be filed under: ✓ 42 U.S.C. § 1983 - state officials

I. Previous Lawsuits
   A. Re: 1:99-CV 02203 Williams vs Chesney
      Judge: Yvette Kane. Filed Dec 27, 1999

II. Exhaustion of Administrative Remedies.
   A. Grievance procedure available at Institution?
      ✓ Yes.
   B. Have you filed grievance concerning facts of complaint?
      ✓ Yes.

   Explain why not. Mrs. Carole Dotter Grievance Coord Refuse to file, stated. Grievance isn't use to initiate civil suits. Dated March 5, 1999.

   C. Grievance process completed? ✓ Yes
      Filed appeal. D.O.C. never responded at Camp Hill.

III Defendants

A. Defendants MR. MARTIN L. DRAGOVICH (Superintendant) was at S.C.I. Mahanoy. "Now" Superintendant at S.C.I. Camp Hill P.O. Box 8837 Camp Hill, PA. 17001-8837.

B. MR. JAMES J. McGRADY (Major of Unit Manager) at S.C.I. Mahanoy 301 Morea Rd Frackville, PA. 17931

C. MR. Richard L. Spaide (Unit Manager) at S.C.I. Mahanoy 301 Morea Rd Frackville, PA. 17931

IV Statement of Claim.

A. MR Dragovich was informed by M.C.# A 125751 dated Dec 7,98 concerning threats between Spaide and myself. I Rec'd 60 days D.C. for threatening Spaide with harm. during P.R.C. Review Report dated Jan 21,99 Dragovich signed documents stating. There's no reason why Williams can not return to his former housing unit. As a Result Spaide and myself c urt. when I was Returned M.C.# A 103901 dated Feb 8,99. Dragovich w deliberate indifference towards my safety. in his supervisory capacit failed to prevent, ~~the and~~ seperate and failed to discipline other staf who knew of the incident, mishandling the investigation when the threa ccurred etc. (I was also charged) Request-slip dated Dec 4,98

B. McGrady as P.R.C. Chair-man. Reviewed M.C.# A 125751 dated D ,98 & Request slip attached dated Dec 4,98. Threat on staff. After other emdy failed. Against Unit Manager Spaide. He was aware of P.R.C. Repor ated Dec 23,98 continue making threats against Spaide. & P.R.C. Report d an 21,99 Authorizing my Return back on I-B block with Spaide. After ser days D.C. for threatening Spaide. McGrady deliberately placed me into Hostile environment and situation. As a Result. I was assaulted by aide and other staff. placed in R-H-U for over 18 months. Street charges as filed against for Assault on Spaide. In his supervisory capacities ajor. was deliberate indifference toward my safety. fail to act no inve n was made surrounding my claim of being threaten by Spaide. M.C.# A 10 ated Feb 8,99

C. while housed on I-B block MR. Spaide Unit Manager. delibe xposed me to environment Tabacco smoke (ETS) which my cellie smoked ) packs per-day. disregarding S.C.I. Mahanoy non-smoker cell policy. I

III. Defendants (Continuing from page 2)

C- - Filed Grievance Sept 23.98, upon my arrival I constantly r[eceived] ffical oppression from Spaide, due to past behavior on other blocks other [j]ails; as he stated to me. I filed numerous internal complaint by r[eq]uest slip address to Deputy Novotney. Spaide became more hostile t[o] [m]e. (nothing going to change this my block not his) I replyed with a [t]hreatening request-slip dated Dec 4.98. Rec'd M.C.# A 125751. dated De[c] [t]hreatening another person. Sanction 60 days D.C. I stated in my in[itial] [p]rison DC-141 Part II-C. how Spaide approached my cell while housed [in t]he R-H-U. threatening me with Bodily harm in front of other inma[tes at] Mahanoy. Above named officals never investigated the matter. Mr. Sp[aide] [in]formed me. He'll be waiting and will deal with my Attitude upo[n] [m]y return back to Z-B Pod. even though D.O.C. policy dictates. [“]operation[”] place on A.C. status. clearly Spaide action, having me retur[n] [s]hows malicious intent, callous indifference, thoughtless disregar[d] [th]e consequences of his action and my safety. other named officials [ig]nored and had me placed back on Z-B block under Spaide care, c[ustody] [an]d control. (after serving 60 days D.C. for threatening Spaide) A[s a] [re]sult, I was assaulted by Spaide and other Mahanoy staff mem[bers] [and] hurt. Rec'd M.C.# A 103901 dated Feb 8.99 charges. Assault on [officer] [Spaide] which Spaide filed criminal charges against me still pen[ding to] date. I have documents to show. I made numerous attempts [to a]void a conflict between us. Feb 8.99 As I was going to yar[d, Mr.] [Sp]aide stop inside Door-way. As I passed him I was elbowed [by Sp]aide, in self defence I defended my self.

(All Appeals was submitted to Control office at Cam[p Hill] [t]o no avail. Staff never responded to any of my allegation o[n]

V. Relief

A. Review M.C. # A125751 dated Dec 7.98 Attached Request-Slip dated Dec 4.98 And M.C. # A103901 dated Feb 8.99 Concerning Dragovich deliberate indifference toward my safety, failure to Act in his supervisory capacities as superintendant, for violation of 8th amendment U.S.C.A. Const. Amend. If he conspired with other officials in placing me on spaide block. Award me both compensatory & punitive damages in my favor. Reprimand Dragovich.

B. Reprimand McGrady for having deliberate indifference towards my safety at Mahanoy. failing to Act in his supervisory capacities as major. for violation of 8th amendment U.S.C.A. Const. Amend. If he conspired with other officials in placing me on I-B block with spaide After M.C. # A125751. Award both compensatory & punitive damages in my favor.

C. Reprimand spaide for his offical oppression against me while on I-B block Relieve of Duty as Unit Manager At Mahanoy or to lower Rank for his role of M.C. # A103901 dated Feb 8.99 Review file for conspiring to Assault me. having me placed back on I-B block After M.C. # 125751 dated Dec 7.98. over turn staff request having me transferred S.C.I. Green for security Reason based on M.C. # A103901. No fault of my own. Review for violation of 8th Amend U.S.C.A. Const. Amend. order spaide to pay full court cost all filing fee's. Award both compensatory & punitive damage in my favor.

Signed this 5th day of February, 2001

James Williams AY-8692

Certified Mail # 2-456-317-517

I declare under penalty of perjury that the foregoing is true And correct.

Feb 5. 2001     James Williams AY-8692

**FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

AY-8692
(Inmate Number)

James H. Williams
(Name of Plaintiff)

175 Progress Drive
(Address of Plaintiff)

Waynesburg, PA. 15370

vs.

Mr. Martin L. Dragovich
Mr. James J. McGrady
Mr. Richard L. Spaide
(Names of Defendants)

1:CV01-0280
(Case Number)

COMPLAINT

FILED
SCRANTON
FEB 13 2001
PER _____ /s/
DEPUTY CLERK

TO BE FILED UNDER: ✓ 42 U.S.C. § 1983 - STATE OFFICIALS
                   ___ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I. Previous Lawsuits

   A. If you have filed any other lawsuits in federal court while a prisoner please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned: RE: 1:99-CV02203 Williams vs Chesney
   Judge: Yvette Kane
   Filed Dec 27, 1999

II. Exhaustion of Administrative Remedies

   A. Is there a grievance procedure available at your institution?
      ✓ Yes ___ No

   B. Have you filed a grievance concerning the facts relating to this complaint?
      ✓ Yes ___ No

      If your answer is no, explain why not Mrs. Carole Potter Grievance Coord. refuse to file, stated Grievance isn't use to initiate civil suits (Dated March 5, 99)

   C. Is the grievance process completed? ✓ Yes ___ No filed Appeal, D.O.C.

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use Item B for the names, positions and places of employment of any additional defendants.)

A. Defendant ① Mr. Martin L. Dragovich is employed as Superintendant at was S.C.I. Mahanoy Now P.O. Box 8837 S.C.I. Camp Hill (Now) Camp Hill, PA 17001-8837

B. Additional defendants ② Mr. James J. McGrady employed as Major of Unit Manager at S.C.I. Mahanoy 301 Morea Rd Frackville, PA. 17931

③ Mr. Richard L. Spaide employed as Unit Manager at S.C.I. Mahanoy 301 Morea Rd Frackville, PA. 17931

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

Mr. Dragovich was informed by M.C. #A125751 dated Dec 7,98 concerning
1. Threats between Mr. Spaide Unit Manager and myself. I recd 60 days D.C. for threating Spaide with harm, during P.R.C. Review Report dated Jan 21,99 Dragovich signed documents stating there's no reason why Williams can not turn to his former housing unit. As a result Spaide and myself was hurt when was returned M.C. #A103901 dated Feb 8,99 Dragovich was deliberate indifference towards my safety in his supervisory capacities failed to prevent, needed & failed to discipline other staff who knew of the incident shandling the investigation when the threats occurred etc, Request Slip date Dec 4,98 (F was also charged)

2. McGrady as P.R.C. Chairman Reviewed M.C. #A.125751 dated Dec 7,98 & Request Slip dated Dec 4,98 threat on staff. After other remedy failed. Against Unit Manager Spaide. He is aware of P.R.C. Report dated Dec 23,98 continue making threats against Spaide. & P.R.C. Report dated Jan 21,99 Authorizing my return back on I-B Block with Spaide after serving day D.C. for threatening Spaide. McGrady deliberately placed me into an hostile environment and situation. As a result I was assaulted by Spaide and other staff, placed in 4.C. for over 18 months street charges was filed against for assault on Spaide. In his supervisory capacities as Major was deliberate indifference toward my safety, fail to act, investigation was made surrounding my claim of being threaten by Spaide. M.C. #A103906

3. While housed on I-B Block Mr. Spaide Unit Manager, deliberately exposed me environmental tabacco smoke (ETS) which my cellie smoked three(3) packs per day, disregarding S.C.I. Mahanoy non-smoker cell policy, placing a non-smoker with smoker. Placed my health in harm way for over 21 day or more. While other cell was completely empty. Grievance 9-23-98, upon my arrival, I constantly recd offical oppression from Spaide due to past behavior on other blocks other jails. As he stated to me. I'd numerous internal complaint by Request-Slip address to Deputy Wortney Dec 3,98 Nov 30,98 to no avail. After contacting Deputy Wortney Spaide became More hostle towards me (nothing going to change this my block not his) I replyed with a threatening Request-Slip dated Dec 4,98. Recd M.C. #A125751. Next once

IV statement of claim.) continue from page two (2)

- dated Dec 7,98 threatening another person. sanction 60 days D.C. I stated in my inmate version DC-141 part II-C. how spaide approached my cell while housed in the R-H-U. threatening me with bodily harm in front of other inmates. Mahanoy above named officials never investigated the matter. Mr. Spaide informed me, He'll be waiting and will deal with my attitude. upon my return back to I-B pod. even though D.O.C. policy dictates, "Seperation" place on A.C. status. clearly spaide action, having me returned shows malicious intent, callous indifference, thoughtless disregard for the consequences of his action and my safety. other named officials conspired and had me placed back on I-B block. under spaide care. custody and control. (After serving 60 days D.C. for threatening Mr. spaide.) as a result I was assaulted by spaide and other Mahanoy staff members and hurt. rec'd M.C.# A103901 dated Feb 8,99 charges Assault on staff (Spaide) in which spaide filed criminal charges against me still pending to date. I have documents to show I made numerous attempts to avoid a conflict between us. Feb 8,99 as I was going to yard, spaid stop inside door-way. As I passed him I was elbowed by spaide, in self-defense I defended myself.

(All appeals was submitted to central office at Camp Hill to no-avail. staff never responded to any of my allegation on appeal)

V.   Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. Review M.C. # A 125751 dated Dec 7,98 Attached Request-slip dated Dec 98 And M.C. # A 103901 dated Feb 8,99 concerning Dragovich deliberate indifference and my safety, failure to act in his supervisory capacities (As Superintendant) for violation of 8th Amendment U.S.C.A. Const. Amend. If he conspired with other officals by placing me on Spade block. Award me both Compensatory & Punitive Damages in my favor. Reprimand Dragovich

2. Reprimand McGrady for having deliberate indifference towards my safety at Mahanoy. failing to Act in his Supervisory Capacities as Major for violation of 8th Amendment U.S.C.A. Const. Amend. If he conspired with other officals in placing me on Z-B block with Spade After M.C. # A 125751. Award both Compensatory & Punitive Damages in my favor

3. Reprimand Spade for his offical oppression against me while on Z-block. Relieve of duty as Unit Manager at Mahanoy or to lower rank. for his file of M.C. # A 103901 dated Feb 8,99, Review file for conspiring to assault me having me placed back on Z-B block After M.C. # A 125751 date Dec 7,98, over an Staff Request having me Transferred to S.C.I. Green for security reason and on M.C. # A 103901 no fault of my own. Review for violation of 8th Amend U.S.C.A. Const. Amend. order Spade to pay full court cost all filing fees. Award both Compensatory & Punitive Damage in my favor.

Signed this 5th day of February, 2001

*James Williams* AY-8692
(Signature of Plaintiff)

Certified Mail # Z-456-317-517

I declare under penalty of perjury that the foregoing is true and correct.

Feb 5, 2001                         *James Williams* AY-8692
(Date)                              (Signature of Plaintiff)

RECEIVED
HARRISBURG, PA
FEB 12 2001
Per _____ MARY E. D'ANDREA, CLERK

FORMS TO BE COMPLETED BY PRISONERS FILING A CIVIL RIGHTS
COMPLAINT UNDER 42 U.S.C. § 1983 or 28 U.S.C. § 1331

### COVER SHEET

THIS COVER SHEET CONTAINS IMPORTANT INFORMATION ABOUT FILING A COMPLAINT AND YOUR OBLIGATIONS IF YOU DO FILE A COMPLAINT. READ AND COMPLETE THE COVER SHEET BEFORE YOU PROCEED FURTHER.

*****************************************************************

The cost for filing a civil rights complaint is $150.00.

If you do not have sufficient funds to pay the full filing fee of $150.00 you need permission to proceed *in forma pauperis*. However, the court will assess and, when funds exist, immediately collect an initial partial filing fee of 20 percent of the greater of:

1) the average monthly deposits to your prison account for the past six months; or

2) the average monthly balance in your prison account for the past six months.

Thereafter, the institution in which you are incarcerated will be required to make monthly payments of 20% of the preceding month's deposits credited to your account until the entire filing fee is paid.

**CAUTION: YOUR OBLIGATION TO PAY THE FULL FILING FEE WILL CONTINUE REGARDLESS OF THE OUTCOME OF YOUR CASE, EVEN IF YOUR COMPLAINT IS DISMISSED BEFORE THE DEFENDANTS ARE SERVED.**

*****************************************************************

1. You shall file a complaint by completing and signing the attached complaint form and mailing it to the Clerk of Court along with the full filing fee of $150.00. (In the event attachments are needed to complete the allegations in the complaint, no more than three (3) pages of attachments will be allowed.) If you submit the full filing fee along with the complaint, you DO NOT have to complete the rest of the forms in this packet. **Check here if you are submitting the filing fee with the complaint form.** _____

2. If you cannot afford to pay the fee, you may file a complaint under 28 U.S.C. § 1915 without paying the full filing fee at this time by completing the following: (1) Complaint Form; (2) Application To Proceed In Forma Pauperis; and (3) Authorization Form. You must properly complete, sign and submit all three standard forms or your complaint may be returned to you by the Clerk of Court. **Check here if you are filing your complaint under 28 U.S.C. § 1915 without full prepayment of fees.  ✓**

**Please Note:** If your case is allowed to proceed and you are awarded compensatory damages against a correctional facility or an official or agent of a correctional facility, the damage award will first be used to satisfy any outstanding restitution orders pending. Before payment of any compensatory damages, reasonable attempts will be made to notify the victims of the crime for which you were convicted concerning payment of such damages. The restitution orders must be fully paid before any part of the award goes to you.

**DO NOT DETACH THE COVER SHEET FROM THE REST OF THE FORMS**