# ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES H. WILLIAMS, | : | |
| **Plaintiff** | : | |
| | : | No. 1:CV-01-0280 |
| v. | : | |
| | : | **(Judge Kane)** |
| MARTIN L. DRAGOVICH, JAMES J. | : | |
| McGRADY and RICHARD L. SPAIDE, | : | |
| **Defendants** | : | |

FILED
HARRISBURG, PA

OCT 03 2001

MARY E. D'ANDREA, CLER
Per _____ Deputy Clerk

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS

### STATEMENT OF THE CASE

This is a <u>pro se</u> inmate's civil rights action brought pursuant to 42 U.S.C. §1983. James H. Williams ("Plaintiff") is an inmate currently housed at the Schuylkill County Prison. The allegations in Plaintiff's complaint arose during the time Plaintiff was housed at the State Correctional Institution ("SCI") at Mahanoy. Plaintiff's complaint alleges that Martin Dragovich, James McGrady and Richard Spaide ("Defendants"), conspired against him in violation of his Eighth Amendment rights.[1] Plaintiff requests compensatory and punitive damages as well as court costs and filing fees. Plaintiff also requests that the Court discipline Defendants for their

---

[1] Plaintiff does not state whether Defendants are being sued in their official or individual capacities. In any event, Defendants, in their official capacities, are immune from suit pursuant to the Eleventh Amendment. It has been held that state officials acting in their official capacities are not "persons" under 42 U.S.C. §1983. <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58 (1989). Therefore, any claims against Defendants in their official capacities must be dismissed.

action and/or inaction.

Defendants filed a Motion to Dismiss on September 21, 2001. This brief is filed in support of that Motion.

## STATEMENT OF MATERIAL FACTS[2]

On December 4, 1998, in a request slip submitted by Plaintiff he made a threat against staff (Defendant Spaide). (Complaint at ¶B). As a result of this threat, Plaintiff received misconduct # 125751 dated December 7, 1998. (Complaint at ¶¶A, B and C). Plaintiff alleges that all Defendants were aware of the request slip and the misconduct. (Complaint at ¶¶A, B and C). As a result of the misconduct Plaintiff received sixty (60) days in disciplinary custody. (Complaint at ¶ A and C).

According to a Program Review Committee ("PRC") report dated January 21, 1998, Defendants Dragovich and McGrady authorized Plaintiff's return to his former housing unit with Defendant Spaide, the staff whom he had threatened. (Complaint at ¶¶A, B and C). Upon his return he engaged in another altercation with Defendant Spaide, alleging that Spaide assaulted him. (Complaint at ¶¶A, B and C). Plaintiff also alleges that while housed on I-B block with Defendant Spaide, Spaide deliberately exposed Plaintiff to environmental tobacco smoke, in disregard of policy,

---

[2]The facts are those set forth by Plaintiff in his Complaint and are accepted as true solely for the purpose of the present Motion to Dismiss.

and harassed him in other ways.

Plaintiff alleges that Defendants' Dragovich and McGrady were deliberately indifferent to his safety when they authorized his return to his former housing unit with Defendant Spaide.  (Complaint at ¶¶A, B, and C).  Plaintiff alleges that Defendant Spaide was deliberately indifferent to his safety by exposing him to environmental smoke.  (Complaint at ¶C).

### QUESTION PRESENTED

I.  **WHETHER ALL CLAIMS AGAINST DEFENDANTS ARE BARRED BY THE APPLICABLE LIMITATIONS PERIOD?**

### ARGUMENT

I.  **PLAINTIFF'S CLAIMS AGAINST DEFENDANTS ARE BARRED BY THE APPLICABLE LIMITATIONS PERIOD AND SHOULD BE DISMISSED.**

Plaintiff filed this action on February 13, 2001, as indicated at item number one (1) of this Court's docketing sheet.  Claims brought in Pennsylvania pursuant to 42 U.S.C. §1983 are subject to a two year limitations period.  Smith v. City of Pittsburgh, 764 F.2d 188 (3d Cir. 1985), cert. denied, 474 U.S. 950 (1985).  Under federal law, a §1983 claim accrues when the plaintiff knows, or has reason to know, of the injury that constitutes the basis of the action.  Deary v. Three Un-named Police

3

Officers, 746 F.2d 185, 193 (3d Cir. 1984). The date when "the plaintiff becomes aware, or should have become aware of both the fact of the injury and its causal connection to the defendants," triggers the limitations period even if the plaintiff did not realize the defendant's conduct was tortious or unlawful. Somers v. Bradford Area School District, 694 F. Supp. 125, 136 (W.D. Pa. 1988), citing United States v. Kubrick, 444 U.S. 111 (1979). According to the case law, in order for Plaintiff's claims in this case to be timely, all of the events must have occurred after February 13, 1999. Any event occurring before February 13, 1999, of which Plaintiff was or should have been aware, would be barred by the statute of limitations.

According to Plaintiff, the events which form the basis for the complaint occurred on or about December 7, 1998, through on or about February 8, 1999. All of these events are outside of the two year statute of limitations allowed by law and all claims should be dismissed.

In paragraph A of the Complaint, Plaintiff refers to a misconduct dated December 7, 1998 concerning threats by Plaintiff directed toward Defendant Spaide, for which Plaintiff received sixty (60) days disciplinary time.[3] Plaintiff alleges that Defendant Dragovich was aware of the situation because he signed a PRC report

---

[3]Misconduct #125751.

4

dated January 21, 1999, which permitted the return of Plaintiff to his previous housing unit with Defendant Spaide. As a result of his return to his former housing unit on February 8, 1999, Plaintiff and Spaide were involved in another altercation which resulted in a second misconduct.[4] Plaintiff alleges that Dragovich was deliberately indifferent towards his safety, failed to prevent further harm to Plaintiff and failed to discipline employees for the incidents.

The misconducts referred to by Plaintiff were given to him on December 7, 1998 and February 8, 1999. Defendant Dragovich approved Plaintiff's return to his former housing unit on January 21, 1999. All of these events occurred before February 13, 1999, and Plaintiff was or should have been aware of these events when the occurred. Because all of the alleged events occurred before February 13, 1999, they are barred by the two year statute of limitations and should be dismissed.

In paragraph B of the Complaint, Plaintiff alleges that Defendant McGrady was aware of the misconduct dated December 7, 1998, a request slip which contained a threat to staff, a PRC report dated December 23, 1998 which stated Plaintiff continued to make threats against Defendant Spaide and a PRC report dated January 21, 1999, authorizing Plaintiff's return to his previous housing unit with Defendant

---

[4]Misconduct #103901.

Spaide.  Plaintiff alleges that Defendant McGrady deliberately placed him into a hostile environment and as a result, Plaintiff was assaulted by Defendant Spaide and other staff and received further discipline.  Plaintiff alleges that Defendant McGrady, in his supervisory capacity as a Major, was deliberately indifferent towards Plaintiff's safety and failed to act and investigate his claim of being threatened by Defendant Spaide which then led to the February 8, 1999 misconduct.

Again, all of these events occurred before February 13, 1999, and Plaintiff was or should have been aware of these events when the occurred.  Because all of the alleged events occurred before February 13, 1999, they are barred by the two year statute of limitations and should be dismissed.

Finally, in paragraph C of the Complaint, Plaintiff alleges that while housed on I-B block, Defendant Spaide deliberately exposed Plaintiff to environmental tobacco smoke, for twenty-one days or more, in disregard of a non-smoker policy.[5] Plaintiff alleges that he filed a grievance or September 23, 1998 and other informal complaints in November 1998.  Plaintiff also alleges that Defendant Spaide was

---

[5]Plaintiff does not specify a time period in this allegation, except to allege that he filed complaints and a grievance in September and November 1998.  It is apparent from Plaintiff's previous allegations that he was in disciplinary custody from December 8, 1998 through February 8,1999, due to the misconduct dated December 8, 1998, so he would not have been exposed to smoke on I-B block during that time.  Presumably, his alleged exposure occurred before his December 8, 1998 removal to disciplinary custody.

hostile towards him.

In addition, Plaintiff rehashes the allegations raised in paragraphs A and B, concerning the December 4, 1998 request slip threatening Defendant Spaide, the December 8, 1998 misconduct and the February 8, 1999 misconduct. Plaintiff appears to be alleging that Defendant Spaide was deliberately indifferent and acted with malicious intent during theses events.

Again, all of these events occurred before February 13, 1999, and Plaintiff was or should have been aware of these events when the occurred. Because all of the alleged events occurred before February 13, 1999, they are barred by the two year statute of limitations and should be dismissed.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants' Motion to Dismiss should be granted in its entirety.

Respectfully submitted,
**D. MICHAEL FISHER**
**Attorney General**

By:  _Linda S. Lloyd_

**LINDA S. LLOYD**
**Deputy Attorney General**
**I.D. #66720**

Office of Attorney General                  SUSAN J. FORNEY
15th Floor, Strawberry Square               Chief Deputy Attorney General
Litigation Section                          Chief, Litigation Section
Harrisburg, PA  17120
(717) 705-7327                              COUNSEL FOR DEFENDANTS

Dated: October 3, 2001

8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES H. WILLIAMS,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:CV-01-0280** |
| **v.** | : | |
| | : | |
| **MARTIN L. DRAGOVICH, JAMES J.** | : | |
| **McGRADY and RICHARD L. SPAIDE,** | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Linda S. Lloyd, Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on October 3, 2001, I served a true and correct copy of the foregoing Brief in Support of Defendants' Motion to Dismiss, by causing it to be deposited in the United States Mail, first-class postage prepaid to the following:

| | |
|---|---|
| **James H. Williams, AY-8692** | **James H. Williams** |
| **SCI Greene** | **Schuylkill County Prison** |
| **175 Progress Drive** | **230 Sanderson Street** |
| **Waynesburg, PA  15370** | **Pottsville, PA 17901-1758** |

**LINDA S. LLOYD**
**Deputy Attorney General**