JUDGE'S COPY

19
copy

In the United States District Court
for the Middle District of Pennsylvania

James H. Williams
                    Plaintiff

            vs

Martin L. Dragovich
James J. McGrady  And
Richard L. Spaide
                    Defendants

Civil No# 1:CV-01-0280

(Judge Kane)



FILED

JAN 24 2002

PER _____
HARRISBURG, PA  DEPUTY CLERK

Plaintiff's Pro-se Brief in opposition to defendants motion
to Dismiss

## Statement of the case

this is A pro-se inmate's civil Rights Action brought
pursuant to 42 U.S.C. 1983 by James H. Williams. (Plaintiff) now
housed at S.C.I. Greene.
            Plaintiffs Allegations Arose while serving 25 to 50 ye
sentence at S.C.I. Mahanoy. from An incident which occurred Feb
1999.     Plaintiffs complaint alleges that Martin Dragovich (Sup
James McGrady (Major of Unit Manager) And Richard Spaide (Unit M
("Defendants") conspired against him in violation of his Eighth Amen
ment Rights. under Color of State Law (Dept of Correction).
            Plaintiffs Requests compensatory And punitive dam
as well as having his misconduct Expunge from D.O.C. Files. Also
have D.O.C. Pay for All court cost. All defendants discipline for
their Action and/or inaction which lead to the Assault of Feb
1999.         On September 21, 2001 Defendants Filed Motion
                                                            to Dismiss

    ⦿ Plaintiff was transferred from S.C.I. Greene to Schuylkill (
County Prison April, 2001 As A Result of S.C.I. Mahanoy filing Criminal (

Plaintiffs Rec'd A Court order from Judge Kane dated January 4, 2002 ordering plaintiffs to Respond to Defendants motion within twenty (20) days from date of January 4, 2002 or motion to Dismiss will be granted.

Plaintiff now files an opposing motion to Defendant motion to Dismiss, this date January 21, 2002. and files a separate concise statement of Material facts Responding to Movants statement, and Court order dated January 4, 2002

## Statement of Material Facts

Upon moving from A-block to I block with Spride Unit Manager, U.M was deliberately indifference toward plaintiffs personal Safety by exposing him to environmental Smoke with cell-mate indisregard of S.C.I. Mahanoy establish Smoking and non Smoking policy which plaintiff is a non Smoker. After informing Spride of his error, filing Grievance and Request Slips to Deputies, Spride Still declined to Acknowledge this error for personal Reasons. Animosity generated, Spride official oppression continued plaintiff threaten U.M with bodily harm. As a Result from the Request Slip that plaintiff Rec'd M.C.# 125751 dated Dec 7, 1998 Resulting in Sixty (60) days in Disciplinary Custody (threat to staff) for unknown Reasons. Program Review Committee (P.R.C) Report dated January 21, 1999 Stated theirs no Reasons why Plaintiffs Could not Return back to his former housing Unit which Superintendent along with (P.R.C) Authorized. upon Returning Spride placed plaintiffs Right back in Same cell after being threaten not to do so by plaintiff. An Assault took place which plaintiff claims Spride Assaulted him initially in the presence of I block video Camera which Staff claims do not Record no film. Prior to this assault plaintiff Mentioned and documented during his M.C. hearing December 10, 1998 how Spride Approached his cell while housed inside the R.H.U and threaten him with bodily harm. No investigation was conducted.

D- incident, the Rest of Plaintiffs legal Materials Remained at S.C.I Greene. Plaintiff was not Returned to Greene until December 11, 2001

- All above Defendants was deliberately indifferent to his personal Safety when they Authorized his Return back into An Hostile environment with Spride. Known before hand that an Assault would take place if placed back into same block and/or same cell, which Spride acknowledge he did place plaintiff inside same cell upon his Action.

<u>Question Presented</u>

I. Whether Defendants can be sued in their official or individual Capacities and/or immune from Suit pursuant to the Eleventh Amendment

<u>Argument</u>

I. In Any Section 1983 Action, initial inquiry must focus on whether two essential elements Are present: whether conduct complained of was committed by person acting under color of State Law. And whether this conduct deprived persons of Rights, privileges or immunities Secured by const or Laws of the U.S. 42 U.S.C.A. 1983  Civil Rights Key 13.3(1), 13.5(1)

1871 Civil Rights act does not Abolish wholesale All Common Law immunities of prison Authorities, and before there can be Recovery of damages there must be proof of bad faith or At Least Such degree of Neglect or Malice As to deprive defendants of official immunity for merely erroneous Action 42 U.S.C.A 1983  Civil Rights Key 13.8(1)

Defendants Are being Sued in their official Capacities under color of State Law  official oppression and bad faith.

In Smith vs Wade 103 S Ct 1625 (1983)

the Supreme CT held, A prison guard Could be held Liable for punitive damage upon a finding of Reckless or Careless disregard or indifference to inmate's Rights of health and Safety, when its motivated by evil motive or intent.  Also States An injured inmate Can Seek punitive And Exemplary damages in order to punish the wrongdoer for Some extraordinary misconduct and to Serve as an example or warning to other not to engage in Such   (3) Conduct.  A defendant other from the conduct

- Allegation in this Complaint charges defendants with Acting in bad faith toward plaintiff and with intentional, malicious and reckless disregard of his constitution rights in their Supervisory Capacities failed to prevent the assault and failed to discipline Major McGinty and Spaide for their mis-handling of the incident.

## II    Question Presented

Whether all Claims against Defendants are Barred by the Applicable Limitation period? Whether time Limitations expiration was do to Department of Correction interfering. or No fault of Plaintiff

## Argument

II. When tort involves continuing injury, cause of Action accures and Limitation period begins to run at time tortious con-dent ceases. Limitation of Action hrap 55(6)

Although Plaintiff was placed inside Restricted Housing Unit (R.H.U.) he was returned to same block and placed in same cell February 5, 1999 until the Assault took place February 8, 1999 there-fore making the two(2) statute of limitation period February 8, 2002 its already documented that Spaide stated he placed plaintiff in Same cell upon his Return from (R.H.U.) Feb 5, 1999 Cause of Action was not terminate until Assault occurred Feb 8, 1999

(A) November 2000 plaintiff was transferred from S.C.I. Green to S.C.I. Frackville for Court Appearance at Schuylkill County Courthouse. (See Attached Exhibit "A")

While at S.C.I. Frackville Awaiting Court, Staff Request that All legal property be transferred to Frackville from Green instead All property was mailed to S.C.I. Rockview Court date not to post pone as A Result. (See Attached Exhibit "B")

Upon plaintiff ARRIVAL BACK to GREENE he was informed by property Sgt Grady. that none of his personal property Are present All property was mailed to Frackville. therefore being lost in the mail. Greene only Agreed to Reimburse shipment fee of $43.55 from Account. was not concerned with ~~finding~~ finding and having property returned. never investigated the matter.
(See Attached Exhibit "C")

Upon further investigation by Plaintiff it was discovered MR. DAN DAVIS without plaintiff consent signed a cash slip and Authorized $43.55 to be deducted from Account while plaintiff was housed at S.C.E. Frackville. Ms. KAREN PATTERSON (Accountant) forwarded documents with instruction to where property Are to be mailed. S.C.E. Frackville. Greene staff deliberately shipped All property to S.C.E. Rockview instead. which Address Appears on Shipping label typed!!
(See Attached Exhibit "D")

According to property Sgt Green had no idea where the property was mailed too. stating lost in the mail. Finally Rec'd property Around End of December 2000.

Again, Plaintiff was Summons to Court January 17, 2001 Returned to Greene January 31, 2001 being aware of February 8, 2001 two (2) yr dead line filed civil suit February 2, 2001 by certified mail. S.C.E. Greene mail Room Staff Returned legal package claiming inmates must use New Certified post card. Stating this information was ~~posted to were~~ sent to All housing unit not to use the old forms. Plaintiff have two witness Sgt GRANDAS And S/O Rice (R·H·U) officers 2 to 10 shift never informed Plaintiff of this change of policy. both officer's themselves was unaware of new policy. After Receiving New Certified forms February 5, 2001 the mail Room once Again Returned the legal package stating certified Green Card Can not be placed on the front of Envelope being as though my mailing dead-line was Feb 8, 2001 & filed Grievance # 0317-2001 for personal Records to have documented. And obtain witness on my behalf. Unfortunately Plaintiff Civil suit was not mailed until February 8, 2001 (Friday) which the courts Rec'd February 13, 2001 (Tuesday)
(See Attached Exhibit "E")

(5)

Plaintiff was not aware of January 1, 2001 Postal policy because of A.T.A. instead of the Mail-Room distributing memo they Relied on staff informing inmates. upon being Returned back to I-block And placed in same cell until Feb 8, 1999 the two (2) year Limitation started Feb 8, 1999 not February 13, 1999 As Deputy Attorney General indicates. Twice Plaintiffs Attempted placing legal documents in the mail February 2, 2001 And February 5, 2001 each time was returned d/o to no control of his own. Plaintiffs did Receive old certified forms from staff After dead-Line of New policy. upon filing Civil-suit Plaintiff did Send his only copy A document from mail-room notice Returning legal package and it's Reasons. therefore Plaintiffs should not be held liable for staff error, both staff was #unaware as well as myself, of such policy.

<u>Conclusion</u>

Wherefore, for the foregoing Reasons, Defendant's motion to Dismiss base on Limitations only should not be granted. And A Discovery date set for trial.

Respectfully Submitted,
James Williams     Pro-se
James H. Williams   AY-8692
S.C.I. Greene
175 Progress Drive
Waynesburg, PA. 15370

Date: January 21, 2002

(6)

Exhibit

A

Misc. # *533-00*

## IN THE COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY

### CRIMINAL ACTION

COMMONWEALTH           :          No. _*99-1006*_

      vs.                 :

*Williams, James*      :

                             :

FILED

OCT 2 0 2000

Per _AMZ_

### ORDER

The Commonwealth has scheduled this case for trial during the **November 2000** Term of Court, and the Defendant and his/her counsel _No Counsel_ , are hereby **ORDERED ATTACHED**, to be present and to remain available for trial from 9:30 a.m. on **October 27th, 2000** until the end of the **November** Term on **November 16th, 2000.**

All trial counsel and those defendants who have no attorney are also **ORDERED** to appear on Tuesday, **October 31st,** at 9:30 a.m. for a Pre-Trial Conference.

Unless the Defendant pleads generally to the charges or applies for **and is granted** a continuance during Continuance Court at 9:30 a.m. on **October 27th,** all counsel and defendants are **ORDERED** to appear for Jury Selection at 9:30 a.m. on **November 2nd,** and **November 3rd.** Those defendants who have advised the Court and/or the Court Administrator that they will enter a general plea of guilty and their counsel are **ORDERED** to appear in General Pleas Court at 9:30 a.m. on **November 3rd, 2000.**

**FAILURE TO APPEAR AS ORDERED MAY RESULT IN THE ISSUANCE OF A BENCH WARRANT FOR THE DEFENDANT'S ARREST AND CONTEMPT PROCEEDINGS AGAINST COUNSEL.**

BY THE COURT,

*Baldwin, P. J.*

*Reca march 2 2001*

*[signature] DSFM 2 mar 01*

| DC-141 Part III | COMMONWEALTH OF PENNSYLVANIA |
|---|---|
| PROGRAM REVIEW COMMITTEE | DEPARTMENT OF CORRECTIONS |

_____Misconduct Appeal        _____Periodic Review        ____X____Other

| DC Number | Name | Institution SCIF | Date of Review | No. from Part I |
|---|---|---|---|---|
| AY-8692 | Williams, James | | 1-24-01 | A-255779 |

The PRC convened to consider placement of this inmate in Administrative Custody because he is here temporarily and is not classified for SCIF population.

INTERVIEW:  Inmate was received at SCIF recently for the purposes of attending Court.  He is here temporarily for Court.

DECISION:  This inmate will be placed in Administrative Custody in accordance with DC-ADM 802, Para. VI,A,1.

APPEAL:  The inmate has been advised of his right to appeal this decision by request slip to the Superintendent within two (2) days after this hearing.

NEXT REVIEW DATE:  2-21-01, if still at SCIF.

hs

| Decision Relative to Hearing Committee's Verdict | | |
|---|---|---|
| ___X__Not Applicable _____Sustain _____Sustain/Amend _____Refer Back/Further Study _____Exonerate Inmate | | |
| Names of Program Review Committee | Signatures | Date |
| J. Kerestes, DSFM | [signature] | 2-5-01 |
| D. J. Searfoss, CCPM | [signature] | 01-29-2001 |
| E. Zaborney, Chief Psychologist | Edward Zaborney | 2-5-01 |

cc:    Original - DC 15                    DC-14                    Inmate Cited

# Exhibit

# B

**DC-804**
**PART 1**

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA. 17001-0598**

**OFFICIAL INMATE GRIEVANCE**

GRIEVANCE NO.  | FRA-0778-00

| TO: GRIEVANCE COORDINATOR | INSTITUTION S.C.I. Frackville | DATE Nov 28, 200 |
|---|---|---|
| FROM: (Commitment Name & Number) James Williams AY-8692 | INMATE'S SIGNATURE James Williams | |
| WORK ASSIGNMENT AM - Kitchen | QUARTERS ASSIGNMENT B-A 1025 (Now At S.C.I. Green) | |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to fo
   include the identity of staff members you have contacted. Have Frackville Sent property sti

**A. Brief, clear statement of grievance:**

Nov 1, 2000 I arrived with (1) legal Envelope documents inside, shaver, shoe
deodorant etc. for A-T-A at Schuylkill county from S.C.I. Green. the w
by while in the cmrd, staff took me to intake for the sheriff. I reque
my documents from cell, they refused. As a result, was housed in se
for over two(2) weeks, without any property. Nov 3rd And 8th 2000 I perso
informed the courts "that," Frackville Staff, did not allow me to bring
of my legal material for Trial. the courts or D-A called Frackville, th
stated none of my Property are there. then I assumed they called G
my Trial was than Post-pone because of this error. Frackville Also
refused to Inventory my Property upon arrival And leaving, violation o
policy. Now Green staff claim that after Receiving Phone call from
D-A - All my Property was Sent to Frackville between Nov 3-8, 2000

**B. Actions taken and staff you have contacted before submitting this grievance:** will claim it never arrived.
the Courts Assumed Green staff was at error when Frack was
Spoke with both A-HU staff on B.C. Annex concerning
inventory sheet to no-avail
wrote Supt and Deputy while there for Request-Slip Ans

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____                                    _____
Signature of Grievance Coordinator                                          Date

DC-804
Part II

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P. O. BOX 598
Camp Hill, PA 17011

**OFFICIAL INMATE GRIEVANCE**
**INITIAL REVIEW RESPONSE**

GRIEVANCE NO. FRA-0778-00

| TO: (NAME & DC#) | INSTITUTION: | QUARTERS: | GRIEVANCE DATE: |
|---|---|---|---|
| INMATE JAMES WILLIAMS AY8692 | SCI-FRACKVILLE | BA1025 | 11-28-00 |

The following is a summary of my findings regarding your grievance:

When you arrived at SCI-Frackville, you had no property. I called SCI-Greene and spoke to the Property Sergeant, and he indicated that you refused to take any when you left on the van. I then requested to have SCI-Greene UPS your property to SCI-Frackville. They sent it instead to SCI-Rockview.

As a result, your trial was rescheduled for January, 01.

cc:     DC-15
        File

| Refer to DC-ADM 804, Section VIII, for instructions on Grievance System Appeal Procedures | SIGNATURE OF GRIEVANCE OFFICER | DATE |
|---|---|---|
| | | 12-1-00 |

Exhibit

C

**DC-804**
PART 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P.O. BOX 598
CAMP HILL, PA. 17001-0598

12/14/00

**OFFICIAL INMATE GRIEVANCE**

GRIEVANCE NO. GRN-1814-200_

| TO: GRIEVANCE COORDINATOR | INSTITUTION | DATE |
|---|---|---|
| MRS. SHARON D'ELETTO | S.C.I. GREENE | Nov 28, 2000 |
| FROM: (Commitment Name & Number) | INMATE'S SIGNATURE | |
| James Williams AY·8692 | James Williams | |
| WORK ASSIGNMENT | QUARTERS ASSIGNMENT | |
| | B·A 1025 | |

Note: Green never had my consent to mail all my Property in where

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Brief, clear statement of grievance:

Tuesday oct 31,2000 I was called to Intake, in order to pack for a T.R. at this time Property was never inventory before I left. Nov 1,2000. upon my return Nov 22,2000 Sgt Grady stated "none" of my Property are here at Green because he received a Phone Call from somebody. D.A office or the clerk of courts at Schuylkill county Requesting Im in need of legal Property. Sgt Grady decided to put all my Personal Property T.V, Radio, Foot locker and clothes, has nothing to do with legal documents, mailed all items out to where I don't know, Around Nov 6,2000. nobody knows where my Property is at. Frackville never recd them. Before I left I Personally told Sgt Grady I was not taking legal Material to Frackville S.C.I. Yet decided to only take one(1) legal Envelope with Arguments instead of A Box !

B. Actions taken and staff you have contacted before submitting this grievance:

Spoke with Captain Muccino he called Frackville, was told none of my Property has Arrived there to date.

P.S. I've also filed Grievance against Frackville Staff For not allowing me to take my legal Envelope Package to court. should

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____
Signature of Grievance Coordinator

_____
Date

**DC-804**
PART 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P.O. BOX 598
CAMP HILL, PA. 17001-0598

12/14/00

**OFFICIAL INMATE GRIEVANCE**

GRIEVANCE NO. GRN 1614-2000

| TO: GRIEVANCE COORDINATOR | INSTITUTION | DATE |
|---|---|---|
| Mr. Sharon D'Eletto | S.C.I. Greene | Nov 28, 2000 |
| FROM: (Commitment Name & Number) | INMATE'S SIGNATURE | |
| James Williams AY-8692 | James Williams | |
| WORK ASSIGNMENT | QUARTERS ASSIGNMENT | |
| Am Kitchen | B-A 1025 | |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted. (Refund my $43.55 back account

A. Brief, clear statement of grievance:

Wednesday Nov 22, 2000 I ~~was~~ Returned from Frackville on A.T.A. Property Sgt Grady informed me that the D.A office or the courts called for my legal materials and Requested that Greene staff mail it, to where I don't Know. at that time I was currently at Schuylkill County Prison. 230 Sanderson St Pottsville, Pa. 1790 Today I Rec'd a copy from my Account, on Nov 16, 20 Batch # 5289 $43.55 was debited for Postage off my Account, without my consent for such deduction!! According to Sgt Grady another party clearly made this Req therefore this party should of been Billed as well. D.A office Schuylkill county courthouse 401 North 2nd st Pottsville, Pa. 17901

B. Actions taken and staff you have contacted before submitting this grievance:

Spoke with Sgt Grady Property
Wrote Mail Room Request slip never Responded

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____
Signature of Grievance Coordinator

_____
Date

WHITE—Grievance Coordinator Copy      CANARY—File Copy      PINK—Action Return Copy      GOLDENROD—Inmate Copy

DC-804
Part 2

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA 17001

OFFICIAL INMATE GRIEVANCE
INITIAL REVIEW RESPONSE

GRIEVANCE NO.

GRN 1814-2001

| TO: (Inmate Name & DC No.) | FACILITY | HOUSING LOCATION | GRIEVANCE DATE |
|---|---|---|---|
| WILLIAMS, AY-8692 | Greene | FB | December 1, 2000 |

The following is a summary of my findings regarding your grievance:

Please be advised, this document is prepared to document the outcome of this grievance issue, wherein you were offered financial settlement on February 7, 2001.

It is noted that staff attempted to complete paperwork requiring your signature in order that your account to be replenished for shipping charges incurred when property shipped while you were on ATA.

It is also noted that you refused to sign the Personal Property Settlement Release document on (settlement) February 7, 2001. That document would have enabled staff to replenish your account for the amount of money deducted for shipping charges.

As you refused to sign the document, no replenishment of your account shall take place.

SLD:djk

cc:     Deputies
        Grievance Coordinator
        Inmate Accounting
        Lt. Esmond
        Records

| Sharon L. D'Eletto | _Sharon D Eletto_ | 02/14/01 |
|---|---|---|
| Superintendent's Assistant | | |

Exhibit

D



**DC-138A**

## CASH SLIP

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

### 1. REQUISITIONING INMATE

| INSTITUTIONAL NUMBER | LOCATION | DATE |
|---|---|---|
| | | 11 3 00 |

### 2. RECEIVING INMATE

| INSTITUTIONAL NUMBER | LOCATION | DATE |
|---|---|---|
| | | 11 3 00 |

### 3. ITEMS TO BE CHARGED TO MY ACCOUNT

2- Boxes (Legal material)
1- FootLocker
   (Legal
   material)

1- Box - 5.67
1- Box - 5.40
1- Footld 32.48
      $43.55

Williams, James
      AY 8692

ITEMS TO BE sent
TO INMATE at
SCI Frckville

Shipping Charges
Are to be billed
to inmates Acco

Inmate not a
SCI Greene to Sign.

| 4. INMATE'S SIGNATURE | 5. OFFICIAL APPROVAL |
|---|---|
| | |

### 6. BUSINESS OFFICE'S SPACE

| CHARGE ENTERED | DATE | BOOKKEEPER |
|---|---|---|
| $ | | |

Gro 1814-2000

Ms Karen Patterson,

This letter is to notify you that property (2 Boxes and 1 footlocker) belonging to Inmate James Williams AY-8692 is to be shipped from SCI Greene to SCI Frackville and all associated charges are to be billed to the inmates account.

Dan Davis
November 2, 2000



Williams AY-8692

DC-266A

FROM - COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
STATE CORRECTIONAL INSTITUTION GREENE
1030 EAST ROY FURMAN HIGHWAY
WAYNESBURG, PA 15370-8089

To    S.C.I. ROCKVIEW
      R.F.D.3. BOX A. ROUTE 26
      BELLEFONTE, PA. 16823

THIS PARCEL MAY BE OPENED FOR POSTAL INSPECTION IF NECESSARY

Exhibit

E

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA 17001-0598**

FOR OFFICIAL USE ONLY

6RN-0317-2001

GRIEVANCE NUMBER

**OFFICAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| MRS. SHARON O'Eletto | SCI Green | Feb 8, 2001 |

| FROM: (INMATE NAME & NUMBER) | SIGNATURE of INMATE: |
|---|---|
| James Williams AY-8692 | James Williams |

| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: |
|---|---|
| | F-A 21 |

**INSTRUCTIONS:**
1  Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2  State your grievance in Block A in a brief and understandable manner.
3  List in Block B the specific actions you have taken to resolve this matter informally.  Be sure to include the identity of staff members you have contacted.

**A.** Provide a brief, clear statement of your grievance.  Additional paper may be used, maximum two pages.

Friday Feb 2 2001 I Submitted one legal package Address to:

Clerk office U.S. District Court 228 Walnut St P.O. Box 983 Harrisburg, Pa. 17108 by certified Postage. which happen to be written on old Green Card and Return Receipt. After obtaining new certified Postage card, your mail-room once again returned same change stating Return Receipt label not correct? No staff understood this, I once again attempted to mail-out legal package, for the third time mail Room staff Returned. stating Green card must be placed on back of Envelope? I don't recall Reading any such policy. nor any policy which states persons can no longer use old Green card forms. And must be placed on back. my dead line for filing civil action was Feb 8, 2001 please sent copies of these policy/ I never Recd

**B.** List actions taken and staff you have contacted, before submitting this grievance.  Attach the copy of the **DC-135A** with the staff member's response of your informal resolution attempt.

Spoke with 2 to 10 F Block Sgt 2-8-01 (Grandas % Rice R.O.D. officers. 2-8-01 Both my witness. Sgt Grandas stated have call mail-room.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____
Signature of Facility Grievance Coordinator

_____
Date

**WHITE** - Facility Grievance Coordinator Copy     **CANARY** - File Copy     **PINK** - Action Return Copy     **GOLDENROD** - Inmate Copy
Revised
July 2000

DC-804
Part 2

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA 17001

Revised
December 2000

OFFICIAL INMATE GRIEVANCE
INITIAL REVIEW RESPONSE

GRIEVANCE NO.      GRN-0317-01

| TO: (Inmate Name & DC No.) | FACILITY | HOUSING LOCATION | GRIEVANCE DATE |
|---|---|---|---|
| Williams, James   AY-8692 | Greene | FA-21 | February 14, 2001 |

The following is a summary of my findings regarding your grievance:

I am in receipt of your grievance dated February 12, 2001.

The United States Postal Service will not accept the old certified forms anymore. <u>The mailroom sent to each housing unit the new forms with instructions not to use the old forms anymore</u>. The post office will not accept them because the old forms do not have the bar codes on them. The post office uses scanners and they cannot scan the old forms.

The green return receipt cards cannot be placed on the front of the envelope covering the mailing address. It must be placed on the reverse side of the envelope covering the flap that seals the envelope or if it is a legal envelope, it can be placed to the side as long as it does not cover the mailing address.

These rules come from the US Postal Service and must be followed. If you want to confirm, please feel free to write the local US Postmaster at 1200 Morris Street, Waynesburg, PA 15370.

CC:   Grievance Coordinator
       DSFM
       DSCS
       Inmate Records (original)
       File

| Print Name & Title of Grievance Officer | SIGNATURE OF GRIEVANCE OFFICER | DATE |
|---|---|---|
| Jean W. Scott<br>Business Manager | | 02/14/01 |

Supt. Blaine JR.                    Feb 20, 2001
 James Williams
  James Williams

                                   F-A 21

Im Appealing Grievance # GRN-0317-01
 According to Ms. Jean Scott, Business Manager, Reply dated
Feb 14, 01 the mail-room sent each housing unit New Certified
postage forms with instructions not to use old forms Anymore

    I assume this memo was also forwarded to L-5 (A-H-U)
housing?   Feb 5, 2001, was the first time I used the old
forms, unaware of this policy.  Along with Sgt Grandas and
% Gattian 2 to 10 shift L-5 staff. When the mail-room
returned my legal package addressed to U.S. District Court
Feb 8, 01 informing me not to use old forms, delayed
mailing. Nor was I informed by staff not to use old forms
with staff signed cash-slip. L-5 inmates are not allowed
to read Bulletin boards, if any memo was passed out on
the issue I arrived at Green from A-T-A Jan 31, 2001 Civil deadline
                              was Feb 8, 2001

In the United States District Court
For the Middle District of Pennsylvania

James H. Williams
                    Plaintiff

        vs

Martin L. Dragovich
James J. McGrady And
Richard L. Spaide
                    Defendants

Civil No# 1:CV-01-0280

(Judge Kane)

## Certificate of Service

I, James H. Williams, Plaintiff, hereby certify that on January 22, 2002, I served a true and correct copy of the foregoing Brief in Opposition to Defendants motion to Dismiss by causing it to be deposited in the United States Mail, by service listed below:

1. office of the Clerk, U.S. District Court Middle District 228 Walnut St P.O.Box 983 Harrisburg, Pa. 17108  Two(2) Copies of Petition (by Certified Mail # 7001. 1140·0000·0185·2464)

2. Linda S. Lloyd Deputy Attorney General, office of Attorney General 15th Floor, Strawberry Square Litigation Section Harrisburg, Pa. 17120  one Copy of Petition by First class Mail.

Dated January 22, 2002

James Williams Pro se,
James H Williams AY869
S.C.I. Greene
175 Progress Drive
Waynesburg Pa 15370