ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES H. WILLIAMS, :
          Plaintiff :
                          : No. 1:CV-01-0280
v.                           : (Judge Kane)
                           :
MARTIN L. DRAGOVICH, JAMES J. :
McGRADY and RICHARD L. SPAIDE, :
          Defendants :

FILED
HARRISBURG, PA

OCT 24 2002

MARY E. D'ANDREA, CLERK
Per _____
        Deputy Clerk

### ANSWER

Defendant Richard L. Spaide ("Answering Defendant"), by his attorneys, submits this Answer to the Complaint.[1]

### FIRST DEFENSE

I.   Previous Lawsuits

    A.   Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph to be able to admit them; therefore, they are DENIED.

II.   Exhaustion of Administrative Remedies

    A.   ADMITTED.

---

[1] By Memorandum and Order dated October 10, 2002, Defendants Dragovich and McGrady were dismissed from the lawsuit. All allegations against Defendant Spaide in his official capacity were dismissed, as well as all allegations related to Defendant Spaide that occurred before February 8, 1999. In light of this Memorandum and Order, Defendant Spaide answers as follows.

  B. DENIED.

  C. DENIED.

III. Defendants

  1. Defendant Dragovich has been dismissed from the lawsuit by order dated October 10, 2002, therefore, no response is required.

  2. Defendant McGrady has been dismissed from the lawsuit by order dated October 10, 2002, therefore, no response is required.

  3. ADMITTED that at the time of the alleged incident and the filing of the Complaint, Defendant Spaide was employed as Unit Manager at SCI-Mahanoy in Frackville, PA.

IV. Statement of Claims

  1. Defendants are not required to answer the allegations in this paragraph directed at Dragovich or McGrady because these Defendants have been dismissed from this lawsuit by Order dated October 10, 2002. As to the allegations related to Defendant Spaide, it is ADMITTED Defendant Spaide was injured by Plaintiff. However, it is DENIED that Plaintiff was injured by Defendant Spaide.

  2. Defendants are not required to answer the allegations in this paragraph directed at Dragovich or McGrady because these Defendants have been

dismissed from this lawsuit by Order dated October 10, 2002. As to the allegations related to Defendant Spaide, it is DENIED that Defendant Spaide, or any other staff member, assaulted or threatened Plaintiff. By way of further information, Plaintiff assaulted Defendant Spaide. ADMITTED that criminal charges were filed against Plaintiff for this assault on Defendant Spaide.

3. Answering Defendant is not required to answer any allegations addressing alleged exposure to second hand smoke or incidents that alleged occurred on or before February 8, 1999, since those allegations against Answering Defendant were dismissed by Order dated October 10, 2002. It is DENIED that Answering Defendant threatened, assaulted or injured Plaintiff at any time, but specifically on February 8, 1999. ADMITTED that Plaintiff was given a misconduct at #A103901 for assaulting Answering Defendant.

V. Relief

1. Defendants are not required to answer the allegations in this paragraph directed at Dragovich or McGrady because these Defendants have been dismissed from this lawsuit by Order dated October 10, 2002.

2. Defendants are not required to answer the allegations in this paragraph

directed at Dragovich or McGrady because these Defendants have been dismissed from this lawsuit by Order dated October 10, 2002.

3. This paragraph contains a request for relief against Answering Defendant to which no response is required. However, to the extent they are deemed factual, the allegations are DENIED.

### SECOND DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff's claim is barred by his failure to exhaust administrative remedies.

### FOURTH DEFENSE

At no time has Answering Defendant either individually or in concert with others, deprived or sought to deprive Plaintiff of any rights, privileges or immunities secured to him by the Constitution or the laws of the United States.

### FIFTH DEFENSE

At all material time, Answering Defendant acted with a reasonable good-faith belief in the lawfulness of his action and is entitled to immunity therefore under both federal and state law.

### SIXTH DEFENSE

The Complaint is frivolous, unreasonable or groundless, warranting an award

of attorney's fees and costs in favor of Answering Defendant.

**WHEREFORE**, judgement should be entered in favor of Answering Defendant together with costs and fees.

|  |  |
|---|---|
|  | Respectfully submitted,<br>**D. MICHAEL FISHER**<br>**Attorney General**<br><br>By: *Linda S. Lloyd*<br>**LINDA S. LLOYD**<br>**Deputy Attorney General**<br>**I.D. #66720** |
| **Office of Attorney General**<br>**15th Floor, Strawberry Square**<br>**Litigation Section**<br>**Harrisburg, PA 17120**<br>**(717) 705-7327**<br><br>**Dated:** October 24, 2002 | **SUSAN J. FORNEY**<br>**Chief Deputy Attorney General**<br>**Chief, Litigation Section**<br><br>**COUNSEL FOR DEFENDANTS** |

5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES H. WILLIAMS, :
         Plaintiff :
                       : No. 1:CV-01-0280
v. : (Judge Kane)
                       :
MARTIN L. DRAGOVICH, JAMES J. :
McGRADY and RICHARD L. SPAIDE, :
         Defendants :

## CERTIFICATE OF SERVICE

I, Linda S. Lloyd, Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on October 24, 2002, I served a true and correct copy of the foregoing Answer, by causing it to be deposited in the United States Mail, first-class postage prepaid to the following:

    James H. Williams, AY-8692
    SCI Greene
    175 Progress Drive
    Waynesburg, PA  15370

                                            *(signature)*
                                            **LINDA S. LLOYD**
                                            **Deputy Attorney General**