In the United States District Court
For the Middle District of Pennsylvania

(28)

| | |
|---|---|
| James H. Williams (Plaintiff) | Civil No# 1:CV-01-0280 |
| vs | (Judge Kane) |
| Martin L. Dragovich ET AL. (Defendants) | FILED SCRANTON NOV 06 2002 PER _____ DEPUTY CLERK |

Plaintiff's Brief In Support of Motion For Reconsiderat[ion] to Dismiss Pro Se

## Statement of the Case

This is a pro se inmate's civil rights action brought pursuant to 42 U.S.C. §1983. James H. Williams ("Plaintiff") is an inmate currently housed at State Correctional Institution ("S.C.I.") Greene.

Plaintiff's complaint alleges that Martin Dragovich, James McGrady and Richard Spaide ("Defendants"), conspired against him in violation of his Eight Amendment Rights.

Plaintiff's requests compensatory and punitive damages as well as court costs and filing fees to be paid for by Defendants.

Plaintiff's also requests that the Court discipline Defendants for their action and/or inaction.

Plaintiff's filed a motion for Reconsideration which was October 21, 2002. This brief is filed in support of that motion.[1]

The incident occurred at (S.C.I.) Mahanoy.

---

[1] Above Caption documented at No# 25 was printed Oct. 16, 2002

## Statement of Material Facts

By Memorandum and order dated October 10, 2002, this Court granted Defendant Motion to Dismiss in part and denied in part. Pursuant to 42 U.S.C. 1983 two (2) year statute of limitation period.

(A) Dismissing Defendant Dragovich and McGrady

(B) Dismissing Spaide in part. environmental tobacco smoke, in disregard of policy and misconduct dated Feburary 8, 1999? (See Memorandum and order dated Oct 10, 2002 pg# 6-7)

Plaintiff alleges that Defendants' Dragovich and McGrady were deliberately indifferent to his safety when they authorized his Return to his former housing unit with Defendant Spaide on I unit. January 21, 1999. Yet, commencing civil suit February 2, 2001. In essence Plaintiff was returned to I unit Feburary 5, 1999 the incident occurred Feb 8, 99.

### I. Question Presented

In determining on Reconsideration to amend whether claims against Defendants was in fact Barred by the Applicable Limitation Period two (2) year statue.

### I. Argument

#### Statute of limitations:

The statute of limitations "begins to Run from the time when the Plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action."

Gentry vs Resolution Trust Corp., 937 F.2d 899, 919 (3d. Cir 1991) (citations omitted).

The basis of Plaintiff's action against Defendants Dragovich and McGrady is that they failed to protect Plaintiff from Defendant Spaide (Unit Manager) failed to investigate Plaintiff's

## I. Argument

- P.R.C. hearing dated December 23, 98 and January 21, 99 Report concerning the situation between Spaide and Williams.

"Deliberately with malice placed Plaintiff back into an hostile environment and situation. which Plaintiff was assaulted by Spaide with an elbow in self defense protected himself against Spaide who subsequently filed criminal charges against Plaintiff who received six to twelve years sentence running consecutive after paying criminal lawyer six thousand dollar. as well as being placed back into tobacco environment on Feburary 5, 1999.

The Courts granted Defendant motion to Dismiss Dragovich and McGrady claims based on Plaintiff's PRC Review. when it was determined that he should be Released back to J-block under Spaide's supervision. stating; Plaintiff knew or had Reason to know of Defendant's alleged deliberate indifference to his safety on or before January 21, 1999.

(see, Memorandum dated Oct 10, 2002 page #7)

When a pro se litigant is involved, the pleading requirements are even less strict. See,

E.g. Estelle vs Gamble. 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed. 2d 251 (1976), Reh'g denied. 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed. 2d 785 (1977).

Unfortunately, through out Plaintiff's complaint he never indicated that he attended any P.R.C. hearing. Plaintiff now proclaim he never attend P.R.C. hearing dated Dec 23, 98 and/or Jan 21, 99.

(See attached Exhibit "A" P.R.C. Report dated Dec and Jan)

which Plaintiff's Refused to attend especially January 21, 99. Review when Defendants authorized Plaintiffs to Return back to J block. Therefore, Plaintiff had no knowledge of their decision until two (2) weeks after January 21, 99. Feburary 4, 1999 ② a day before being Release to general population. Feb 4, 1999 was an thursday. Plaintiff was Released Friday Feb 5, 99. The incident occurred Monday Feb 8, 99.

② At (S.C.I.) Mahanoy all P.R.C. hearing are conducted on thursday. after P.R.C. Review sheets are typed Staff's signs the documents then forwards them to Superintendants office for Review and his signature thereafter. these documents are xerox then forward to the inmates. only when an inmate attend the hearing he is informed of the decision same day.

I.    Argument

As indicated in Gentry vs Resolution Trust Corp. supra statute of limitations "begins to run from the time when Plaintiffs knows or has Reason to know of the injury which is the basis for the complaint.
According to Pennsylvania Department of Correction state wide policy DC-ADM 802 dictates when an inmate threaten staff with bodily harm the policy mandate the inmate is to be place on Administrated Custody under; inmate being a threat to someone in the institution who can not be protected by alternative measure.
Plaintiff was made aware of Returning to E block Feb 4, 99 and not before. P.R.C. Review isn't appealable except being placed on A.C. status. Therefore this Complaint was timely filed under the mail box Rule which this Court dated February 2, 2001
(see Memorandum dated Oct 10, 2002 page #10)

The limitations period applies to claims and not supporting evidence; secondly, the question was not as Defendants would have it, whether the claims was time barred but rather the issue was when the action accrued. The date of being Returned Returned and date injury occurred. Thus, Plaintiffs claims are not barred by the applicable limitations period.

II.   Whether Plaintiff's cause of Complaint was based on continuing injury theory from Defendant prior action.

II.   Argument

Limitation of Actions key 55(6)

Cause of action for continuing injury accrues only when wrong terminates. The allegation are of a continuing injury ending on February 8, 1999 day of the assault and same day Plaintiff was transferred from S.C.I. Mahanoy to (S.C.I.) Coal Township (~~S.C.I.~~) as a Result of the incident.

## II    Argument

<u>Polite vs Diehl</u>, 507 F.2d 119, 122 (3d Cir. 1974)
Provides that a cause of action for a continuing injury accrues only when the wrong terminates.
See 22 Pa Law Encyclopedia § 64 (1959).
Cf. <u>Donaldson vs O'Connor</u>, 493 F.2d 507, 529 (5th Cir. 1974), vacated on other grounds, 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed. 2d 396 (1975)
<u>Fowkes vs Pa. R.R. Co</u>, 264 F.2d 397 (3d Cir. 1959)

Additionally, a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them.
<u>Markowitz vs Northeast Land Co.</u> 906 F.2d 100, 103 (3d Cir 1990)

Since the allegations of the complaint must be taken as true, it does not appear that the continuing injury Plaintiff alleges ended on or before January 21, 1999. Thus, Plaintiff's claims are not barred by the applicable limitations period.

It is additionally well-settled that <u>pro se</u> complaints should be liberally construed.
<u>Haines vs Kerner</u>, 404 U.S. 519, 520 (1972)

Plaintiff offer evidence (documents) to show that their failure to intervene was done "maliciously and/or sadistically with the very purpose of causing harm", and that these Defendants were involved in the events leading up to it. With the approval of Defendants for Plaintiff to return back to I-Block, as superintendant and Major in their supervisory capacities failed to prevent the assault deliberately indifferent to Plaintiff's personal safety violation of Eight Amendment.
Further, the Eleventh Amendment does not preclude civil rights claims for equitable relief against governmental officials in their official capacity. <u>Koslow vs Pa.</u> 302 F.3d 161, 166 (3d Cir. 2002)

Defendant are being sued in their individual capacities.
<u>Hafer vs Melo</u>, 502 U.S. 21 (1991)

## II. Argument

Finally, although Plaintiff was Removed from J block December 98 and placed in the (R-H-U) on February 5, 1999, upon Returning back to J block was once again placed into an tobacco smoke environment under continuing injury theory, as well as M.C. # A103901 assault on Staff February 8, 99.

Again, all of these events was the Results of Continuing injury theory which occurred between February 5 thru 8, 1999. Complaint being filed February 2, 2001 day Plaintiff placed mail in the hands of prison official. Because these event after Feb 2, 2001 they're not barred by the two year statute of limitations and should not have been Summarily Dismissed under Statute of limitations.

Note: As Unit Manager, Spaide assigned housing upon Return.

## Conclusion

Wherefore; for the foregoing Reasons,

Defendants Motion to Dismiss under statute Barred limitations should not have been Summarily Granted as to Defendant Dragovich and McGrady, nor Spaide in part; environmental tobacco Smoke Health Risk, and/or M.C. A103901.

Court order dated October 10, 2002 should be vacated.

In the alternative, allow Plaintiff to file Appeal before any other matter in complaint Relating to statutory Barre issue.

Defendant filing of motion to Answer dated October 24, 02 is premature.

Respectfully Submitted,
James Williams Pro Se

Date: November 1, 2002

James H. Williams AY-8692
175 Progress Drive
Waynesburg, Pa. 15370

# Exhibit A

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

DC-141 Part III
Program Review Committee
____ Misconduct Appeal     X  Periodic Review     ____ Other

| DC Number | Name | Institution | Date of Review | No. of Review |
|---|---|---|---|---|
| AY8692 | Williams, James | SCI-Mahanoy | 12/23/98 | 1 |

**INITIAL REASON FOR CONFINEMENT**

Class I Category B#3, Threatening Another Person misconduct, received on 12/7/98. As reported, Unit Manager Spaide received a threatening request slip from Williams. Williams received a sanction of 60 days DC, effective 12/8/98.

**PROGRAM REVIEW COMMITTEE'S DECISION AND ITS RATIONALE**

RHU staff report unsatisfactory conduct from Williams, who is frequently disrespectful. They also report that he continues to make threatening remarks toward Mr. Spaide. PRC notes that Williams refused to attend his PRC review today. He gave no reason for his refusal.

PRC's decision is to continue DC status and review Williams again in 30 days.

**SUPERINTENDENT'S REVIEW/APPROVAL**

*Martin L. Dragovich*
Superintendent

**DECISION RELATIVE TO HEARING EXAMINER'S VERDICT**

X  Not Applicable    ___ Sustain    ___ Amend    ___ Refer Back for Further Study
___ Exonerate

| Names of Program Review Committee | Signatures | Date |
|---|---|---|
| James E. Unell, IPM | *James E. Unell* | 12-24-98 |
| James J. McGrady, Major | *[signature]* | 12-28-98 |
| Ken Chmielewski, School Principal | *Ken Chmielewski* | 12/28/98 |

(G-5)

# COMMONWEALTH OF PENNSYLVANIA
# DEPARTMENT OF CORRECTIONS

DC-141 Part III
Program Review Committee
__ Misconduct Appeal    X Periodic Review    __ Other

| DC Number | Name | Institution | Date of Review | No. of Review |
|---|---|---|---|---|
| AY-6892 | Williams, James | SCI-Mahanoy | 1/21/99 | 2 |

**INITIAL REASON FOR CONFINEMENT**

Class I Category B#3, Threatening Another Person misconduct, received on 12/7/98. As reported, unit Manager Spaide received a threatening request slip from Williams. Williams received a sanction of 60 days DC, effective 12/8/98.

**PROGRAM REVIEW COMMITTEE'S DECISION AND ITS RATIONALE**

James Williams has refused to appear for today's 30-day review. However, his reports are significantly improved over last month's, and he is described as respectful and making good use of his time while in the RHU. The DC time expires on 2/5/99, and there is no reason why he cannot return to his former housing unit.

Upon return to his former housing unit on 2/5/99, he is encouraged to avoid further misconducts, seek out a responsible job assignment, and involve himself in programs which have been recommended by the Unit Team.

**SUPERINTENDENT'S REVIEW/APPROVAL**

*[signature]*
Superintendent

**DECISION RELATIVE TO HEARING COMMITTEE'S VERDICT**

X Not Applicable  __ Sustain  __ Amend  __ Refer Back for Further Study
__ Exonerate

| Names of Program Review Committee | Signatures | Date |
|---|---|---|
| Edward J. Klem, DSCS | *[signature]* | 1/22/99 |
| James J. McGrady, Major | *[signature]* | 1-22-99 |
| James Unell, IPM | *[signature]* | 1-22-99 |

**PRC DISPOSITION SHEET**

DATE: 01/21/99
Page 2 of 2
BY: [signature] / [signature]

PRC Committee
Deputy Klem
Major McGrady
Mr. Unell

| Number | Name | Comments |
|---|---|---|
| CT2797 | Pene | 2nd Review. Release to population, D Unit, 1/28/99, upon expiration of DC time. |
| CU9472 | Porter | 12th Review. Refused to attend. Release to population, C Unit, 2/17/99, upon expiration of DC time. |
| CV1442 | Hill | 14th Review. Reduce DC time 30 days to 3/18/99. Review in 30 days. |
| CL3033 | Hines | 2nd Review. Refused to attend. Release to population, B Unit, 2/1/99, upon expiration of DC time. |
| BM6461 | Mackey | 11th Review. Continue DC status. Review in 30 days. |
| AY6892 | Williams | 2nd Review. Refused to attend. Release to population, I Unit, 2/5/99, upon expiration of DC time. |
| BW1671 | Long | AC Hearing. Continue AC status pending transfer. |
| CD3062 | Prenez | AC Hearing. Continue AC status. |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

cc:  Supt. Dragovich
Deputy Klem
Deputy Novolney
Major Erickson
Mr. Unell
Major McGrady
Lt. Fryzel
Mr. Corbacio

Unit Managers
Shift Commander and Control
Records Supervisor - Mr. Martin
Employment Office - Mr. Wall
RHU Control Sgt.
Ms. Cerullo
Mr. Chmielewski
Mr. Yarnell

Property
Mr. Youron
Ms. Doller
Hearing Examiner
Hearing Recording Officer
Captain Michaels
Mr. Williams
File

In the United States District Court
For the Middle District of Pennsylvania

James H. Williams
    (Plaintiff)      |      Civil No# 1:CV-01-0280

vs

Dragovich, ET AL.      |      (Judge Kane)
    (Defendants)

## Certification of Service

I, James H. Williams, Pro se, hereby certify that on November 1, 2002, I'm serving a true and correct copy of the foregoing Plaintiff's Brief In Support of Motion for Reconsideration to Dismiss Pro se, by causing it to be deposited in the United States Mail, First-class postage prepaid to the following:

Linda S. Lloyd (Deputy Attorney General)
Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, Pa. 17120

Date November 1, 2002

Respectfully Submitted

James Williams

(S.C.I. Greene)