**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
NOV 12 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

JAMES H. WILLIAMS, :
        Plaintiff :
         : No. 1:CV-01-0280
v. :
         : (Judge Kane)
MARTIN L. DRAGOVICH, JAMES J. :
McGRADY and RICHARD L. SPAIDE, :
        Defendants :

### DEFENDANTS' OPPOSITION
### TO PLAINTIFF'S MOTION FOR RECONSIDERATION

### STATEMENT OF THE CASE

This is a *pro se* inmate's civil rights action brought pursuant to 42 U.S.C. §1983. James H. Williams ("Plaintiff") is an inmate currently housed at the State Correctional Institution ("SCI") Greene. The allegations in Plaintiff's complaint arose during the time Plaintiff was housed at SCI Mahanoy. Plaintiff's complaint alleged that Martin Dragovich, James McGrady and Richard Spaide ("Defendants"), conspired against him in violation of his Eighth Amendment rights. Plaintiff requested compensatory and punitive damages, as well as court costs and filing fees. Plaintiff also requested that the Court discipline Defendants for their action and/or inaction and direct Defendants to remove a misconduct from his file.

Defendants filed a Motion to Dismiss on September 21, 2001 and a brief in support of that Motion on October 3, 2001. By Order dated January 4, 2002, the

Court directed Plaintiff to file a brief in opposition to the motion to dismiss within twenty (20) days of the order. Defendants were served with Plaintiff's brief in opposition to the motion to dismiss on January 22, 2002. On October 10, 2002, the Court issued an order granting in part and denying in part Defendants' Motion to Dismiss. The Court granted the Motion as to Defendants Dragovich and McGrady, but denied the Motion as to Defendant Spaide and the alleged Eighth Amendment violation.

Plaintiff filed a Motion for Reconsideration on October 18, 2002 and a brief in support of that Motion on November 1, 2002. Defendants file this Brief in Opposition to Plaintiff's Motion for Reconsideration.

## QUESTION PRESENTED

**WHETHER THE COURT SHOULD RECONSIDER ITS DISMISSAL OF DEFENDANTS DRAGOVICH AND MCGRADY FROM THE CASE AS REQUESTED BY PLAINTIFF?**

## ARGUMENT

**PLAINTIFF'S MOTION FOR RECONSIDERATION SHOULD BE DENIED.**

Plaintiff asks that this Court reconsider its October 10, 2002 decision and order granting, in part, Defendants' Motion to Dismiss Plaintiff's Complaint. For the

following reasons, Plaintiff's motion should be denied.

The standard for determining whether to grant a motion for reconsideration is a stringent one. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. <u>Harsco Corp. V. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985), <u>cert. denied</u>, 476 U.S. 1171 (1986). Accordingly, reconsideration motions will be granted only where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. <u>Doe v. County of Centre</u>, 80 F. Supp.2d 437 (M.D.Pa. 2000). A mere disagreement with the court does not translate into a clear error of law and a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. <u>Petruzzi's Inc. v. Darling-Delaware Company, Inc.</u>, 983 F.Supp. 595 (M.D.Pa. 1997).

In the supporting brief to the motion for reconsideration, Plaintiff argues that the Court has erred in granting, in part, Defendants' Motion to Dismiss because he never attended a PRC hearing and, therefore, he did not know about the harm until after February 8th, putting the harm inside the statute of limitations period. However, Plaintiff did not allege such in his Complaint and it cannot be said that he did not know this when he prepared his complaint. Therefore, it is not new evidence not

previously available and even if true, should not be considered now.

Furthermore, intervening law has not changed nor has the Court erred as a mater of law in dismissing Defendants' Dragovich and McGrady from the suit. Plaintiff is merely attempting to reargue issues that have been presented to the Court previously because now he disagrees with the decision on those issues. Plaintiff has failed to meet his burden of show that reconsideration is appropriate in this case.

## CONCLUSION

WHEREFORE, for the foregoing reasons Plaintiff's Motion for Reconsideration should be denied.

                                                      Respectfully submitted,
                                                     D. MICHAEL FISHER
                                                     Attorney General

By: _____
      LINDA S. LLOYD
      Deputy Attorney General
      I.D. #66720

Office of Attorney General         SUSAN J. FORNEY
15th Floor, Strawberry Square    Chief Deputy Attorney General
Litigation Section                    Chief, Litigation Section
Harrisburg, PA  17120
(717) 705-7327                          COUNSEL FOR DEFENDANTS

**Dated: November 12, 2002**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES H. WILLIAMS,<br>    Plaintiff | :<br>:<br>:   No. 1:CV-01-0280 |
| v. | :<br>: |
| MARTIN L. DRAGOVICH, JAMES J.<br>McGRADY and RICHARD L. SPAIDE,<br>    Defendants | :<br>:<br>: |

### CERTIFICATE OF SERVICE

  I, Linda S. Lloyd, Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on November 12, 2002, I served a true and correct copy of the foregoing Defendants' Opposition to Plaintiff's Motion for Reconsideration, by causing it to be deposited in the United States Mail, first-class postage prepaid to the following:

  James H. Williams, AY-8692
  SCI Greene
  175 Progress Drive
  Waynesburg, PA  15370

                 *Linda S. Lloyd*
                 **LINDA S. LLOYD**
                 **Deputy Attorney General**