# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES H. WILLIAMS,        :
      Plaintiff           :
                           :
      v.                 :        CIVIL NO. 1:CV-01-280
                           :
RICHARD L. SPAIDE, et al.,    :        (Judge Kane)
      Defendants       :
                           :

## MEMORANDUM

By memorandum and order dated October 9, 2002 (Doc. 25), and filed on October 10, 2002, this Court granted the Defendants' motion to dismiss as to Defendants Martin L. Gragovich and James J. McGrady, based upon a statute of limitations analysis. Presently before this Court is the Plaintiff's motion to reconsider (Doc. 27) that order. For the reasons set forth hereinafter, the motion will be denied.

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation of manifest errors of law or fact, or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). It has also been held that a motion for reconsideration is appropriate in instances such as where the court has " . . .

misunderstood a party, or has made a decision outside the adversarial issues

presented to the court by parties, or has made an error not of reasoning, but of

apprehension." *See Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523,

527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F.

Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan*

*Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a

strong interest in the finality of judgments, motions for reconsideration should be

granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F.

Supp. 937, 943 (E.D. Pa. 1995). A mere disagreement with the Court's result does

not constitute clear error, and a motion for reconsideration is not a tool to reargue

the issues already addressed and resolved by the Court. *Petruzzi's, Inc. v. Darling-*

*Delaware Co., Inc.*, 983 F.Supp. 595, 611 (M.D.Pa. 1997).

In his motion, the Plaintiff argues that the violations complained of are

continuing, and are not barred by the applicable statute of limitations. However,

the Plaintiff claims that Defendant Dragovich failed to protect Plaintiff on signing

documents to return Plaintiff to his former housing unit, and Defendant McGrady

failed to protect Plaintiff when McGrady authorized Plaintiff's return to I-Block.

Both of these actions took place more than two years before this action was

commenced (or deemed to commence) on February 2, 2001. Ultimately, the

Petitioner has not made a showing that would warrant this Court to alter or amend

its memorandum and order of October 10, 2002 (Doc. 25).  An appropriate order

follows.


                                                   s/ Yvette Kane

                                           YVETTE KANE

                                           United States District Judge


Dated: June 13, 2003

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES H. WILLIAMS,         :
    Plaintiff             :
           :
           :
    v.              :      CIVIL NO. 1:CV-01-280
           :
RICHARD L. SPAIDE, et al.,    :      (Judge Kane)
    Defendants       :
           :

## ORDER

AND NOW, THIS 13th DAY OF June, 2003, for the reasons set forth in the attached memorandum, it is hereby ordered that the Petitioner's motion for reconsideration (Doc. 25) is **DENIED**.

                                s/ Yvette Kane
                               YVETTE KANE
                               United States District Judge