In The United States District Court For The
Middle District Court of Pennsylvania

FILED
SCRANTON
JUN 2 3 2003
/s/ _____ DEPUTY CLERK

James H. Williams
(Appellant)
vs
Martin L. Dragovich, et al
Attorney. Linda J. Lloyd
(Appeallee)

Civil Action
Docket # 01-cv-0280
42 U.S.C. 1983 Civil Complaint
Hon. Judge Yvette Kane

## Continuation of in Forma Pauperis status for Purpose of Appeal

And now, comes Appeallant/Petitioner James H. Williams. Pro-se. Respectfully Represents and states the foregoing:

1. May 9, 2001, this Court entered the order granting leave to proceed in Forma Pauperis in the above captioned.

2. That there has been no substantial change in the financial condition of the appeallant/petitioner since May 9, of 2001.

3. That the Appeallant/Petitioner is unable to pay the Fee's and cost on Appeal to the Third Circuit Court in this case.

Wherefore, Appeallant/Petitioner James Williams, Pro-se. Respectfully prays this Court grant a continuation of in Forma Pauperis status for purpose of Appeal in this case.

June 19, 2003

By James Williams
James Williams Pro-se
AY-8692  (S.C.I. Greene)
175 Progress Drive
Waynesburg, Pa. 15370

(2)

In the United States District Court For The
Middle District Court of Pennsylvania

FILED
SCRANTON
JUN 23 2003
_____ /s/ _____
DEPUTY CLERK

James H. Williams
(Appeallant)

vs

Martin L. Dragovich, et al
Attorney. Linda S. Lloyd
(Appeallee)

Civil Action
Docket # 01-CV-0280
42 U.S.C. 1983 Civil Complaint
Hon. Judge Yvette Kane

## Application to the Middle District Court for leave to Appeal in Forma Pauperis

And now, comes Appeallant/Petitioner James Williams, Pro-se, who Respectfully submits his application to the Middle District Court for leave to Appeal in Forma Pauperis for the following Reasons:

1. The petitioner is without funds to pay for the Required Fee's and costs of prosecuting his appeal in the Appellate Court due to his proverty

2. Since granting leave to proceed in Forma Pauperis status May 9, 2001 status has not changed due to his confinement, and proceeding pro-se

3. Petitioner is entitled to redress in this matter due to the fact that petitioner was clearly denied due process and District Court has clearly made an error of law. It's well settled within the Federal Courts that pro-se Complaints should be liberally construed, of which petitioner intends to present on Appeal, in addition, petitioner intends to cite this presents Court's error in dismissing two defendant from the suit under time barred

Wherefore, Petitioner, James Williams, pro-se. Respectfully prays this Court grant him leave to Appeal in Forma Pauperis to Appellate Court. Petitioner makes the aforementioned statements in compliance with 28 U.S.C. section 1746.

June 19, 2003

By. James Williams

James Williams Pro-se
AY-8692 (S.C.I. Greene)
175 Progress Drive
Waynesburg, Pa. 15370

(3)

In the United States District Court For The
Middle District Court of Pennsylvania

FILED
SCRANTON
JUN 2 3 2003
PER _____ DEPUTY CLERK

James H. Williams (Appellant)
vs
Martin L. Dragovich, et al (Appellee)

Civil Action
Docket # 01-CV-0280
42 U.S.C. 1983 Civil Complaint
Hon. Judge: Yvette Kane

Verified Statement of in Forma Pauperis

Appellant/Petitioner, James Williams, Pro-se, in the above captioned civil action states the following and in support thereof;

1. I am the Appellant/Petitioner in the above civil action and because of my financial condition, am unable to pay the fee's and cost in respect to appellate filing fee's and limited costs of reproducing records and/or briefs (one original and two copies)

2. My responses to the Question below to my ability to pay the fee's and costs of prosecuting my appeal are true and correct.
(A) Unemployed, been incarcerated for the last seventeen (17) yrs
(B) Have not rec'd any income within the past twelve (12) months from any business, self-employment, rent, social security etc.
(C) Nor own any cash, checking or saving accounts or property.
(D) Have no dependants or debts and obligations to date

3. I understand that a false statement or answer to any question in this verified statement will subject me to the penalties provided by law 18 Pa.C.S. § 4904, unsworn falsification to Authorities.

4. I state that the aforementioned facts are true and correct and based upon my personal knowledge and belief. I make this statement in compliance with 28 U.S.C. Section 1746.

June 19, 2003

Respectfully Submitted
James Williams Pro-se
James Williams AY-8692
(S.C.I. Greene)

(4)

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES H. WILLIAMS,
Plaintiff

v.     CIVIL NO. 1:CV-01-280

RICHARD L. SPAIDE, et al.,     (Judge Kane)
Defendants

## MEMORANDUM

By memorandum and order dated October 9, 2002 (Doc. 25), and filed on October 10, 2002, this Court granted the Defendants' motion to dismiss as to Defendants Martin L. Gragovich and James J. McGrady, based upon a statute of limitations analysis. Presently before this Court is the Plaintiff's motion to reconsider (Doc. 27) that order. For the reasons set forth hereinafter, the motion will be denied.

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation of manifest errors of law or fact, or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). It has also been held that a motion for reconsideration is appropriate in instances such as where the court has " . . .

misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." *See Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). A mere disagreement with the Court's result does not constitute clear error, and a motion for reconsideration is not a tool to reargue the issues already addressed and resolved by the Court. *Petruzzi's, Inc. v. Darling-Delaware Co., Inc.*, 983 F.Supp. 595, 611 (M.D.Pa. 1997).

In his motion, the Plaintiff argues that the violations complained of are continuing, and are not barred by the applicable statute of limitations. However, the Plaintiff claims that Defendant Dragovich failed to protect Plaintiff on signing documents to return Plaintiff to his former housing unit, and Defendant McGrady failed to protect Plaintiff when McGrady authorized Plaintiff's return to I-Block. Both of these actions took place more than two years before this action was commenced (or deemed to commence) on February 2, 2001. Ultimately, the

2

Petitioner has not made a showing that would warrant this Court to alter or amend its memorandum and order of October 10, 2002 (Doc. 25). An appropriate order follows.

                                                           s/ Yvette Kane
                                                 YVETTE KANE
                                                 United States District Judge

Dated: June 13, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES H. WILLIAMS,
    Plaintiff

v.

RICHARD L. SPAIDE, et al.,
    Defendants

CIVIL NO. 1:CV-01-280

(Judge Kane)

## ORDER

AND NOW, THIS 13th DAY OF June, 2003, for the reasons set forth in the attached memorandum, it is hereby ordered that the Petitioner's motion for reconsideration (Doc. 25) is **DENIED**.

                                                    s/ Yvette Kane
                                                  YVETTE KANE
                                                  United States District Judge

4

In the United States District Court For the
Middle District Court of Pennsylvania

James H. Williams
        (Petitioner)
    vs

Martin L. Dragovich, et al
Attorney Linda S. Lloyd
            (Respondants)

Civil Action

Docket 01-cv-0280

Hon Judge Yvette Kane

## Certificate of Service

I, James Williams, Plaintiff's pro-se, hereby certify that on June 19, 2003, I served a true and correct copies of the foregoing petition, Notice of Appeal, by causing it to be deposited in the United states Mail, first class postage prepaid to the following:

Office of the Clerk
U.S. District Court Middle District
P.O. Box 983, 228 Walnut St
Harrisburg, PA. 17108

Note: (Attorney Not Served by plaintiff) Pursuant to FRAP 3(d)(1) serving Notice of Appeal District CT must serve copies to party's counsel.

James Williams
James Williams
    Pro. se

To: Mary E. D'Andrea
(Clerk of Court)
U.S. District CT
Middle District
235 North Washington Ave
P.O. Box 1148
Scranton, PA. 18501-1148

June 19, 2003

RE: Williams vs Dragovich et al
                         Defendants
Civil Action # 01-CV-0280

RECEIVED
SCRANTON

JUN 23 2003

MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK

Dear; Clerk.

Enclose please find one (1) original And three (3) copies of Notice of Appeal for filing. (Appeal as of Right)

Pursuant to FRAP 3(d)(1) Rule
The district clerk must serve notice of the filing of a notice of Appeal by mailing a copy to each party's counsel of record. In this case Linda S. Lloyd (D-G-A) etc. if A party is proceeding pro-se last known address.

Therefore Deputy General Attorney Lloyd was not served by plaintiffs.

Sincerely

James Williams Pro-se
James Williams AY-8692
(S.C.I. Greene)
175 Progress Drive
Waynesburg, PA. 15370