IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES H. WILLIAMS, | : | |
| Plaintiff | : | |
| | : | No. 1:01-CV-0280 |
| v. | : | |
| | : | Judge Kane |
| RICHARD L. SPAIDE, | : | |
| Defendant | : | Electronically Filed Document |

## DECLARATION OF RICHARD L. SPAIDE

I, RICHARD L. SPAIDE, declare under the penalty of perjury in accordance with 28 U.S.C. §1746, that the following facts are true and correct based upon my personal knowledge, belief and experience and the records kept by the Department of Corrections in the ordinary course of business.

1. I am currently employed by the Department of Corrections at the State Correctional Institution at SCI-Mahanoy ("SCI-Mahanoy") as a Unit Manager.

2. During the time frame at issue in this litigation I was the I-Unit manager at SCI-Mahanoy.

3. I am familiar with the plaintiff, James Williams, (inmate #AY-8692).



4. On Monday, February 8, 1999, at approximately 0755 hours, I entered I-Unit main vestibule with inmate Crockett (inmate #DT-2992). I turned around and pushed open the B-pod door with my left shoulder as I continued a conversation with inmate Crocket who was entering A-pod. Inmate Bryant (inmate #DT-1618) was using one of the inmate telephones which are located just inside the B-pod entrance door.

5. At the time I was pushing open the door with my left shoulder I was knocked to the floor by a blow to the back of my head just behind my right ear. I initially thought that the pod door had slammed shut on me.

6. As I was getting up I was struck on the left side of my face. It was then that I realized I was being assaulted by an inmate.

7. As I stood up I was punched in the right eye by the inmate.

8. I then noticed that the assailant was inmate Williams (inmate #AY-8692), the Plaintiff in this litigation.

9. I grabbed Inmate Williams around the waist and forced him into the wall. At that time Corrections Officer Steinhilber arrived and subdued Inmate Williams until Corrections Officer Williams arrived and handcuffed Inmate Williams.

10. Inmate Williams was immediately taken to the medical department by the escorting officers.

11. I received first aide treatment at the SCI-Mahanoy dispensary and was then taken to the Pottsville Hospital for follow-up medical treatment.

12. As a result of the assault on February 8, 1999, I sustained injuries to and around my right eye.

13. I did not "elbow" Inmate Williams or come in contact with him in any other way before he hit me on the back of the head and began his assault on my person.

14. As a result of the assault, Inmate Williams was immediately transferred to SCI-Coal Township, on a temporary basis, and then he was transferred to SCI-Greene.

15. Inmate Williams received misconduct #103901 for his assaultive behavior and failure to obey an order on February 8, 1999.

16. Exhibit 2 is a true and correct copy of misconduct #103901 give to Inmate Williams.

17. Inmate Williams was found guilty of misconduct #103901 and received ninety (90) days of disciplinary confinement and was also directed to pay full restitution for all medical and other expenses incurred due to the February 8, 1999 incident.

18. Criminal charges of aggravated assault, assault by a prisoner and simple assault were brought against Inmate Williams in Schuylkill County as a result of the February 8, 1999 assault on my person.

19. Plaintiff was found guilty and sentenced to six (6) to twelve (12) years for the charges that were brought.

20. Exhibit 3 is a true and correct copy of the Court's certified order sent to the Department of Corrections for its files.

21. The Department of Corrections has in place an inmate grievance system, DC-ADM 804, through which an inmate may file a grievance complaining of staff behavior, among other issues.

22. Exhibit 4 is a true and correct copy of DC-ADM 804 in place in February 1999.

23. Inmate Williams did not file a grievance raising the issue of my alleged "assault" of him on February 8, 1999.

7-8-04
DATE

RICHARD L. SPAIDE

4