**Westlaw Attached Printing Summary Report for LLOYD,LINDA S 2922010**

| | |
|---|---|
| Date/Time of Request: | Thursday, July 22, 2004 09:58:00 Central |
| Client Identifier: | C |
| Database: | DCT |
| Citation Text: | Slip Copy |
| Lines: | 200 |
| Documents: | 1 |
| Images: | 0 |

(C) 2004. Copyright is not claimed as to any part of the original work prepared by a U.S. government officer or employee as part of that person's official duties. All rights reserved. No part of a Westlaw transmission may be copied, downloaded, stored in a retrieval system, further transmitted or otherwise reproduced, stored, disseminated, transferred or used, in any form or by any means, except as permitted in the Westlaw Subscriber Agreement, the Additional Terms Governing Internet Access to Westlaw or by West's prior written agreement. Each reproduction of any part of a Westlaw transmission must contain notice of West's copyright as follows: "Copr. (C) 2004 West, a Thomson business. No claim to orig. U.S. govt. works." Registered in U.S. Patent and Trademark Office and used herein under license: KeyCite, Westlaw and WIN. WIN Natural Language is protected by U.S. Patent Nos. 5,265,065, 5,418,948 and 5,488,725.



Slip Copy  
(Cite as: 2004 WL 963881 (E.D.Pa.))

Page 1

Only the Westlaw citation is currently available.

United States District Court,  
E.D. Pennsylvania.

John E. LONGENDORFER, III, Plaintiff,  
v.  
Lawrence ROTH, Jr., Julio Algarin, Michael P. Gordon, "Tito" Fuentes, and John Doe, Defendants.

No. Civ.A. 04-0228.

May 3, 2004.

Carol S. Stever, Collegeville, PA, for Plaintiff.

Philip W. Newcomer, Norristown, PA, for Defendants.

*MEMORANDUM*

**\*1** Plaintiff John E. Longendorfer, III ("Plaintiff") is a prisoner incarcerated at the Montgomery County Correctional Facility (the "MCCF") in Norristown, Pennsylvania. On January 20, 2004, he filed a four-count Complaint against Defendants Lawrence Roth, Jr. ("Roth"), Julio Algarin ("Algarin"), Michael P. Gordon ("Gordon"), "Tito" Fuentes ("Fuentes") and an unnamed corrections officer ("Doe") (collectively, "Defendants") principally under 42 U.S.C. § 1983, alleging Defendants violated his Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution. On February 19, 2004, Plaintiff amended his Complaint, adding a fifth count. [FN1]

> FN1. This is the ninth lawsuit Plaintiff has filed while incarcerated. *See Longendorfer v. Roth,* No. 04-0227 (E.D. Pa.); *Longendorfer v. Connel,* No. 94-7732, 1995 WL 12451 (E.D.Pa. Jan.5, 1995) (dismissing complaint as "legally frivolous"); *Longendorfer v. Casteel,* No. 92-2733, 1992 WL 114955 (E.D.Pa. May 18, 1992) ("This complaint is dismissed as frivolous."); *Longendorfer v. Roth,* No. 92-2180, 1992 WL 95919 (E.D.Pa. April 2, 1992) (same); *Longendorfer v. Roth,* No. 92-0238, 1992 WL 70581 (E.D.Pa. March 31, 1992) (same), *Longendorfer v. Camacho,* No. 91-6603, 1991 WL 236897 (E.D.Pa. Oct.31, 1991) (same); *Longendorfer v. Grooms,* No. 91-6185, 1991 WL 209739 (E.D.Pa. Oct.10, 1991) (same); *Longendorfer v. Grooms,* No. 91-1891, 1991 WL 75211 (E.D. Pa. April 29, 1991 (same).

On March 22, 2004, Defendants moved to dismiss Plaintiff's Amended Complaint with prejudice. Plaintiff has not filed a response to Defendants' Motion, and the time for responding has passed. *See* Local R. Civ. P. 7.1(c) ("Any party opposing [a] motion shall serve a brief in opposition ... within fourteen (14) days after service of the motion...."). "In the absence of a timely response, the motion may be granted as uncontested." *Id.* Accordingly, the Court grants Defendants' Motion to Dismiss as uncontested pursuant to Local Rule 7.1(c). *See McCracken v. Ford Motor Co.,* Civ. A. No. 01-4466, 2001 U.S. Dist. LEXIS 19776, at \*1 n. 1 (E.D.Pa. Nov.27, 2001) (noting that the court could, in its discretion, grant the defendant's motion to dismiss as uncontested pursuant to Local Rule 7.1(c)).

Even if Plaintiff had responded to Defendants' Motion, the Court would nevertheless dismiss his Amended Complaint. In Count One, Plaintiff alleges that his disciplinary hearings were conducted in a manner that violated his due process rights. Am. Compl. ¶ 56. "In order to establish that the state has violated an individual's right to procedural dues process, a petitioner must (1) demonstrate the existence of a protected interest in life, liberty or property that has been interfered with by the state, and then (2) establish that the procedures attendant upon that depravation were

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Slip Copy                                                                    Page 2
**(Cite as: 2004 WL 963881 (E.D.Pa.))**

constitutionally insufficient." *Rauso v. Vaughn,* No. 96-6977, 2000 WL 873285, at *6 (E.D.Pa. June 26, 2000) (citations omitted). [FN2]

> FN2. Here, the Court need not consider the sufficiency of the disciplinary hearings because, as discussed *infra,* Plaintiff has failed to allege that those hearings interfered with a protected interest in life, liberty or property.

Plaintiff contends that his disciplinary hearings deprived him of his liberty interest in obtaining parole and deprived him of his liberty interest in remaining in the general prison population, rather than disciplinary confinement. *See* Am. Compl. ¶¶ 38, 62-63. These contentions lack merit. First, Plaintiff does not have a protected liberty interest in obtaining parole. "[T]he federal Constitution, itself, does not create a legitimate claim of entitlement to parole." *Rauso,* 2000 WL 873285, at *7 (citing *Rauso v. Vaughn,* 79 F.Supp.2d 550, 551 (E.D.Pa.2000); *Board of Pardons v. Allen,* 482 U.S. 369, 373, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987); *Greenholtz v. Inmates of Ne. Penal and Corr. Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979)). "Furthermore, federal courts and Pennsylvania state courts have held that parole is not a constitutionally protected liberty interest under Pennsylvania law." *Id.* (citing *Burkett v. Love,* 89 F.3d 135, 139 (3d Cir.1996); *Rauso,* 79 F.Supp.2d at 551; *Rogers v. Pa. Bd. of Prob. And Parole,* 555 Pa. 285, 724 A.2d 319, 323 (Pa.1999)).

**\*2** Second, Plaintiff does not have a protected liberty interest in remaining in the general prison population. "The Due Process Clause of the Fourteenth Amendment does not give a prisoner a liberty interest in remaining among the general prison population." [FN3] *Id.* (citing *Sheehan v. Beyer,* 51 F.3d 1170, 1175 (3d Cir.1995). Likewise, Pennsylvania law does not give inmates in county jails a liberty interest in remaining in the jail's general population. *See Allen v. Rubincam,* No. 86-2909, 1986 WL 10549, at * 2 (E.D.Pa. Sept.10, 1986) (citing *Tyler v. Rapone,* 603 F.Supp. 268, 271 (E.D.Pa.1985)). Because Plaintiff cannot establish the existence of a constitutionally protected interest, his due process claim fails as a matter of law.

> FN3. The Fourteenth Amendment's due process clause is triggered only by those restraints which impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sadin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Applying that standard, the Third Circuit in *Griffin v. Vaughn,* held that confinement in administrative custody for a period of fifteen months without a hearing "d[oes] not deprive [a prisoner] of a liberty interest...." 112 F.3d 703, 708 (3d Cir.1997). Here, Plaintiff's disciplinary confinement of seven days was much shorter in duration.

In Count Two, Plaintiff alleges that on January 13, 2004, and on prior occasions, Fuentes verbally abused and harassed Plaintiff. Am. Compl. ¶ 67. Verbal abuse and harassment by prison guards, however, "does not rise to the level of a constitutional violation." *Wilson v. Horn,* 971 F.Supp. 943, 948 (E.D.Pa.1997), *aff'd,* 142 F.3d 430 (3d Cir.1998). "Where plaintiff has not been physically assaulted, defendant's words and gestures alone are not of constitutional merit." *Longendorfer v. Camacho,* No. 91-6603, 1991 WL 236897, at *1 (E.D.Pa. Oct.31, 1991). Consequently, Plaintiff has failed to allege a constitutional violation against Fuentes.

Plaintiff also alleges that on December 9, 2003, Doe shoved him into bars, causing severe bruising to his arms and back. Am. Compl. ¶¶ 65-66. Even assuming that Plaintiff's account is true, this incident does not rise to the level of an Eighth Amendment violation. Not every malevolent push or shove by a prison guard violates a prisoner's constitutional rights. *See Hudson v. McMillian,* 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (citing *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.1977)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9-10.

Conduct which has been held to be *de minimis* includes: (1) a prison guard slamming an inmate

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Slip Copy
(Cite as: 2004 WL 963881 (E.D.Pa.))

Page 3

into a wall for no reason, *see Acosta v. McGrady,* No. 96- 2874, 1999 WL 15841, at *8-9 (E.D.Pa. March 22, 1999); (2) a prison guard punching an inmate in the face and tackling him, *see Smith v. Hulick,* No. 97-801, 1998 WL 84019, at *3-4 (E.D.Pa. Feb.25, 1998); (3) a prison guard slamming a cell door into an inmate's chest, *see* Colon v. Wert, 1997 WL 137172, at *2 (E.D.Pa. March 21, 1997); and (4) a prison guard pulling a chair out from under inmate, causing him to fall and suffer bruises and loose teeth. *See Barber v. Grow,* 929 F.Supp. 820, 822-23 (E.D.Pa.1996). In light of the foregoing, it is apparent that the physical contact alleged here was constitutionally *de minimis* and thus does not give rise to an Eighth Amendment violation.

**\*3** In Count Three, Plaintiff alleges that "despite submitting a multitude of forms requesting a job within the prison and has not been given any justifiable reason for not being given a job." Am. Compl. ¶ 73. Plaintiff's claim is similar to the one he asserted in *Longendorfer v. Roth,* No. 92- 2180, 1992 WL 95919, at *1 (E.D.Pa. April 23, 1992) (dismissing the complaint as frivolous pursuant to 28 U.S.C. § 1915(d)). In that case, Plaintiff filed a *pro se* complaint under § 1983 against the Warden, a major and unknown persons at the MCCF, alleging that he had "not been able to get a job or complete his high school education at the [MCCF]." *Id.* The court flatly rejected Plaintiff's claim, holding that "[a]n inmate does not have a due process interest in prison employment or in educational courses." *Id.* (citing *Garza v. Miller,* 688 F.2d 480 (7th Cir.1982), *cert. denied,* 459 U.S. 1150, 103 S.Ct. 796, 74 L.Ed.2d 1000 (1983); *see also Williams v. Frame,* 821 F.Supp. 1093, 1097 (E.D.Pa.1993) (dismissing inmate's claim that he was denied employment in prison as legally frivolous because "inmates have no constitutional right to prison employment"). Therefore, any due process claim Plaintiff may make based on his constitutional right to prison employment fails as a matter of law.

In Count Four, Plaintiff alleges "certain individuals" have tampered with his mail, depriving him of his constitutional right of access to the courts. Am. Compl. ¶¶ 50, 81. [FN4] In order to maintain a claim for violation of this constitutional right, an inmate must show "actual injury." *See Lewis v. Casey,* 518 U.S. 343, 352-53, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). The deprivation of the opportunity to file an "arguable (though not yet established) claim inflicts actual injury because it deprives [the inmate] of something of value--arguable claims are settled, bought, and sold." *Id.* at 353 n. 3. Here, Plaintiff has not alleged that the problems he has experienced sending and receiving mail at the MCCF deprived him of the opportunity to file an arguably meritorious claim. Consequently, Count Four fails to state a claim for denial of access to the courts.

> FN4. Plaintiff does not specify whether those individuals are MCCF personnel or U.S. Postal Service employees. To the extent that Plaintiff's claim is premised on a right other than his right of access to the courts, Plaintiff's claim fails because he has not alleged a causal connection between his mail problems and personnel at the MCCF.

Finally, in Count Five, Plaintiff alleges that unspecified MCCF staff have carelessly handled a list bearing the social security numbers of current inmates, and that the list "is freely thrown in the trash and easily retrieved by inmates." Am. Compl. ¶¶ 89. Although Plaintiff does not alleged that his social security number has been pirated by another inmate, Plaintiff claims he has suffered "severe emotional distress" because the disposal of this list in the trash could "allow[ ] access to individual social security numbers which can then be mailed outside the prison as well as be[ ] circulated within the facility...." *Id.* at ¶ 91. Plaintiff labels the discarding of the list in the trash as "gross negligence" and an "invasion of privacy." *Id.* Plaintiff, however, cannot hold the two defendants named in Count Five, Roth and Algarin, liable for the negligent acts of their staff because there is no *respondeat superior* liability in § 1983 cases. *See Longendorfer v. Roth,* No. 92- 0238, 1992 WL 70581, at *1 (E.D.Pa. March 31, 1992), *accord, Rode v. Dellaciprete,* 845 F.2d 1195, 1207 (3d Cir.1988); *see also Longendorfer v. Connel,* No. 94-7732, 1995 WL 12451, at *1 (E.D.Pa. Jan.5, 1995) ("[P]rison officials are not subject to liability as a result of negligent acts that cause unintended injuries to inmates.") (citing *Daniels v. Williams,* 474 U.S. 327 (1986)).

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Slip Copy  
**(Cite as: 2004 WL 963881 (E.D.Pa.))**

Page 4

***4** Accordingly, Defendants' Motion is granted. An appropriate order will be entered.

2004 WL 963881 (E.D.Pa.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works