**Westlaw Attached Printing Summary Report for LLOYD,LINDA S 2922010**

| | |
|---|---|
| Date/Time of Request: | Thursday, July 22, 2004 10:02:00 Central |
| Client Identifier: | C |
| Database: | DCT |
| Citation Text: | 1998 WL 84019 |
| Lines: | 236 |
| Documents: | 1 |
| Images: | 0 |

(C) 2004. Copyright is not claimed as to any part of the original work prepared by a U.S. government officer or employee as part of that person's official duties. All rights reserved. No part of a Westlaw transmission may be copied, downloaded, stored in a retrieval system, further transmitted or otherwise reproduced, stored, disseminated, transferred or used, in any form or by any means, except as permitted in the Westlaw Subscriber Agreement, the Additional Terms Governing Internet Access to Westlaw or by West's prior written agreement. Each reproduction of any part of a Westlaw transmission must contain notice of West's copyright as follows: "Copr. (C) 2004 West, a Thomson business. No claim to orig. U.S. govt. works." Registered in U.S. Patent and Trademark Office and used herein under license: KeyCite, Westlaw and WIN. WIN Natural Language is protected by U.S. Patent Nos. 5,265,065, 5,418,948 and 5,488,725.



1998 WL 84019                                                                                                    Page 1
**(Cite as: 1998 WL 84019 (E.D.Pa.))**

Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.

Carl SMITH, Plaintiff,
v.
Warner HULICK, et al., Defendants.

**No. CIV. A. 97-801.**

Feb. 25, 1998.

MEMORANDUM

ROBRENO, J.

**\*1** Plaintiff Carl Smith filed a pro se complaint against defendant C.O.I Warner Hulick, under 42 U.S.C. § 1983, alleging that defendant violated his constitutional rights when he used excessive force against him. Plaintiff also brings a state law claim against the defendant for assault and battery. Defendant Hulick, moves for summary judgment against plaintiff pursuant to Fed.R.Civ.P. 56(c). For the following reasons, the defendant's motion is granted with respect to the plaintiff's § 1983 claim. With respect to plaintiff's state law claim, the Court will exercise its discretion, pursuant to 28 U.S.C. § 1367(c), and will decline supplemental jurisdiction. *Borough of West Mifflin v. Lancaster,* 45 F.3d 780, 788 (3d Cir.1995). [FN1]

> FN1. Plaintiff's claims against all the other defendants in this action were dismissed as legally frivolous by this Court's Order-Memorandum of February 18, 1997.

I. BACKGROUND

The facts as alleged by plaintiff through his pleadings and deposition testimony are as follows.

The plaintiff, who was an inmate at the State Correctional Institution at Graterford ("S.C.I.Graterford"), worked in the main kitchen 1 from early morning until noon time. On October 4, 1996, the plaintiff, who was not working at the time, received permission from a Lt. Marsh to leave the dining hall and go to the tray room, where he had been working earlier in the day, to retrieve a cup which he left there. In order to reach the tray room, plaintiff crossed through the kitchen corridor where ten to fifteen inmates stood in a diet line.

Defendant Hulick was assigned the task of maintaining security in the kitchen corridor area, which included the tray room. When he saw plaintiff in the kitchen corridor, defendant informed plaintiff that he was in an unauthorized area and asked him what he was doing there. Plaintiff claims that he properly identified himself and explained that Lt. Marsh gave him permission to go to the tray room. Defendant led plaintiff to a nearby desk and consulted a list to check on the identity information presented by the plaintiff. According to plaintiff, although plaintiff's name was plainly visible on the list, defendant stated that he could not find the name provided by plaintiff, and ordered plaintiff into a bathroom/enclosed area to wait while he verified the plaintiff's identity.

Plaintiff admits that he disobeyed defendant's order to enter the bathroom. Instead, he stepped back, headed in the direction of the dining hall, and announced that he was going to find Lt. Marsh. Defendant then allegedly grabbed plaintiff's shoulder, spun him around, and punched him in the face. The two fell to the ground. Smith got up and moved quickly through the security gate towards D Block. As he reached the door to D Block, defendant tackled plaintiff injuring plaintiff's shoulder.

Plaintiff was handcuffed and taken to the infirmary where he was photographed. Plaintiff claims the following injuries: a cut inside his mouth, a bloody lip, an abrasion on his left eye and elbow, and a sore shoulder. The plaintiff did not require the services of physician on the day of the incident.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

1998 WL 84019                                                                                                          Page 2
**(Cite as: 1998 WL 84019 (E.D.Pa.))**

However, six days after the incident the plaintiff's shoulder was x-rayed because he continued to complain of pain. Medical records submitted by the plaintiff reveal that his shoulder problem was diagnosed as a shoulder strain, and that he received Motrin for the pain. According to plaintiff, the pain became milder, but it took three months for the shoulder to completely heal.

II. LEGAL STANDARD

**\*2** Summary judgment is appropriate if the moving party can "show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The Court must accept the non-movant's version of the facts as true, and resolve conflicts in the non-movant's favor. *Big Apple BMW, Inc. v. BMW of North America, Inc.,* 974 F.2d 1358, 1363 (3d Cir.1992), *cert. denied,* 507 U.S. 912, 113 S.Ct. 1262, 122 L.Ed.2d 659 (1993).

The moving party bears the initial burden of demonstrating the absence of genuine issues of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the movant has done so, however, the non-moving party cannot rest on its pleadings. *See* Fed.R.Civ.P. 56(e). Rather, the non-movant must then "make a showing sufficient to establish the existence of every element essential to his case, based on the affidavits or by depositions and admissions on file." *Harter v. GAF Corp.,* 967 F.2d 846, 852 (3d Cir.1992); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

III. ANALYSIS

Plaintiff brings his claim pursuant to 42 U.S.C. § 1983 which requires the plaintiff to demonstrate that: (1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state law. *Gorman v. Township of Manalapan,* 47 F.3d 628, 633 (3d Cir.1995). Here, the plaintiff alleges that he was deprived of a federal right, namely his Eighth Amendment right to be free of cruel and unusual punishment, when defendant, who was acting under color of state law, punched him in the face, chased after him, and eventually tackled him to the ground.

The defendant does not dispute that he was acting under color of state law. The issue, therefore, is whether the force used by the defendant constitutes a violation of the plaintiff's Eighth Amendment rights. To resolve that issue the Court must analyze: (1) whether the prison official acted with a sufficiently culpable state of mind; and (2) whether the alleged wrongdoing was "sufficiently serious" to establish a constitutional violation. *Hudson v. McMillian,* 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

A. *Did Defendant Act with a Sufficiently Culpable State of Mind?*

The Eight Amendment's prohibition against cruel and unusual punishment has been interpreted by the Supreme Court as prohibiting "the unnecessary and wanton infliction of pain." *Hudson,* 503 U.S at 5 (citing *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)). The Supreme Court has held that what constitutes an "unnecessary and wanton infliction of pain" for purposes of the Eighth Amendment will depend upon the particular claim at issue. *Id.* In instances where a prison official stands accused of using excessive physical force against a prisoner, the core issue is whether the officer applied force "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the purpose of causing harm." *Id.* 503 U.S. at 6-7. In other words, "[t]he evidence must support a reliable inference [of the defendant's] wantonness in the infliction of pain." *Hill v. Kelly,* 1997 WL 638402 (E.D.Pa.1997)(quoting *Whitley v. Albers,* 475 U.S. 312, 322, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)). Factors which may aid in determining whether the force exerted was justified are: (1) the extent of the injuries suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. *Hudson,* 503 U.S. at 7.

**\*3** Applying the factors detailed above to the undisputed facts of this case, the Court finds that the

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

1998 WL 84019                                                                                                      Page 3
**(Cite as: 1998 WL 84019 (E.D.Pa.))**

pleadings, depositions, affidavits, and admissions on file do not support a reliable inference of wantonness on the part of defendant in the infliction of pain. To the contrary, the undisputed facts demonstrate that the defendant used force in a good faith effort to restore discipline.

First, the injuries suffered by the plaintiff were relatively minor. The medical records submitted by the plaintiff show that his injuries consisted of bruises and abrasions that did not require the attention of a physician. It is true that plaintiff was examined by a physician when he continued to complain of shoulder pain. However, that examination revealed the injury to be nothing more than a shoulder strain that could be treated with an over-the-counter pain medication.

Second, the need for the application of force is evident. The plaintiff admits that he disobeyed the officer's order and began to move quickly away creating the need for force. Therefore, by the plaintiff's own admission, the punch, chase, and tackle were a response to the plaintiff's disobedience or to put it another way, an attempt to restore discipline.

Third, the force used by the officer had a reasonable relationship to the need for force. Defendant attempted to prevent the plaintiff from disobeying his order and leaving the area away. Once he had stopped the defendant's escape by tackling him, he did not apply any additional force.

Finally, a threat was reasonably perceived by the defendant. The plaintiff admits that he quickly moved away from the defendant, and that in fleeing, he was passing through an area where ten to fifteen inmates were standing in a diet line. It is understandable that a disorderly prisoner who is not within the confines of a cell creates a reasonable perception of danger, especially when other unfettered prisoners are in the area. *See Henley v. Saddler,* 1996 WL 296528 at *2 (E.D.Pa. June 3, 1996).

For the foregoing reasons, the undisputed facts demonstrate that the defendant was acting in a good faith effort to restore discipline, rather than maliciously and sadistically for the purpose of causing harm.

B. *Was the Punishment Sufficiently Serious to Establish a Constitutional Violation?*

Even assuming that plaintiff has shown that the defendant acted with the requisite state of mind, plaintiff must prove that the alleged wrongdoing was "objectively harmful enough" to establish a constitutional violation. *Hudson,* 503 U.S. at 8. This objective component must be construed in light of "contemporary standards of decency." *Id.*

The Supreme Court has held that whenever a prison official "maliciously and sadistically uses force to cause harm," contemporary standards of decency are violated even if the resulting injuries are not significant. *Id.* However, that does not mean that "every malevolent touch by a prison guard gives rise to a federal action." *Id.* Nor does "every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violate[ ] a prisoner's constitutional rights". *Id.* (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.1977)). In other words, the Supreme Court has recognized that certain "de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind,' " do not rise to the level of a constitutional infringement. *Id.* at 9-10. Therefore, although the plaintiff need not establish a significant physical injury in order to prevail on his claim of use of excessive force, he must establish that his injury rises above the "de minimis level of imposition with which the Constitution is not concerned." *Ingraham v. Wright,* 403 U.S. 651, 674 (1977); *Barber v. Crow,* 929 F.Supp. 820, 823 (E.D.Pa.1996).

**\*4** For all the reasons discussed above, the uncontroverted facts demonstrate that the incident between plaintiff and defendant involved a de minimis use of force of a kind which was not "repugnant to the conscience of mankind." Incidents similar to the one under consideration have been found to be of a de minimis nature, and therefore, not cognizable as an Eighth Amendment claim. *See,e.g., Robinson v. Link,* 1994 WL 463400 (E.D.Pa. Aug.25, 1994) (allegations that prisoner was handcuffed, dragged along a corridor, and hit in the back were found to be de minimis); *Brown v. Vaughn,* 1992 WL 75008 (E.D.Pa. March 31, 1992)(allegations that guard struck inmate in the chest and spit on him found to be de minimis); *Colon v. Wert,* 958 F.Supp. 223, 1997 WL 137171

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

1998 WL 84019                                                                                                    Page 4
**(Cite as: 1998 WL 84019 (E.D.Pa.))**

(E.D.Pa. March 21, 1997)(allegation that correctional officer slammed a cell door into the prisoner's chest, aggravating a pre-existing back and neck injury, found to be de minimis).

III. CONCLUSION

In the instant case, the pleadings, depositions, affidavits, and admissions on file do not show that a material issue of fact exists as to whether: (1) defendant acted with a culpable state of mind; or (2) the defendant's alleged wrongdoing was harmful enough to establish a Constitutional violation. Accordingly, summary judgment is granted in favor of the defendant on plaintiff's claim that defendant violated § 1983.

AND NOW, this 20th day of February, 1998, upon consideration motion by defendant Warner Hulick for summary judgment (doc. no. 53), the plaintiff's response thereto, supplemental memoranda filed by defendant and plaintiff (doc. no. 79 & 80) and plaintiff's request for appointment of counsel (doc. no. 77), it is ORDERED that:

1. Plaintiff's request for appointment of counsel (doc. no. 77) is DENIED under the factors provided by *Taberon v. Grace,* 6 F.3d 147 (3d Cir.1993). The facts of the case are largely uncontested, the case is not legally complicated, and the plaintiff's filings have demonstrated his clear ability to present his case.

2. The defendant's motion for summary judgement (doc. no. 53) is GRANTED as to plaintiff's § 1983 claim.

3. JUDGMENT is entered for defendant Hulick and against the plaintiff on plaintiff's § 1983 claim for the reasons stated in the Memorandum issued by the Court this day.

4. All other claims are DISMISSED WITHOUT PREJUDICE, the Court declining to exercise supplemental jurisdiction over these state law claims.

5. All claims against all defendants having been adjudicated, this case shall be marked CLOSED.

AND IT IS SO ORDERED.

1998 WL 84019, 1998 WL 84019 (E.D.Pa.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works