**Westlaw Attached Printing Summary Report for LLOYD,LINDA S 2922010**

| | |
|---|---|
| Date/Time of Request: | Thursday, July 22, 2004 10:03:00 Central |
| Client Identifier: | C |
| Database: | DCT |
| Citation Text: | 1997 WL 137172 |
| Lines: | 129 |
| Documents: | 1 |
| Images: | 0 |

(C) 2004. Copyright is not claimed as to any part of the original work prepared by a U.S. government officer or employee as part of that person's official duties. All rights reserved. No part of a Westlaw transmission may be copied, downloaded, stored in a retrieval system, further transmitted or otherwise reproduced, stored, disseminated, transferred or used, in any form or by any means, except as permitted in the Westlaw Subscriber Agreement, the Additional Terms Governing Internet Access to Westlaw or by West's prior written agreement. Each reproduction of any part of a Westlaw transmission must contain notice of West's copyright as follows: "Copr. (C) 2004 West, a Thomson business. No claim to orig. U.S. govt. works." Registered in U.S. Patent and Trademark Office and used herein under license: KeyCite, Westlaw and WIN. WIN Natural Language is protected by U.S. Patent Nos. 5,265,065, 5,418,948 and 5,488,725.



1997 WL 137172 Page 1
**(Cite as: 1997 WL 137172 (E.D.Pa.))**

C
Only the Westlaw citation is currently available.

United States District Court,
E.D. Pennsylvania.

Heriberto COLON, Plaintiff,
v.
Officer Gerald WERT, Defendant.

**NO. 96-4494.**

March 21, 1997.

Heriberto Colon, Camp Hill, PA, Pro Se.

William J. Cassidy, Jr., Lancaster, PA, for Gerald Wert.

*MEMORANDUM*

BUCKWALTER, District Judge.

I. BACKGROUND

**\*1** Plaintiff has filed a *pro se* suit under 42 U.S.C. § 1983 alleging violations of his civil rights as well as the Eighth Amendment, while he was a prisoner at the Lancaster County Prison. He specifically alleges that the defendant, a Correctional Officer at the Prison, intentionally "slammed" his cell door into his chest, aggravating pre-existing neck and back injuries.

II. DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment will be granted "against any party who fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial." *Celotex v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In reviewing a summary judgment motion the court must resolve "all inferences, doubts and issues of credibility against the moving party." *Smith v. Pittsburgh Gage & Supply Co.,* 464 F.2d 970, 874 (3rd Cir.1972) (citing *Addickes v. Kress & Co.,* 394 U.S. 144, 158-59 (1970)).

In the present case, plaintiff claims that while an inmate at the Lancaster County Prison he was subjected to cruel and unusual punishment by the defendant. Such punishment, according to plaintiff, was in violation of his rights under the Eighth Amendment to the United States Constitution. Resolving all inferences and issues of credibility in plaintiff's favor, the use of force, which is, in this case, the subject of his claim, does not violate the Eighth Amendment's Cruel and Unusual Punishment Clause or give rise to a claim under § 1983. Thus, defendant's summary judgment motion will be granted.

Prison officials who "maliciously and sadistically" use force violate the Eighth Amendment even if the force used does not inflict serious injury. *Hudson v. McMillian,* 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). The use of force does not, however, violate the Eighth Amendment or give rise to a claim under § 1983 unless it rises above the "de minimis level of imposition with which the Constitution is not concerned." *Ingraham v. Wright,* 430 U.S. 651, 674, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977); *see also Brown v. Vaughn,* No. 91-2911, 1992 WL 75008 at \*1-2 (E.D.Pa. Mar.31, 1992); *Fuller v. Bowers,* No. 87-7316, 1989 WL 8078 (E.D.Pa. Jan.31, 1989). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Hudson,* 503 U.S. at 9 (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.), *cert. denied sub nom. John v. Johnson,* 414 U.S. 1033 (1973)).

**\*2** Conduct which has been held to fall within the

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

1997 WL 137172                                                                                                                            Page 2
**(Cite as: 1997 WL 137172 (E.D.Pa.))**

de minimis range and therefore not violative of the Eighth Amendment includes: (1) confiscating an inmates book, punching him in the chest and spitting on him, *Brown,* 1992 WL 75008 at *1; (2) intentionally pulling a chair out from underneath an inmate which caused cuts and bruises, *Barber v. Grow,* 929 F.Supp. 820, 822 (E.D.Pa.1996); and (3) pulling an inmate's hair and ears and smacking the back of his head, *Lenegan v. Althouse,* No. 87-6820 WL 55243 at *1 (E.D.Pa. May 26, 1988). While the above actions may fall short of conduct expected of a correctional officer, they do not ordinarily support an alleged constitutional violation.

The use of force in this case involves procedures in place at the Lancaster County Prison. While prisoners are having meals, their cell doors are closed for security reasons. Three calls are given to indicate meal times. After the third and final call a correctional officer goes to each cell and closes the doors. Those prisoners choosing not to eat are locked within their cells. *See generally* Pls.' Dep. As stated, the court must, on motion for summary judgment, resolve all inferences and issues of credibility in plaintiff's favor. In his deposition the plaintiff described the incident as follows:

Q.... [W]hat conduct on his part led you to believe he was angry?
A. The way he was just, just slamming people's doors without regard and without even answering themselves to anybody, just walking real fast down the block and just slamming doors without even, without even looking. Basically that is what he was doing.
Q. He wasn't looking when he was closing the doors?
A. No he was just walking as fast, fast walk, grabbing the door from behind, just slamming it and keeping, keeping going.
Q. His eyes were straight ahead?
A. Yes, sir. It was like a freight train.
...
Q. But is it possible that he was just coming down through and didn't know you were going to be there and at that last instance he saw you, isn't that possible, when he looked at you when you were there and he looked at you?
A. If he was slamming all those doors like I just described without looking, just slamming them without looking, there is a good possibility, I guess, that maybe he didn't even see me and slammed the door. I don't know when he caught me, his eyes met mine, and that was it.
Q. Could have been too late at that point in time maybe because he had already started to close it?
A. It was too late.

Pls.' Dep. 45-47.

Accepting plaintiff's account of the incident as true, defendant is nevertheless entitled to summary judgment. Plaintiff himself concedes that the defendant may not have even seen him standing in the cell door. Thus the record fails to establish that defendant was even intending to use force against the plaintiff. It merely demonstrates that he was performing his duties as a correctional officer by ensuring that the Prison's security precautions were adhered to, albeit carelessly, accepting plaintiff's version.

**\*3** Only that force which is maliciously or sadistically inflicted is actionable. *See Hudson,* 503 U.S. at 9. To give rise to a § 1983 claim the "conduct must establish more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Plaintiff has, on the record before the court, failed to establish that the slamming shut of his cell door by defendant was anything more than a de minimis use of force.

An appropriate order follows.

### *ORDER*

AND NOW, this 21st day of March, 1997, it is hereby ORDERED that defendant's Motion for Summary Judgment is GRANTED. Judgment is entered in favor of defendant, Officer Gerald Wert, and against plaintiff, Heriberto Colon.

This case may be marked CLOSED.

1997 WL 137172, 1997 WL 137172 (E.D.Pa.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works