**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES H. WILLIAMS, | : | |
| Plaintiff | : | |
| | : | No. 1:01-CV-0280 |
| v. | : | |
| | : | Judge Kane |
| RICHARD L. SPAIDE, | : | |
| Defendant | : | Electronically Filed Document |

**BREIF IN SUPPORT OF DEFENDANT SPAIDE'S MOTION FOR SUMMARY JUDGMENT**

**STATEMENT OF THE CASE**

This is a pro se inmate's civil rights action brought pursuant to 42 U.S.C. §1983. James H. Williams ("Plaintiff") is an inmate currently housed at SCI-Greene. The remaining allegations in Plaintiff's Complaint arose during the time Plaintiff was housed at the State Correctional Institution ("SCI") at Mahanoy. Plaintiff's remaining allegation alleges that Richard Spaide ("Defendant"), violated his Eighth Amendment right by the use of physical force. Plaintiff requests

compensatory and punitive damages as well as court costs and filing fees. Plaintiff also requests that the Court discipline Defendant for his action.

Defendants filed a Motion to Dismiss on September 21, 2001, which was granted in part and denied in part on October 10, 2002. The Order dismissed Defendants Dragovich and McGrady, and some claims against Defendant Spaide, but denied the motion to dismiss as to Defendant Spaide and an incident of alleged use of physical force on February 8, 1999.

Defendant Spaide filed an answer, discovery ensued and now Defendant Spaide files a motion for summary judgment addressing the remaining issue and this brief in support of that motion.

## STATEMENT OF FACTS

The facts relevant to this Motion for Summary Judgment can be found in the Statement of Material Undisputed Facts filed by Defendant Spaide in support of the Motion for Summary Judgment.

## QUESTIONS PRESENTED

   I.   **WHETHER, AS A MATTER OF LAW, DEFENDANT SPAIDE IS ENTITLED TO SUMMARY JUDGMENT?**

        A.   **Whether the undisputed evidence indicates that Defendant Spaide did not assault Plaintiff?**

        B.   **Whether, even if Plaintiff's allegations are believed, an "elbow" to Plaintiff by Defendant Spaide does not rise to the level of a violation of Plaintiff's Eighth Amendment rights?**

> C. Whether Plaintiff failed to exhaust his administrative remedies with respect to the alleged "elbowing" by Defendant Spaide?

**ARGUMENT**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Jalil v. Advel Corp., 873 F.2d 701, 706 (3d Cir. 1989), *cert. denied*, 110 S.Ct. 724 (1990). The party moving for summary judgment has the burden of demonstrating the absence of genuine issues of fact, with all reasonable inferences drawn from the record in favor of the nonmoving party. Jalil, 873 F.2d at 706; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If the nonmoving party has the burden of persuasion at trial, "the party moving for summary judgment may meet its burden of showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden of proof at trial." Jalil, 873 F.2d at 706 (emphasis added), quoting Chipollino v. Spencer Gifts, Inc., 814 F.2d 893, 896 (3d Cir.1987), *cert. dismissed*, 483 U.S. 1052 (1987). Thus, the moving party is entitled to judgment as a matter of law if the nonmoving party fails to establish the existence of a genuine issue on an essential element of his case on which he has the

3

burden of proof at trial. Radich v. Goode, 886 F.2d 1391, 1395 (3d Cir. 1989), citing Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

Applying these standards to this case, it becomes clear that Plaintiff has not established the existence of a genuine issue of fact on an essential element of his case. To the contrary, as the following arguments will show, even if Plaintiff's allegations are believed he has not met his burden of proving that Defendant Spaide violated any of Plaintiff's constitutional rights. Therefore, Defendant Spaide is entitled to summary judgment as a matter of law in his favor on the remaining issue.

    **A.**    **The undisputed evidence indicates that Defendant Spaide did not assault Plaintiff.**

At of this point in time Plaintiff has not provided any evidence, other than an unsupported allegation in the Complaint, that Defendant Spaide physically assaulted him or "elbowed" him on February 8, 1999. Defendant Spaide provides ample factual evidence that he did not elbow Plaintiff on February 8, 1999, but instead, Plaintiff assaulted Defendant Spaide which resulted in injury to Spaide, as well as a misconduct and criminal charges being brought against Plaintiff.

On February 8, 1999, Defendant Richard Spaide was the I-Unit Manager at SCI-Mahanoy and was familiar with Plaintiff Williams. (Facts at 3). On Monday, February 8, 1999, at approximately 0755 hours, Defendant Spaide

4

entered I-Unit main vestibule with inmate Crockett (inmate #DT-2992). Defendant Spaide turned around and pushed open the B-pod door with his left shoulder as he continued a conversation with inmate Crocket who was entering A-pod. Inmate Bryant (inmate #DT-1618) was using one of the inmate telephones which are located just inside the B-pod entrance door. (Facts at 4). At the time Defendant Spaide was pushing open the door with his left shoulder he was knocked to the floor by a blow to the back of his head just behind his right ear. Defendant Spaide initially thought that the pod door had slammed shut on him. (Facts at 5). As Defendant Spaide was getting up he was struck on the left side of the face. It was then that Defendant Spaide realized that he was being assaulted by an inmate. (Facts at 6). As Defendant Spaide stood up he was punched in the right eye by the inmate. (Facts at 7). Defendant Spaide then noticed that the assailant was inmate Williams (inmate #AY-8692), the Plaintiff in this litigation. (Facts at 8). Defendant Spaide grabbed Plaintiff Williams around the waist and forced him into the wall. At that time Corrections Officer Steinhilber arrived and subdued Plaintiff Williams until Corrections Officer Williams arrived and handcuffed Inmate Williams. (Facts at 9).

Plaintiff Williams was immediately taken to the medical department by the escorting officers. (Facts at 10). Defendant Spaide received first aide treatment at the SCI-Mahanoy dispensary and was then taken to the Pottsville Hospital for

5

follow-up medical treatment. (Facts at 11). As a result of the assault on February 8, 1999, Defendant Spaide sustained injuries to and around his right eye. (Facts at 12).

Defendant Spaide did not "elbow" Plaintiff Williams or come in contact with him in any other way before Plaintiff Williams hit Defendant Spaide on the back of the head and began the assault on Defendant Spaide. (Facts at 13). As a result of the assault, Plaintiff Williams was immediately transferred to SCI-Coal Township, on a temporary basis, and then he was transferred to SCI-Greene. (Facts at 14).

Plaintiff Williams received misconduct #103901 for his assaultive behavior and failure to obey an order on February 8, 1999. (Facts at 15). He was found guilty of misconduct #103901 and received ninety (90) days of disciplinary confinement and was also directed to pay full restitution for all medical and other expenses incurred due to the February 8, 1999 incident. (Facts at 16). In addition, criminal charges of aggravated assault, assault by a prisoner and simple assault were brought against Plaintiff Williams in Schuylkill County as a result of the February 8, 1999 assault on Defendant Spaide. (Facts at 17). Plaintiff was found guilty and sentenced to six (6) to twelve (12) years for the charges that were brought. (Facts at 18).

Based upon this undisputed evidence, as a matter of law, Plaintiff's remaining claim should be dismissed as there is no evidence that Defendant Spaide assaulted Plaintiff in any way, either by "elbowing" him as alleged or in any other way.

**B.  Even if Plaintiff's allegations are believed, an "elbow" to Plaintiff by Defendant Spaide does not rise to the level of a violation of Plaintiff's Eighth Amendment rights.**

Even if we were to believe Plaintiff's allegations that he was "elbowed" by Defendant Spaide on February 8, 1999, when Plaintiff was on his way to the yard (Complaint at ¶¶ C and 3), this "elbowing" does not rise to the level of an Eighth Amendment violation. Not every malevolent push and shove by a prison guard violates a prisoner's constitutional rights. Hudson v. McMillian, 503 U.S. 1, 9 (1992), citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1977). The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. Hudson, 502 U.S at 9-10.

Conduct which has been held to be *de minimis* includes a prison guard shoving an inmate into bars causing severe bruising to arms and back, see Longendorfer v. Roth, 2004 WL 963881 (E.D.Pa. 2004)(Exhibit 5); a prison guard slamming an inmate into a wall for no reason, see Acosta v. McGrady, 1999 WL

7

158471 (E.D.Pa. 1999)(Exhibit 6); a prison guard punching an inmate in the face and tackling the inmate, see Smith v. Hulick, 1998 WL 84019 (E.D.Pa. 1998)(Exhibit 7); a prison guard slamming a cell door into an inmate's chest, see Colon v. Wert, 1997 WL 137172 (E.D.Pa. 1997)(Exhibit 8); and a prison guard pulling a chair out from under an inmate, causing him to fall and suffer bruises and loose teeth, see Barber v. Grow, 929 F.Supp. 820, 822-23 (E.D.Pa. 1996).

In light of the foregoing instances of physical contact that have been found by the Court's to be *de minimus*, it is apparent that the physical contact alleged in this case, that Defendant Spaide merely "elbowed" Plaintiff as he was passing by, is also *de minimis* as a matter of law and does not give rise to an Eighth Amendment violation.  Therefore, Plaintiff's remaining claim should be dismissed for this reason.

### C. Plaintiff failed to exhaust his administrative remedies with respect to the alleged "elbowing" by Defendant Spaide.

Plaintiff has also failed to exhaust his administrative remedies with respect to the remaining assault claim.  Pursuant to the Prison Litigation Reform Act of 1995, 110 Stat. 1321 (P.L. 104-134)("PLRA"), which became law on April 26, 1996, an inmate is required to exhaust all administrative remedies prior to filing suit.  The relevant provision provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). See also <u>Porter v. Nussle</u>, 534 U.S. 516 (2002) and <u>Booth v. Churner</u>, 532 U.S. 731 (2001).

The Department maintains a prisoner grievance system which permits a prisoner to seek review of problems that he or she experiences during the course of confinement. 37 Pa. Code §93.9(a). The Department has adopted DC-ADM 804, which sets forth the Consolidated Inmate Grievance Review System. (Facts at 19). Plaintiff did not file any grievance raising the issue of Defendant Spaide's alleged assault of him on February 8, 1999. (Facts at 20). Because Plaintiff failed to exhaust his administrative remedies with respect to the alleged assault by Defendant Spaide, his claim against Defendant Spaide should now be dismissed as a matter of law.

## **CONCLUSION**

For one or all of the foregoing reasons, Defendant Spaide's Motion for Summary Judgment should be granted as a matter of law.

                                      Respectfully submitted,

                                      Gerald J. Pappert
                                      Attorney General

                            By:   *Linda S. Lloyd*
                                      LINDA S. LLOYD
                                      Deputy Attorney General
                                      I.D. #PA66720

| | |
|---|---|
| Office of Attorney General | SUSAN J. FORNEY |
| 15th Floor, Strawberry Square | Chief Deputy Attorney General |
| Litigation Section | Chief, Litigation Section |
| Harrisburg, PA  17120 | |
| (717) 705-7327 (Phone) | COUNSEL FOR |
| (717) 772-4526 (FAX) | DEFENDANT SPAIDE |
| llloyd@attorneygeneral.gov | |

Dated: July 22, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES H. WILLIAMS, | : | |
| Plaintiff | : | |
| | : | No. 1:CV-01-0280 |
| v. | : | |
| | : | Judge Kane |
| RICHARD L. SPAIDE, | : | |
| Defendants | : | Electronically Filed Document |

## CERTIFICATE OF SERVICE

I, Linda S. Lloyd, Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on July 22, 2004, I served a true and correct copy of the foregoing Brief in Support of Defendant Spaide's Motion for Summary Judgment, by causing it to be deposited in the United States Mail, first-class postage prepaid to the following:

**James H. Williams, AY-8692**
**SCI Greene**
**175 Progress Drive**
**Waynesburg, PA  15370**

*s/ Linda S. Lloyd*
LINDA S. LLOYD
Deputy Attorney General