IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES H. WILLIAMS,** | : | |
|     **Plaintiff,** | : | CIVIL NO. 1:CV-01-0280 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **RICHARD L. SPAIDE,** | : | |
|     **Defendant.** | : | |

**O R D E R**

James H. Williams, an inmate at the Mahanoy State Correctional Institution (SCI-Mahanoy) in Frackville, Pennsylvania, commenced this pro se civil rights action with a complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims that he was assaulted during a previous confinement at SCI-Mahanoy. The only remaining[1] Defendant is SCI-Mahanoy Unit Manager Richard Spaide. Presently pending are Williams' motion for preliminary injunction (Doc. 46) and Spaide's motion for summary judgment (Doc. 51). For the following reasons, Plaintiff's motion will be denied, and Plaintiff will be granted leave to respond to the summary judgment motion.

Plaintiff filed the "motion for injunction" (Doc. 46) on June 14, 2004, requesting an injunction "to have me returned back to SCI-Greene and prohibit [my return] to SCI-Mahanoy in the near future for safety reasons." (Doc. 46, p. 2). More than ten (10) days have elapsed since the motion was filed, and no supporting brief has been submitted. Under M.D.Pa.L.R. 7.5, "[w]ithin ten (10) days after the filing of any motion filed prior to trial, the party filing the same shall file an original and two (2) copies of a brief with the

---

[1] This Court previously dismissed the claims against SCI-Mahanoy Superintendent and SCI-Mahanoy Unit Manager James McGrady. See Doc. 25.

clerk and shall serve copies thereof on all parties . . . Unless otherwise ordered by the court, if supporting legal briefs are not filed within the time provided in this rule such motion shall be deemed withdrawn." Accordingly, Plaintiff's motion for injunction is deemed withdrawn and will be denied.

Defendant filed his motion for summary judgment (Doc. 51) on July 22, 2004, claiming that (1) Williams fails to set forth sufficient facts to sustain his cause of action, and (2) Williams failed to exhaust administrative remedies.  A statement of material facts (Doc. 52) and a brief in support (Doc. 53) were contemporaneously filed.  Although Plaintiff's response to the motion is now overdue, he has neither made an appropriate filing nor requested an extension of time in which to do so.  However, the certificates of service attached to Spaide's documents indicate that Williams was served at SCI-Greene, although the docket indicates that Williams is currently incarcerated at SCI-Mahanoy.  Consequently, the Court will direct service of Defendant's motion and Williams will be granted an enlargement of time in which to respond to Defendant's motion for summary judgment.

AND NOW, in accordance with the foregoing, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for injunctive relief (Doc. 46) is deemed withdrawn and therefore **DENIED**.

2. The Clerk of Court is directed to serve Plaintiff (AY-8692) with copies of Defendant's motion for summary judgment (Doc. 51), statement of material facts (Doc. 52), and brief in support (Doc. 53), as well as M.D.Pa.L.R. 7.4 and 7.6 at SCI-Mahanoy, 301 Morea Road, Frackville, Pennsylvania 17932.

3. Plaintiff shall file a brief in opposition, a response to Defendant's statement of material facts, and any evidentiary material contravening those submitted by Defendant, within

fifteen (15) days from the date of this Order, or the motion for summary judgment will be deemed unopposed and may be granted without a merits analysis. See M.D. Pa. Local Rule 7.6; Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991).[2]

        S/ Yvette Kane
        YVETTE KANE
        United States District Judge

Dated: September 30, 2004

---

[2] In opposing the motion for summary judgment, Plaintiff is advised that he is required to respond to Defendants' statement of material facts in accordance with M.D. Pa. Local Rule 7.4. Furthermore, if Plaintiff denies any of the numbered paragraphs set forth in Defendants' statement of material facts, he is required to refer the court to or provide the court with, if not already filed of record, appropriate evidentiary materials, e.g., affidavits, answers to interrogatories or depositions, that support the denial.