<u>In the United States District Court</u>
<u>For The Middle District of Pennsylvania</u>

James H. Williams
(Plaintiff)

vs

Richard L. Spaide
(Defendant)

Civil No# 1:CV-01-0280

Judge Kane

FILED
HARRISBURG, PA
DEC 23 2004
MARY E. D'ANDREA, CLERK
Per _____ KJN

<u>Plaintiff's Reply in opposition to</u>
<u>Defendants Statement of Material Facts</u>

<u>Statement of The Case</u>

This is a pro se inmate's Civil Rights action brought pursuant to 42 U.S.C § 1983. James H. Williams (Plaintiff) is an inmate currently housed at S.C.I. Greene (though Plaintiff have been temporary housed at S.C.I. Mahanoy for Court appearance).

The allegations in Plaintiff's complaint arose during the time Plaintiff's was housed at the State Correctional Institution ("S.C.I.") at Mahanoy.

Plaintiff allegation alleges that Richard Spaide (Defendant) violated his Eighth Amendment Right by the use of physical force.

Plaintiff's Requests compensatory and punitive damages as well as Court costs and filing fees.

Plaintiff's also Requests that the Court discipline Defendant for his action. on February 8, 1999

By order of this Court dated September 30, 2004 Plaintiff's Received Court order October 7, 2004 (Thursday) directing Plaintiffs to file A brief in opposition to Defendant's motion for Summary Judgment (Doc. 51) And statement of Material Facts (Doc. 52) And Brief in Support #53.

Now Plaintiffs files Brief in opposition to Defendants statements of Materials Facts. Which should be Denied.

### Statement of Facts

The Facts Relevant to this Brief is As follows:

While incarcerated Serving Twenty-five (25) to Fifty (50) yrs Sentence At (S.C.I. Mahanoy) prior to February 8, 1999 incident the Defendant did Rec'd A verbal Reprimand from his Superior Deputy Novothey when Defendant disobeyed his order to hire Plaintiffs for laundry Job housed on I-block.

Prior to Plaintiffs being Transferred to I block he was housed on Another unit. I-block was A new unit And was not yet operational for inmates between the month of October 1991(?). Plaintiffs Approached Deputy Novothey while housed on Another unit, And Asked Deputy Novothey when I-block becomes operational can he have Plaintiffs Transferred to I unit As A laundry worker (laundry Job is the highest paid Job on the unit) Deputy Novothey Assured Plaintiffs when I-block becomes operational laundry Job is his upon arriving on I-block. Deputy Novothey informed Plaintiffs that he spoke to Defendant unit manager of I block about giving one of the laundry Job to Plaintiff, everything was o.k. the Job was Plaintiffs. When Plaintiffs Arrived on I block Defendant did not hire Plaintiffs As instructed Although told to do so.

Defendant informed Plaintiffs when An opening becomes Available he would hire Plaintiffs At A later date. Defendant hired other inmates instead.

(2)

Several days later Plaintiffs seen Deputy on compound and informed him Defendant declined to hire him per his instruction. Deputy Novothey stopped and allowed Plaintiffs to explained what happen. Deputy then proceeded to I-block with Plaintiffs looking for Defendant. Upon arriving on I-block Deputy demanded to know where Defendant was at and spoke to Sgt Shaw? at Central telling him here's the inmate I wanted working in the laundry Room. As a result Defendant had to fire an inmate and hire me because this time Deputy give him direct order to hire Plaintiffs. now.

Thereafter, Defendant expressed to Plaintiffs he did not appreciate Plaintiffs going over his head to his superiors about not hiring Plaintiffs.

Thereafter, Defendant's started moving inmates who smoked into Plaintiffs cell knowing Plaintiffs was non smoker, even after filing grievance on matter, which grievance coordinator stated give Defendant more time. Defendant still decline to correct matter. (see Exhibit "A" grievance dated 9-26-98)

Plaintiffs is aware this court dismissed smoking issue based on statute of two (2) yrs limitations. Nevertheless, the matter is relevant to show extreme animosity Defendant had towards Plaintiffs prior to Feb. 1999 incident.

Defendant's Refusal to hire Plaintiffs as instructed was based on Plaintiffs prior behavior while on other blocks and justification according to Defendant.

Again Exhibit "A" is needed to establish bias and motive.

Do to Defendant's continuance offical oppression and abuse of power. while housed in L-5 (R-H-U) Plaintiffs wrote Defendant a threatening request slip with bodily harm. After Receiving additional D.C. sanction Defendant had Plaintiffs returned back to his unit under his care, custody and control. As an Result, an assault occurred and Plaintiffs was charged with assaulting Defendant.

(3)

## Plaintiff's Response in opposition to Defendant's Statements of Material Facts

1. Plaintiff's James H. Williams is an inmate housed at S.C.I. Greene. (Complaint).

   Response: Unopposed.

2. Plaintiff's Williams was housed at S.C.I. Mahanoy on February 8, 1999.

   Response: Unopposed.

3. On February 8, 1999, Defendant Richard Spaide was the 2-Unit Manager at S.C.I. Mahanoy and was familiar with Plaintiff Williams.

   Response: Unopposed.

4. On Monday, February 8, 1999, at approximately 0755 hours, Defendant Spaide entered 2-Unit main vestibule with inmate Crockett (inmate DT-2992). Defendant Spaide turned around and pushed open the B-pod door with his left shoulder as he continued a conversation with inmate Crockett who was entering A-pod. Inmate Bryant (inmate DT-1618) was using one of the inmate telephones which are located just inside the B-pod entrance door.

   Response: Objection, and opposed.

   A). On Monday, February 8, 1999, during AM yard movement near completion thereof, Defendant Spaide entered 2-Unit main vestibule while speaking with inmate in question as Defendant was backing into the pod "while" talking to inmate in question, not looking where he was walking. (See Plaintiff's Exhibit "B" statement by Defendant dated Feb 8, 99 time (1135) quote; As I was entering I/B Pod I was backing into the P.O.D. while talking to inmate Crockett.

(4)

5. At the time Defendant Spaide was pushing open the door with his left shoulder he was knocked to the floor by a blow to the back of his head just behind his right ear. Defendant Spaide initially thought that the pod door had slammed shut on him.

<u>Response</u>: objection, and opposed.

A) As Defendant was entering I/B Pod Defendant was backing into the pod while talking to inmate Crocket.
B) As Defendant was turning around something struck Defendant on the left side of his head.
C) Defendant fell to his knee and was struck on the right side of his head.
D) Initially Defendant thought the door had closed on his head.

See Plaintiff's Exhibit "B" Employee Report of extraordinary occurrence dated Feb 8, 1999 Time 1135

6. As Defendant Spaide was getting up he was struck on the left side of the face. It was then that Defendant Spaide realized that he was being assaulted by an inmate.

<u>Response</u>: objection, and opposed.

A) No where in Defendant Report dated Feb 8, 1999 which he signed, stated while he was getting up he was struck on the left side of the face.
B) Paragraph six (6) should only state:
After the 2nd punch Defendant realized that an inmate was punching him. (See Exhibit "B")

7. As Defendant Spaide stood up he was punched in the right eye by the inmate.

<u>Response</u>: objection, and opposed.

A) No where in Defendant Report dated Feb 8, 99 which he signed, stated, when he stood up he was punched in the right eye by the inmate. (See Exhibit "B")

(5)

8. Defendant Spaide then notice that the assailant was inmate Williams (inmate AY-8692), the Plaintiff in this litigation.

Response: Unopposed

9. Defendant Spaide grabbed Plaintiff Williams around the waist and force him into the wall. At that time corrections officer Steinhilber arrived and subdued Plaintiff Williams until corrections officer Williams arrived and hand cuffed inmate Williams.

Response: Unopposed

10. Plaintiff Williams was immediately taken to the medical department by the escorting officer

Response: Unopposed

11. Defendant Spaide received first aide treatment at the S.C.I.-Mahanoy dispensary and was then taken to the Pottsville Hospital for follow-up medical treatment.

Response: Unopposed

12. As a result of the assault on February 8, 1999 Defendant Spaide sustained injuries to and around his right eye.

Response: Unopposed

13. Defendant Spaide did not "elbow" Plaintiff Williams or come in contact with him in any other way before Plaintiff Williams hit Defendant Spaide on the back of the head and began the assault on Defendant Spaide.

Response: Objection, and opposed.

A). As Defendant was backing up while talking to inmate in question. As Defendant was turning around Plaintiff was going to morning yard when Defendant elbow Plaintiff, which Plaintiff immediately defended himself by hitting Defendant first in the side while Defendant was bent over to the back or side of the head Defendant failed.

(6)

13. - B)
According to Defendant Spaide own statement, as I was turning around something struck me
(See Exhibit "B" Report dated Feb 8, 1999)

As Defendant was turning around Plaintiff was elbowed by Defendant prior to assault occurring

C) Defendant Spaide did come in contact with Plaintiff before February 8, 1999 incident
On December 4, 98 while housed in R-H-U Plaintiff wrote Defendant a threatening Request slip
(See Exhibit "D" Request slip dated Dec 4, 98)

On December 7, 98 or about, Defendant approached Plaintiff while housed in R-H-U in reference to Plaintiff threatening him which Defendant wrote in Misc. # A-25751 dated Dec 7, 98. Williams would not acknowledge being the author of the Request slip
(See Exhibit "D" pg 2 Misc Report dated 12-7-98)

During this verbal confirmation with Defendant R-H-U staff reported unsatisfactory conduct from Williams, who is frequently disrespectful. They report that he continues to make threatening Remarks toward Mr. Spaide.
(See Exhibit "D" pg # 3, P.R.C. Periodic Review dated Dec 23, 98)

During this visit Defendant stated Plaintiff will be returned back to his block under his care, custody and control and placed right back in same cell when Plaintiff D.C. sanction expires. Defendant informed Plaintiff we will deal with it when he return. Referring to Plaintiff threat made against Defendant daring Defendant to place him back into same cell.
(See Exhibit "E" pg # 3. PA state Police investigative Report Transmittal Sheet dated December 20, 1999)

(7)

14. As a result of the assault, Plaintiffs Williams was immediately transferred to S.C.I. Coal Township, on a temporary basis, and then was transferred to S.C.I. Greene
Response: Unopposed.

15. Plaintiffs Williams Rec'd M.C. #103901 for his alleged assaultive behavior and failure to obey an order on February 8, 1999.
Response: Unopposed

16. Plaintiff Williams was found guilty etc.
Response: Unopposed

17. Criminal charges of aggravated assault, etc was Filed etc.
Response: Unopposed

18. Plaintiff was found guilty and sentenced to 6 to 12 yrs
Response: Unopposed

19. D.O.C has in place inmate Grievance System DC-ADM 804, which an inmate may file grievance complaining of staff behavior, among other issues.
Response: Unopposed in part, object in part
Objection: the D.O.C. have also established "Inmate Abuse Allegation Monitoring" DC-ADM-001 System.
  IV. Definitions A. "Abuse"
    Subsection (1) Conduct that is prohibited either by law or by Dept policy. Such conduct involves:
    A. use of excessive force upon an inmate:
    B. an occurrence of an unwarranted life threatening act against an inmate; and/or
    C. an articulated verbal or written threat to inflict physical injury directed toward an inmate.
  B. Abuse Allegation Monitoring.
    The procedures for collecting and reviewing information regard complaints and grievance of abuse of inmates:
    1. office of Professional Responsibility (OPR)
    (See Exhibit "I" Inmate Abuse DC-ADM-001 policy)

(8)

20. Plaintiffs Williams did not file any grievance raising the issue of Defendant Spaide's alleged "assault" of Plaintiff on February 8, 1999.

Response: objection, and opposed.

A. Plaintiff did file grievance against Defendant Spaide concerning Feb 8, 99 incident.
(see Exhibit "G" Rejected Grievance dated March 5, 99) stating, Grievance system is not used to initiate law suit.

Plaintiffs also filed complaint against Defendant Spaide with D.A office and State Police and subsequently thereafter with D.O.C. Central office and office of Professional Responsibility (OPR) (see Exhibit "J" page #1 thru 8)

"OPR" assured Plaintiffs S.C.I. Mahanoy staff was the one who conducted investigation against Defendant Spaide and other official at Mahanoy. See Exhibit J, page #5 thru #8.

The above documentation submitted by Plaintiffs is contrary to Defendant Spaide declaration under the penalty of perjury in accordance with 28 U.S.C. §1746. of not having contact with Plaintiffs before the assault and swearing Plaintiffs never filed any complaint on record against him.

21. Prior of being returned back to Defendant Spaide Unit. Plaintiffs Requested self confinement which was denied. and by Request slip filed complaint against Defendant prior to Feb 8, 99 assault with Sgt Progovich. These documents among other documents to prove my innocence was removed from my personal legal property at S.C.I. Mahanoy, to support my claim Plaintiffs was transferred from Mahanoy Feb 8, 99 yet his legal material remained at Mahanoy until March 8, 99 when an inmate is transferred his legal document always leave with him. Yet Plaintiff remained behind while staff went through it.

Date; (See Exhibit "C", pg #1-3 GRV# Mah-0067-99)
(December 13, 2004)

I, James H. Williams, AY-8692, Plaintiffs declare under the penalty of perjury in accordance with 28 U.S.C. §1746 that the above facts are true and correct based upon my personal knowledge and belief.

(9)            James Williams

In the United States District Court
For the Middle District of Pennsylvania

James H. Williams
(Plaintiff)

Civil No# 1:CV-01-0280

vs

Judge Kane

Richard L. Spaide
(Defendants)

Certificate of Service

I, James H. Williams, pro se, hereby certify that on December 13, 04 I served a true and correct copy of the foregoing Statement of Material Facts with supporting Exhibits. By causing it to be deposited in the United States mail. First-class postage prepaid to the following

(not served)
Linda J. Lloyd I.D. PA66720
Deputy Attorney General
Office of Attorney General
15th Floor, Strawberry Square
Litigation Section
Harrisburg, Pa. 17120

Office of the Clerk
U.S. District Court House
228 Walnut St P.O. Box 983
Harrisburg, Pa. 17108
Certified Mail #
7003-2260-0002 6445-6193

Respectfully Submitted
James Williams

Date December 13, 2004

James Williams
AY-8692
175 Progress Dr.
Waynesburg, Pa. 15370