In The United States District Court
For The Middle District of Pennsylvania


James H. Williams
        (Plaintiff)                    Civil No# 1:CV-01-0280

        vs

Richard L. Spaide                      Judge Kane
        (Defendant)

                                       FILED
                                       HARRISBURG, PA

                                       DEC 23 2004

        Appendix Exhibits "A thru J"   MARY E. D'ANDREA, CLERK
                                       Per _____

       For        Materials
~~For~~ Plaintiff's statement of ~~matter~~ facts, summary Judgment

        "Multiple Documents Exhibits"

"A" Exhibits, Rejected Grievance, dated Sept 26.98 --- 2 pages
"B" Exhibits, Defendant Spaide. Extraordinary Report Feb 8.99 -- 2 pg's
"C" Exhibits, Grievance "Mah-0067-99 March 8.99. legal material 3 pg's
"D" --, Threatening Request-Slip Dec 4.98 against Defendant spaide
   and Threatening M.C." A 125751. Dec 7.98 against Defendant. 7 pg's
E --  Pa. state Police investigation Report Dec 20.99 --- 3 pg's
F --  Commissary M.C." 869952 dated Nov 20.98 ---- 2 pg's
G -- Rejected Grievance March 5.99, Appeal of Grievance and
     central office Response dated April 14.99 ---- 4 pg's
H --, Criminal Violation DC-ADM-004 ----- 4 pg's
I --, Inmate Abuse, Allegation Monitoring DC-ADM 001. 5 pg's
   J --, N.A. office, state Police and OPR Response to
Plaintiffs Complaint Filed against Defendant Spaide --- 8 pg's

# Exhibit

# A

Rejected Grievance

**DC-804**
**PART 1**

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA. 17001-0598**

**OFFICIAL INMATE GRIEVANCE** (Exhibit A) GRIEVANCE NO.

| | | |
|---|---|---|
| TO: GRIEVANCE COORDINATOR<br>Mrs. C. [illegible] | INSTITUTION<br>S.C.I. Mahanoy | DATE<br>9-26-98 |
| FROM: (Commitment Name & Number)<br>James A. Williams AY-9692 | INMATE'S SIGNATURE<br>James A. Williams | |
| WORK ASSIGNMENT | QUARTERS ASSIGNMENT<br>[illegible] | |

**INSTRUCTIONS:** This Grievance is against A-B Unit Manager [illegible]

1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Brief, clear statement of grievance:

I was moved to J-B max cell and 7-23-98 from A-B block. [illegible] [illegible] filed a Grievance against A-block unit manager [illegible] missing [illegible]. She retaliated by [illegible] [illegible] [illegible] [illegible] moving me to J-B creating a [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] retaliated. I brought this matter to [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] in the cell doesn't work, and the [illegible] [illegible] and the [illegible] [illegible] [illegible] [illegible] [illegible] on the [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible]

B. Actions taken and staff you have contacted before submitting this grievance:

[illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] the unit manager [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible]

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Grievance Coordinator

Date

**WHITE**—Grievance Coordinator Copy **CANARY**—File Copy **PINK**—Action Return Copy **GOLDENROD**—Inmate Copy

COMMONWEALTH OF PENNSYLVANIA
State Correctional Institution at Mahanoy

Date: _1/28/98_

**SUBJECT:**   CONSOLIDATED INMATE
          GRIEVANCE REVIEW SYSTEM

**TO:**   *James Williams*

**FROM:**   *Carol Dotter*
          Carol M. Dotter
          Corrections Superintendent Assistant
          (Inmate Grievance Coordinator)

*Give Mr. Spade
a reasonable
amount of
time to address
your concerns
(5 days) before
filing an
official
grievance.
If the
problem is not
resolved by
Wednesday or
Thursday, then
submit the
grievance
again.*

I am returning your grievance because you have not complied with the following provision(s) of the DC-ADM 804,effective October 20, 1994, Consolidated Inmate Grievance Review System.

As per Section VI, Procedures A.1., all grievances shall be in writing and in the format provided on the forms supplied by the institution.  (DC-804 Part 1.).  Forms are available in each Housing Unit upon request from Unit Staff.

X

As per Section V.B., Informal Resolution of Problems, all inmates are expected to attempt to resolve problems or differences with staff on an informal basis through direct contact or by sending a Request Slip to appropriate staff.  It is required that a genuine effort be made to resolve the problem before the grievance system is used.

Block B must be completed, as per the instructions (#3) of the Official Inmate Grievance Form (DC-ADM 804, Part 1).

All grievances shall be presented individually.  (Section VI. A.2.).

Only an inmate who has been personally affected by a Department or institution action or policy shall be permitted to seek review of a grievance (Section VI. A.3.).

(Continued - Reverse Side)

*Write in Part B of the
grievance what day you reported the
problem to your Unit
Manager.*

grievances must be signed (Section VI A.3.)

All grievances must be presented in good faith. They shall include a brief statement of the facts relevant to the claim. The text of the grievance must be legible and presented in a courteous manner.

Grievances based upon different events should be presented separately, unless necessary to combine to support the claim.

Section VI E., Exceptions, states that any inmate grievance may be addressed to the Inmate Grievance Coordinator except issues related to the following:

1.    DC ADM 805 - Policy & Procedures for Obtaining Pre-Release Transfer.

2.    DC ADM 801 - Inmate Disciplinary and Restricted Housing Unit Procedures.  SEE DC-ADM 801 VI., G & I.

3.    DC ADM 802 - Administrative Custody Procedures

      See DC-ADM 802, VI, B, 1,2.  Appeal from Initial Review, see DC-ADM 802, VI, B, 4, a.

4.    DC-ADM 814 - Incoming Publications

      See 814-IIIB, Appeal from Initial Review, see 814-IIID.

Additionally, there may be other kinds of issues for which Initial Review Procedures have been previously established by Administrative Memorandum or Policy Statement.

Grievances related to the above issues shall be according to procedures specified in the directives listed and shall not be reviewed by the Inmate Grievance Coordinator.

Initial Reviews must be submitted within 15 calendar days after the events upon which claims are based (Section VI B.2.).

Exhibit

B

U.O.C. Employee Extraordinary Report
by Defendant Spoide Feb.8.99

DEPARTMENT OF CORRECTIONS
EMPLOYEE REPORT OF EXTRAORDINARY OCCURRENCE
(TYPE OR PRINT LEGIBLY)

Used 11-30-95

TO: Capt Shirley     TITLE: Shift Cmd     DATE 2-8-99     TIME 1155

FROM: Richard Squire     TITLE: Unit Manager     LOCATION OF OCCURRENCE: I Blk Vestibule

SIGNATURE: _____     TYPE OF OCCURRENCE: Assault by Inmate

| Inmates Involved Name and OC number | Staff Involved Name and Title | Witnesses |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

Complete Detailed Description of Incident (if force is used, include an account of events leading to a use of force, reasons for employing force):

As I was entering I/B Pod I was backing into the pod while talking to Inmate Crocket. As I was turning around something struck me on the left side of my head. I fell to my knee and was struck on the right side of my head. Initially I thought the door had closed on my head, however after the 2ND punch I realized that an inmate was punching me. After the 2ND punch I grabbed the inmate around the waist and forced him against the wall located in the front of the vestibule. At that time officer Williams and Stewhitt subdued the inmate by grabbing his arms. Officer williams then hand cuffed the inmate. He was then taken to the dispensary. The officer used minimum force to handcuff the inmate. After the 2ND punch I recognized the inmate as AY8692 Williams.

Actions Taken (in chronological order with times listed): Inmate Williams was handcuffed & taken to the dispensary. I was taken to the dispensary and rec'd initial medical treatment. I was then taken to the Pottsville Hospital where my lacerations were treated and my Rt. eye was flushed.

Description of Weapons, if any:

No weapons were used.

Description of Injuries to Staff or Inmates and Medical Attention Required, if any:

Lacerations of both ears
Lacerations on the Right eye.
Bruise on Left knee
Bruises around both eyes.

Description of Method in Which Force Was Applied by Staff and Any Security Equipment Used (baton, E.B.I.D., Cap-Stun, etc.)

I used my arms to wrap the inmate up until the officers (Williams/Steinhilber) were able to subdue Inmate Williams

# Exhibit

# C

Grievance #Mah-0067-99 &
Related documents
legal Material shipped 3-8-99

DC-804
PART II

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA 17001**

**OFFICIAL INMATE GRIEVANCE**
**INITIAL REVIEW RESPONSE**

GRIEVANCE NO.  | MAH-0067-99

| TO: (Name & DC NO.) | INSTITUTION | QUARTERS | GRIEVANCE DATE |
|---|---|---|---|
| James Williams  AY-8692 | SCI-Mahanoy | F/D  18 | 2/24/99 |

The following is a summary of my findings regarding your grievance:

This response is in regard to your grievance concerning your property.

Our records indicate that the photographs were mailed to you on February 18, 1999 and the box of legal material was shipped to you on February 23, 1999. I also managed to locate the radio and I will be shipping it to you as soon as the Business Office verifies that you have the money in your account to pay for the shipping costs. Since the radio was not in your possession at the time of your confinement to the RHU, the institution will not be responsible for the shipping cost.

This grievance is resolved.

LPM:js

cc:    Deputy Novotney
       Deputy Klem
       Mrs. Dotter
       DC-15
       file

| Refer to DC-ADM 804, Section VIII, for instructions on grievance system appeal procedures. | SIGNATURE OF GRIEVANCE COORDINATOR *L. Michalcz* Co III | DATE 3/4/99 |
|---|---|---|

**DC-135A**

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

**INMATE'S REQUEST TO STAFF MEMBER**

INSTRUCTIONS

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

| 1. TO: (NAME AND TITLE OF OFFICER) To Mrs C Dotter (Grievance Coordinator) Mahanoy | 2. DATE March 3, 99 |
|---|---|

| 3. BY: (INSTITUTIONAL NAME AND NUMBER) To James Williams AY-8692 | 4. COUNSELOR'S NAME |
|---|---|

| 5. WORK ASSIGNMENT | 6. QUARTERS ASSIGNMENT S.C.I. Greene County (F-D18) |
|---|---|

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

Subject: Grievance # MAH-0067-99 dated Feb 20.99 - Feb 24.99 as promise. Attached is a copy of my bill of sale receipt for my Radio (Radio shack priced at $46.09 a Property Personal card receipts from S.C.I. Pitt and a P.O.C. outside purchase Approval Form, from Pitt as well.

2. A copy of my request slip dated Jan 27.99 Addressed to the R-H-U Lt. requesting more legal documents from the Long term storage Area. which I never received also Attached.

P.S. I could Almost swear, I remembering seeing my Radio or a Radio that looks like mines in one of the R-H-U office's. again they said the inmate who had my Radio is currently House inside the R-H-U or D.P.O.D. H-O Cell's Basile? from Z-13 block it was taken from him during search cell

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

Mr. Williams,

Both your radio & your legal materials were mailed to you today. SCI Mahanoy will pay the shipping fees for the legal material but not for the radio because it was not in your possession at the time. Again, they were both mailed to you today. Thank you for your patence.

☐ TO DC-14 CAR ONLY          ☐ TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER  C Dotter | DATE 3/8/99 |
|---|---|

**DC-135A**

RECEIVED
MAR 30 1999
SCI GREENE
RECORDS OFFICE

**INMATE'S REQUEST TO STAFF MEMBER**

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

INSTRUCTIONS

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

| 1. TO: (NAME AND TITLE OF OFFICER) Mr. Kandy Flood (Records Supervisor office) | 2. DATE March 29.99 |
|---|---|

| 3. BY: (INSTITUTIONAL NAME AND NUMBER) James Williams AY-8692 | 4. COUNSELOR'S NAME |
|---|---|

| 5. WORK ASSIGNMENT | 6. QUARTERS ASSIGNMENT F-D18 |
|---|---|

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.   GIVE DETAILS.

If possible, could you please send me A copy of my Transfer Petition from S.C.I. Mahanoy to S.C.I. Greene Mahanoy to S.C.I. Coal-Township. I need copies of my Transfer Petition three (3) copies each please. I also need three(3) copies of my "Request slip" dated Dec 4,98 threatening Mr. Sprite. Also—
I need two(2) copies each for All my DC-15 files from Monday Feb 8,99 until Monday March 29,99 At 10¢ per page. That's Request slip, Grievance's, Medical And Misconduct Reports etc. Soon As possible please. All documents from DC-15 files from 2-8-99 to 3-29-99 Green as me being Transferred from S.C.I. Graterford??
    Attached is a signed Cash-slip for the above service. Thankyou very much. I'll await your reply. James Williams

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

Enclosed A total of 53 copies.
1st copy is 1.00, each Additional copies
Are 10¢ each Total on Cash slip Forwarded
To Inmate Accounts is 6.20.

Copies of Transfer Petition's Are not
Available To Inmates.

☐ TO DC-14 CAR ONLY                    ☐ TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER Ms. Hegenbthen RS II | DATE 3-30-99 |
|---|---|

# Exhibit

# D

Threatening Request Slip dated Dec 4.98
M.C. # A-125751 Threatening Defendant
Spaide Dec 7.98

DC-135A

one Written WARNing is All you
get. And this is it. now play yourself.
Ask one of your Ass Kisser what the difference
between an inmate And A convict..

Thats Richard L. Sprinkle A-K-A Bad-Ass.

**COMMONWEALTH OF PENNSYLVANIA**

DEPARTMENT OF CORRECTIONS

**INMATE'S REQUEST TO STAFF MEMBER**

INSTRUCTIONS

Complete Items Number 1-7. If you follow instructions in preparing
your request, it can be disposed of more promptly and intelligently.

| | |
|---|---|
| 1. TO: (NAME AND TITLE OF OFFICER) Mr. Smidic (I-Block Unit Manager) | 2. DATE Dec 4, 98 |
| 3. BY: (INSTITUTIONAL NAME AND NUMBER) James Williams AY-8692 | 4. COUNSELOR'S NAME |
| 5. WORK ASSIGNMENT | 6. QUARTERS ASSIGNMENT (I-D-202) |

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.  GIVE DETAILS.

I don't appreciate you lying on me, or treating me as though I'm some
kind of (damn) fool. I'm not one of your "nigger" boys, or your Ass
Kisser, what you should of done was read this file) Calotello how
you started playing your little Bitch Ass game with me. I don't
play with staff nor) do I allow staff to play with me. Since you
started this I'll end it. now I want to see juess how far
your ass claim to be, enough with these word games I made
mine move, now its time for you to make yours. Allow me to help
you Mr. Smidic since you're foolish enough to really believe you
can handle me. since I've been on the block you've been trying me.
now) try this. I "dare" you to place me back in 1007 cell on I-B. hah
Ass!! I'll be out Monday or Tuesday night, I'll see you first thing in the
morning so) we can "discuss" this move. I don't

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

P.S. juess like I dealt with the Deputy at Rockview
I'll deal with your Ass the same way! I'm not one
of your little nigger boy. or nobody else. now I might get misconduct I'm so mad

will be with you. now
you can deal personally
with my Attitude problem

James Williams

☐ TO DC-14 CAR ONLY                    ☐ TO DC-14 CAR AND DC-15 IRS

| | |
|---|---|
| STAFF MEMBER | DATE |

FORM DC-141    PART I    COMMONWEALTH OF PENNSYLVANIA
Rev. 6-84

☒ MISCONDUCT REPORT ☐ OTHER    DEPARTMENT OF CORRECTIONS    A 125751

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| AY8692 | Williams, James | SCI-Hon | 0800 | 12-7-98 | 12-7-98 |

| Quarters | Place of Incident |
|---|---|
| H-D-002 | H-D-002 |

## OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION** Class I / Cat B, #3 - Threatening another Person.

**STAFF MEMBER'S VERSION** On 12-7-98 I rec'd a request slip addressed to me from AY8692 Williams. The content of this request slip contained statements which could be construed as hostile and threatening toward me. The content included statements such as — "I dare you to place me back in 1007 cell on 1/B, bad ass. I'll be out Monday or Tuesday night. I'll see you first thing in the morning, so we can "discuss" this move. I don't care who be with you. Now you can deal personally with my Attitude problem. Just like I dealt with the deputy at Rockview I'll deal with your ass the same way. I'm not one of your little nigger boy." Although Williams would not acknowledge being the author of the request slip, a handwriting sample from his records was compared with the request slip, which confirmed Williams as the author.  Note: Copy of the request slip is attached.

**IMMEDIATE ACTION TAKEN AND REASON** Remain present status pending action by the Hearing Examiner

| PRE-HEARING CONFINEMENT | | |
|---|---|---|
| | IF YES | |
| ☐ YES ☒ NO | TIME N/A | DATE N/A |

FORMS GIVEN TO INMATE
☒ REQUEST FOR WITNESSES AND REPRESENTATION    ☒ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY  SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY | |
|---|---|---|---|
| Richard L. Slide | | DATE | TIME 24 HOUR BASE |
| | Capt Shipley | 12-7-98 | 2005 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | Misconduct Category | Signature of Person Serving Notice |
|---|---|---|---|
| DATE | TIME | ☒ CLASS 1  ☐ CLASS 2 | C/O Arnold |
| 12-9-98 | 0800 | | |

## NOTICE TO INMATE

You are scheduled for a hearing on this allegation on the date and the time indicated or as soon thereafter as possible. You may remain silent, if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class I misconduct, any pre-release status you have will be revoked.

**DC-141    PART II A**
Rev. 6-84.
INMATE REQUEST FOR
REPRESENTATION AND WITNESSES

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

| DC Number | Name | Institution | Date | Number as on Part I |
|---|---|---|---|---|
| AY8692 | Williams, James | SCI-Mah. | 12-7-98 | A125751 |

You have been charged with a misconduct. You may request assistance and/or witnesses to appear at your hearing by completing the section(s) below.

In order to have assistance or witnesses at your hearing, you must complete this form and present all copies to one of your housing officers no later than 9:00 a.m. the first working day after you receive notice of the misconduct.

Assistance:  ☐  I do not request assistance
             ☐  I request assistance by _____
                (The person requested must be willing to assist you)

Witnesses:   You may request witnesses in accord with DC-ADM 801. State the relevance and
             importance of the testimony the witness will give.

| If Inmate | | | DO NOT WRITE IN THIS SECTION |
|---|---|---|---|
| 1. Name of Witness | No. | Quarters | For Use by Hearing Examiner |

C/O Klatka        6 to 2 shift

**Why is this person's testimony relevant and important?**

who seen Spaide at my Door today Around
he'll testify to spaide being on
this pod at my Door. Yet he Refused
to sign H-D pod Back As though he was

Witness permitted? ✗  If not, why not?

Written

never here when he was.)

---

| If Inmate | | | |
|---|---|---|---|
| 2. Name of Witness | No. | Quarters | |

Sharp        DE-2942    H-D 24

**Why is this person's testimony relevant and important?**

while he was standing in the shower waiting
to come out he heard Along with the Rest
of the pod spaide threaten me at my Door
and while he was leaving (dont be writting this shit to me
and while he was leaving (for playing your ass right back) no matter what you do.

Witness permitted? 7/0  If not, why not?

Not Relevant to
Written Threats

---

| If Inmate | | | |
|---|---|---|---|
| 3. Name of Witness | No. | Quarters | |

**Why is this person's testimony relevant and important?**

He played me out before the Request-slip Now I played
I'm out After the Request-slip.

He played me out before the Request-slip Now I played
half the block heard Him its called
self defense for
me.

---

*James Williams*
**Inmate's Signature**

This section to be completed by Housing Officer only
Received completed form  0655  hours  12-8-98
                          Time              Date

*Co1 J. Klatka*
**Housing Officer's Signature**

*[signature]*
**Hearing Examiner's Signature**

(G-2)

*You can give the D.A. a copy of this who cares*

| DC-141  PART II C | COMMONWEALTH OF PENNSYLVANIA | | |
|---|---|---|---|
| Rev. 6-84   HEARING SUPPLEMENT INMATE VERSION AND WITNESS STATEMENTS | DEPARTMENT OF CORRECTIONS | | |
| **DC Number** | **Name** | **Institution** | **No. from PART I** |
| AY-8692 | James Williams | SCZ Ninh | A175751 |

**INMATE'S VERSION**

No plea! Yes, the Request-slip was construed to be Hostile & threatening toward Mr. Spuide I-Block Unit Manager! I told him before shit playing games with me, I tried being somewhat nice to no avail. I'm here to serve nico as to so-wha's not to harrassed boo certian staff, who doesn't approve of me past behavior at other Jails. I done what I've done. I'm not there to kiss his ass, in order for him to do his Job. enfortunately me witness Mr. Sharp, DE 7947 nalso heared part of Mr. Spuide threats toward me. Mr. Spuide Declines to sign the Block 140 billco Pad Loo which is Required to all visitor upon entering this area. I am not going to see if Do Kintha denis Mr. Spuide approaching me page with an Hostile attitude toward me, which half the Block heard. Yet, he doesn't mention anco of this, in his report? all this lis, about eveco chance hee get, he's going to make it hard on me, especially after I wrote Deputy clorotrees. he fuck-up this time, begcose half the billco heared his little threats. I'm not doing no-writting to me Deputies or the Script about him. I'm personally going to handle this one myself, what he should done was Read me Jacket. and see exactlco what I was in the billco for if I have no problem taking care of myself. I never denied writting that Request slip. I never done me actions. Now I want to see what he's made of. I got 8 years total in these billco doing 2 more years nahe's no-difforent to me. I guess love personall matters. Fuck him and the Hosse he Rode on. I don't do anco running from no-Staff. what he should of done was write me up under the PA code class 1 cat A threatening Staff not another person. one thing I like about Staff here theo don't believe shit strik until it hit's them. I don't allow Staff to Nag and harass me. Nor do I Nag and harass Staff. It not in 1999 be the year 2000 I will be released back to population all I got is five after I received this street time (new case) I'll be headed return back to Camp Hill S.M.C.I. Anco way, I'll be me third time back. Since you can't deal with me, I what actions it try? Damn you

FORM DC-141    PART II B
Rev. 6-84
DISCIPLINARY HEARING REPORT

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

| DC Number | Name | Institution | Hearing Date | Hearing Time | No. from PART I |
|---|---|---|---|---|---|
| AY8692 | Williams | SCIMAH | 12/10/98 | 1215 | A125751 |

| INMATE | ☐ Guilty | ☒ No Plea | Verdict | ☐ Guilty |
| PLEA | ☐ Not Guilty | ☐ Other | | ☐ Not Guilty |

HEARING ACTION

CHARGES  B#3

FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED

*HE Believes Staff Report and Inmate Written Version Will Support the fact he acknowledged Being the author of DC135A Part 2/4/98. HE Believes the following statements are in fact Threats to another Person — "One Written Warning is all you get and this is it" "I Dare you to Place Me back in 1007 cell I'll Be out Monday or Tuesday Night I'll See you first thing in the Morning So we Can discuss they Move — "I'll Deal w/ you like the Deputy Rockview)"*

*Sanction: 40 Days DC 12/8/98*

| | | |
|---|---|---|
| ☒ YES  ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. | DC135A - 12/4/98 |
| ☒ YES  ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. | Witness Form |
| ☐ YES  ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. | SEE APPENDICES |
| ☐ YES  ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. | Version Form |

NAME(S) OF HEARING EXAMINER/COMMITTEE
(TYPED OR PRINTED)

K. Brown

Hearing Report and all appended information must be signed. Signature indicates finished report with appendices.

SIGNATURE OF HEARING EXAMINER/COORDINATOR

(G-30)

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

DC-141 Part III
Program Review Committee
_____Misconduct Appeal        __X__ Periodic Review            _____Other

| DC Number AY8692 | Name Williams, James | Institution SCI-Mahanoy | Date of Review 12/23/98 | No. of Review 1 |
|---|---|---|---|---|

INITIAL REASON FOR CONFINEMENT

Class I Category B#3, Threatening Another Person misconduct, received on 12/7/98. As reported, Unit Manager Spaide received a threatening request slip from Williams. Williams received a sanction of 60 days DC, effective 12/8/98.

PROGRAM REVIEW COMMITTEE'S DECISION AND ITS RATIONALE

RHU staff report unsatisfactory conduct from Williams, who is frequently disrespectful. They also report that he continues to make threatening remarks toward Mr. Spaide. PRC notes that Williams refused to attend his PRC review today. He gave no reason for his refusal.

PRC's decision is to continue DC status and review Williams again in 30 days.

SUPERINTENDENT'S REVIEW/APPROVAL


_Martin L. Dragovich_____
Superintendent


DECISION RELATIVE TO HEARING EXAMINER'S VERDICT
_X_ Not Applicable    ___ Sustain    ___ Amend    ___ Refer Back for Further Study
___ Exonerate

| Names of Program Review Committee | Signatures | Date |
|---|---|---|
| James E. Unell, IPM | _James E. Unell_ | 12-24-98 |
| James J. McGrady, Major | _(signature)_ | 12-28-98 |
| Ken Chmielewski, School Principal | _Ken Chmielewski_ | 12/28/98 |

 (G-5)

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

DC-141 Part III
Program Review Committee
__Misconduct Appeal          X Periodic Review          __Other

| DC Number AY6892 | Name Williams, James | Institution SCI-Mahanoy | Date of Review 1/21/99 | No. of Review 2 |
|---|---|---|---|---|

**INITIAL REASON FOR CONFINEMENT**

Class I Category B#3, Threatening Another Person misconduct, received on 12/7/98. As reported, unit Manager Spaide received a threatening request slip from Williams. Williams received a sanction of 60 days DC, effective 12/8/98.

**PROGRAM REVIEW COMMITTEE'S DECISION AND ITS RATIONALE**

James Williams has refused to appear for today's 30-day review. However, his reports are significantly improved over last month's, and he is described as respectful and making good use of his time while in the RHU. The DC time expires on 2/5/99, and there is no reason why he cannot return to his former housing unit.

Upon return to his former housing unit on 2/5/99, he is encouraged to avoid further misconducts, seek out a responsible job assignment, and involve himself in programs which have been recommended by the Unit Team.

**SUPERINTENDENT'S REVIEW/APPROVAL**

_Martin L. Dragovich_
Superintendent

**DECISION RELATIVE TO HEARING COMMITTEE'S VERDICT**
X  Not Applicable  ___ Sustain  ___ Amend  ___ Refer Back for Further Study
___ Exonerate

| Names of Program Review Committee | Signatures | Date |
|---|---|---|
| Edward J. Klem, DSCS | E. Kl | 1/22/99 |
| James J. McGrady, Major | James J. McGrady | 1-22-99 |
| James Unell, IPM | James Unell | 1-22-99 |

# Exhibit

# E

Pa. State Police Investigation Report
dated Dec 20.99

SP 7-() 00 (7-99))

*1006*

# PENNSYLVANIA STATE POLICE

# INVESTIGATIVE REPORT TRANSMITTAL SHEET

DATE SENT: **DEC 2 0 1999**

TO:   District Attorney's Office
      Schuylkill County Courthouse
      401 North Second Street
      Pottsville, PA   17901

RE:   **James WILLIAMS**

CHARGE:   Assault by Prisoner

INCIDENT NUMBER:   L03-616775

INVESTIGATOR:   Tpr. J. SZCZECINA

      TROOP/STATION:   L / FRACKVILLE

      ADDRESS:   Pennsylvania State Police
                 297 Morea Road
                 Frackville, PA   17931-2311

      TELEPHONE NUMBER:   (570) 874-0207

      REMARKS:   RULE 325

      SENDER:   S. L. FATULA, CT3

YOU SHOULD RECEIVE *80* PAGES, INCLUDING THIS COVER SHEET, IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL THE SENDER/INVESTIGATOR.

**CONFIDENTIALITY NOTE:** The material following this cover sheet contains confidential, privileged information.  It is intended **only** for the use of the individual indicated above.  Disclosing, copying, distributing, or taking any action based on the contents of this material is strictly prohibited.

*If this material is received in error, please notify the Pennsylvania State Police at the telephone number listed above, and return it to the office address listed.*

| SP 7-0051.\ (10-96) | | REPORT TYPE | DATE(S)/DAY(S) OF INCIDENT | | INCIDENT NO. | |
|---|---|---|---|---|---|---|
| **PENNSYLVANIA STATE POLICE** | | ☒ INCIDENT | 02/08299  Mon | | L3-0616775 | |
| CONTINUATION SHEET ☒ | | TIME(S) OF INCIDENT | | JUVENILE | DOMESTIC VIOLENCE | |
| SUPPLEMENTAL INVESTIGATION REPORT ☐ | ☐ OTHER ___ | 0805 | | ☐ | ☐ | |

| ATTACHMENTS: | ☐ MISSING PERSON CHECKLIST | DISP.: ☐ CLEARED BY ARREST ☐ UNFOUNDED ☐ EXCEPTIONALLY CLEARED - DATE | |
|---|---|---|---|
| ☐ FELONY CRIMES AGAINST THE PERSON ☐ STATEMENT FORM(S) | | A ☐ DEATH OF ACTOR | D ☐ VICTIM REFUSED TO COOPERATE |
| ☐ VICTIM/WITNESS ASSISTANCE GUIDE RECEIPT ☐ RIGHTS WARNING AND WAIVER | | B ☐ PROSECUTION DECLINED | E ☐ JUVENILE/NO CUSTODY |
| ☐ PROPERTY RECORD ☐ OTHER | | C ☐ EXTRADITION DENIED | N ☐ NOT APPLICABLE ☐ MULTIPLE CLEAR-UP |

| 1. ORI/STATION | 2. DATE OF REPORT |
|---|---|
| PAPDSP5200/Frackville | 02/22/99 |

| 3. OFFENSE | 4. VICTIM |
|---|---|
| Aggravated Assault | Richard L. SPAIDE |

**5. NARRATIVE**

I arrived at S.C.I.M. on 02/08/99 at 0855 hrs and met with Capt Joseph MICHAELS, Security Office.  Capt MICHAELS provided me with the victim and suspect information and provided a brief synopsis of the incident.  Upon my arrival the victim was being transported to the Pottsville Hospital. The suspect was removed from I-B block and was being house in the Restricted House Unit.

Capt MICHAELS provided the following background related to this investigation.

✓ On or about 11/20/98 the suspect was placed in the RHU for 15 days for lying to an employee and Refusing to obey an order.  This incident involved the suspect violating the procedures of the Commissary Program.  This information is documented under Misconduct Report 969952, see attached.

✓ On 12/04/98 while in the RHU the suspect wrote a letter to the victim, via an Inmate Request to Staff Member (DC-135A).  In the letter the suspect implies he is being harassed by the victim and he threatens the victim.  The suspect wrote:"One written warning is all you get and this is it.  Now play yourself. Ask one of your ass kissers what the difference between an inmate and a convict... read my file carefully...since you started this I'll end it...I made my move now it's time for you to make yours...I dare you to place me back in 1007 cell on I-B...I'll be out Monday or Tuesday night. I'll see you first thing in the morning so we can discuss this move. P.S. juess (just) like I dealt with the Deputy at Rockview.  I'll deal with your ass the same way..."

As a result of this letter the suspect received a misconduct and received 60 more days in the RHU.  Refer to Misconduct A 125751, attached.

✓ The suspect was released from the RHU on 02/05/98 in the PM and his first contact with the victim was when this incident occurred.

Capt MICHAEL indicated the suspect did have a history of assaults against staff members.

The only physical evidence at the scene was a small drop of blood on a medal section of the wall which divides the cellblock and the lobby.  See attached photograph.

The victim's injuries were photographed by Capt MICHAELS and will be attached upon receipt.

Continued

| 6. OFFICER'S NAME/SIGNATURE/BADGE NO. | 7. INVES. RECM. | 8. SUPV. INIT./BADGE NO. | 9. ☒ CONCUR | 10. PAGE |
|---|---|---|---|---|
| 3373 | ☒ CONT. ☐ TERM. | | ☐ NONCONCUR | 3 |

**STATION**

SP 7-0051A (10-96)

**PENNSYLVANIA STATE POLICE**

CONTINUATION SHEET ☑
SUPPLEMENTAL INVESTIGATION REPORT ☐

REPORT TYPE
☑ INCIDENT
☐ OTHER _____

DATE(S)/DAY(S) OF INCID: 02/08/99  Mon

TIME(S) OF INCIDENT: 0805

INCIDENT NO.: L3-0615775

JUVENILE ☐    DOMESTIC VIOLENCE ☐

ATTACHMENTS:
☐ FELONY CRIMES AGAINST THE PERSON
☐ VICTIM/WITNESS ASSISTANCE GUIDE RECEIPT
☐ PROPERTY RECORD    ☐ OTHER
☐ MISSING PERSON CHECKLIST
☐ STATEMENT FORM(S)
☐ RIGHTS WARNING AND WAIVER

DISP.: ☐ CLEARED BY ARREST  ☐ UNFOUNDED  ☐ EXCEPTIONALLY CLEARED - DATE

A ☐ DEATH OF ACTOR          D ☐ VICTIM REFUSED TO COOPERATE
B ☐ PROSECUTION DECLINED    E ☐ JUVENILE/NO CUSTODY
C ☐ EXTRADITION DENIED      N ☐ NOT APPLICABLE    ☐ MULTIPLE CLEAR-UP

1. ORI/STATION: PAPSP5200/Frackville

2. DATE OF REPORT: 02/22/99

3. OFFENSE: Aggravated Assault

4. VICTIM: Richard L SPAIDE

5. NARRATIVE

INTERVIEW WITH VICTIM SPAIDE:

SPAIDE stated:"I was coming to the block from outside. I saw CROCKET and I asked him how he liked his job. I went to B Pod and went to the door. I was still talking to CROCKET and I was kind of backing into the Pod. The first hit was on the left side of my face. I thought it was the door that hit me. I realized I was holding the door and the second one hit me on the right side of my face. The first punch knocked me to my knees. After the second punch I realized what was going on. I saw the brown pants and I knew it was an inmate. After the second punch I grabbed him around the waist and I pulled him towards my body. I could feel him punching and hitting me. It was probably a total of four more times that he hit me. I was covered up and I don't think he could get a good shot. The CO came over and broke it up and cuffed the inmate. It was all over pretty quick, probably only fifteen seconds. I went to medical with an officer and they recommended I go to the hospital because my contact lens shattered in my eye."

I told SPAIDE the suspect was alleging that SPAIDE was harassing him. SPAIDE stated:"He was having a problem with his celly and he wanted a cell change. I wouldn't let him change because I have certain rules I go by and he wasn't eligible at this time. He also wanted to go up stairs and I usually don't put level four inmates up stairs. He went to the RHU because of a problem with his Commissary. I was told he wasn't going to the RHU by he wanted to go to the RHU. Usually if someone goes to the RHU they don't come back to the same cell, so I think that is what he thought would happen. I got the threatening request slip from him and I went and talked to him about it. He told me he wrote it and he said it was a threat. I wrote him up and he got another 60 days. I knew he was getting out of the RHU on Friday night and I had him put back in the same cell. I figured we would deal with it when he was back on the unit."

SPAIDE indicated he wasn't specifically targeting the suspect and he was only following his aforementioned procedures.

Following the interview I spoke with Capt MICHAELS. He indicated the suspect would immediately be transferred to the State Correctional Institution at Coal Township. He indicated the suspect would be transported back to S.C.I.M. for the purpose of Preliminary Arraignment and Preliminary Hearing as long a sufficient notice is provided.

C.L.E.A.N. message MYC541-74220 was transmitted to the Commisioner and Deputy Commisioner of Operations as per A.R. 9-6, 6.11, see attached copy.

Continued.

6. OFFICER'S NAME/SIGNATURE/BADGE NO.: Tpr Jeffrey J SZCZECINA 6678

7. INVES. RECM. ☑ CONT. ☐ TERM.

8. SUPV. INIT./BADGE NO.

9. ☐ CONCUR  ☐ NONCONCUR

10. PAGE 87

STATION

7

# Exhibit

# F

M.C. # 869952 Commissary incident
dated Nov 20. 98

FORM DC-141    PART I         COMMONWEALTH OF PENNSYLVANIA                    869952
Rev. 6-84                      DEPARTMENT OF CORRECTIONS
☑ MISCONDUCT REPORT ☐ OTHER

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|-----------|------|-------------|---------------------------|---------------|----------------|
| AY8692 | WILLIAMS JAMES | SCIMAH | 1050 | 11/20/98 | 11/20/98 |

| Quarters | Place of Incident |
|----------|-------------------|
| I/13 7 | COMMISSARY |

## OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)

| DC Number | Name | I | W | DC Number | Name | I | W |
|-----------|------|---|---|-----------|------|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION** CLASS I CATEGORY B #26 Lying To An Employee
CLASS I CATEGORY B #7 Refusing To Obey An Order

**STAFF MEMBER'S VERSION** INMATE WILLIAMS AY8692 ATTEMPTED TO
RECIEVE COMMISSARY BY PUTTING HIS OWN MONEY AMOUNT
ON THE TOP RIGHT OF HIS COMMISSARY ORDER SHEET. HE KNOWS
THIS IS NOT ALLOWED. THE COMMISSARY OFFICER IS TO PUT THE
MONEY AMOUNT ON THE COMMISSARY ORDER SHEET. THIS IS THE
SECOND MISCONDUCT WRITTEN ON INMATE WILLIAMS FOR doing
THE EXACT SAME THING. INMATE WILLIAMS WAS ORDERED NOT
Tha PUT HIS OWN MONEY AMOUNT ON HIS COMMISSARY SHEET

**IMMEDIATE ACTION TAKEN AND REASON** Remain present status
pending action by
the Hearing Examiner

| PRE-HEARING CONFINEMENT | | |
|-------------------------|---|---|

### IF YES

| | TIME | DATE |
|---|------|------|
| ☐ YES | N/A | N/A |
| ☒ NO | | |

FORMS GIVEN TO INMATE
☑ REQUEST FOR WITNESSES AND REPRESENTATION    ☑ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY    SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY | |
|---|---|---|---|
| David J Bodnar | Capt. Shipley | DATE | TIME 24 HOUR BASE |
| COMMISSARY MANAGER II | | 11-20-98 | 1410 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | Misconduct Category | Signature of Person Serving Notice |
|---|---|---|---|
| DATE | TIME | ☑ CLASS 1  ☐ CLASS 2 | Greg B |
| 11-22-98 | 0800 | | |

### NOTICE TO INMATE

You are scheduled for a hearing on this allegation on the date and the time indicated or as soon thereafter as possible. You may remain silent, if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class I misconduct, any pre-release status you have will be revoked.

DC-141     PART II B          COMMONWEALTH OF PENNSYLVANIA
Rev. 6-84                           DEPARTMENT OF CORRECTIONS
DISCIPLINARY HEARING REPORT

| DC Number | Name | Institution | Hearing Date | Hearing Time | No. from Part I |
|-----------|------|-------------|--------------|--------------|-----------------|
| 248692 | Williams, James | SCI-MA 4 | 11-24-98 | 4:23 | 869952 |

| INMATE PLEA | ☐ Guilty  ☑ Not Guilty | ☑ No Plea  ☐ Other | Verdict | ☑ Guilty  ☐ Not Guilty |
|---|---|---|---|---|

HEARING ACTION

CHARGES  B# 7
         D# 2L

FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED

No witness form submitted

Williams pleads not guilty of both charges, and does not submit a written version

Williams said, "I would like to plead guilty of both charges." X James Williams

H.E. accepts inmate Williams guilty Pleas.

Sanction
15 days D.C. Status
effective 11-24-98

| | | |
|---|---|---|
| ☑ YES  ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. | |
| ☑ YES  ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. | SEE APPENDICES |
| ☑ YES  ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. | ☐ |
| ☑ YES  ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. | |

NAME(S) OF HEARING EXAMINER/COMMITTEE
(TYPED OR PRINTED)

Hearing Report and all appended information must be signed. Signature indicates finished report with appendices.

D. J. Jones

SIGNATURE OF HEARING EXAMINER/ COORDINATOR

WHITE—D.C. 15     YELLOW—Inmate Given     PINK—Staff Member Reporting Misconduct     GOLDENROD—Deputy Superintendent

# Exhibit

# G

Rejected Grievance dated March 5, 99
Appeal of Rejected Grievance and
Central office Response dated April 14, 99

Commonwealth of Pennsylvania
Department of Corrections
SCI Mahanoy

March 5, 1999

Subject:    Returned Grievance

To:         James Williams, AY8692
            SCI Greene

From:       Carol M. Dotter
            Corrections Superintendent
                Assistant

I am returning this grievance because the grievance system is not used for initiating civil complaints.  You may contact your attorney, or obtain further advice from the library. However, the grievance system cannot be used to process such a complaint.

cc:    File

(page 1 of 2)



COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P. O. BOX 598
CAMP HILL, PENNSYLVANIA 17001-0598

OFFICE OF THE
SECRETARY OF CORRECTIONS

April 14, 1999

James Williams
AY-8692
SCI Greensburg

Dear Mr. Williams:

Your letter has been reviewed.  This situation has been fully explained to you by both your counselor and your Unit Manager.  You were brought back inside the institution until they can obtain an official version of your crime to determine what really happened.  Once they receive this information, they will make a determination regarding your outside clearance.  You will need to be patient until they receive the official version from Philadelphia.

If you have any further questions, please contact your counselor or Unit Manager.

Sincerely,

Kathleen Zwierzyna
Assistant to Deputy Secretary
Western Region

KZ/MAP

C:    Superintendent English
      Central File
      File

# Exhibit

# H

Criminal Violations DC-ADM-004



| POLICY STATEMENT | |
| --- | --- |
| **Commonwealth of Pennsylvania • Department of Corrections** | |

| Policy Subject: | Policy Number: |
| --- | --- |
| **Criminal Violations** | **DC ADM 004** |

| Date of Issue: | Authority: | Effective Date: |
| --- | --- | --- |
| June 4, 1999 | MARTIN F. HORN | August 4, 1999 |

## I. AUTHORITY

The Authority of the Secretary of Corrections to direct the operation of the Department of Corrections is established by Sections 201, 206, 506, and 901-B of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, No. 175, as amended.

## II. PURPOSE

It is the purpose of this policy to ensure that all alleged criminal acts committed by or to inmates are processed, investigated, referred to the appropriate law enforcement authority and disposed of, by prosecution and/or administrative action.

## III. APPLICABILITY

This policy is applicable to all employees and inmates in all facilities under the jurisdiction of the Department of Corrections.

## IV. DEFINITIONS

### A. Administrative Custody

A status of confinement for non-disciplinary reasons which provides closer supervision, control, and protection than is provided in general population.

### B. Department

Pennsylvania Department of Corrections.

### C. Liaison

Communication between different units or groups of an organization.

### D. OPR

Office of Professional Responsibility.

### E. Program Review Committee (P.R.C.)

A committee consisting of three (3) staff members that conducts Administrative Custody Hearings, periodic reviews, makes decisions regarding continued confinement in the Restricted Housing Unit (RHU) and/or Special Management Unit (SMU), and hears all first level appeals of misconducts. The committee shall consist of one staff member from each of the following classifications: Deputy Superintendent, who shall serve as the chairperson, Inmate Program Manager, Unit Manager, School Principal, Drug and Alcohol Treatment Specialist Supervisor, or Inmate Records Officer Supervisor and a Commissioned Officer. The Superintendent may designate other staff as committee members, however, if such designations are made, they must be in writing and the Superintendent must maintain a list of all designees. Whenever a P.R.C. is convened, at least one (1) member of the committee must be a staff member who is not directly involved in the administration of the RHU/SMU in which the inmate is currently housed.

### F. PSP

The Pennsylvania State Police.

## V.  POLICY

It is the policy of the Department to ensure that all alleged criminal acts by inmates and employees are processed, investigated, and disposed of, by prosecution and/or administrative action.[1]

## VI.  PROCEDURES

### A. Criminal Complaints By Inmates

1.  Each inmate shall be informed, upon reception, and otherwise by notice in the Inmate Handbook of his/her right to make a criminal complaint for any criminal act, threatened or committed against him/her by anyone.

2.  Any employee receiving an inmate complaint of the type contemplated by this directive shall notify immediately the senior officer then in charge of the facility concerning the nature of the complaint, and confirm the same in writing.

3.  No inmate shall be disciplined for making a good faith criminal complaint. The inmate's custody status shall not be affected unless the inmate requests placement in self-confinement for protective custody or a senior officer determines, after preliminary evaluation, that self-confinement is necessary to protect the inmate or maintain the security of the facility pending investigation. When it is determined that protective measures are necessary, the shift commander shall take appropriate action.

4.  Any inmate who makes a criminal complaint which, upon investigation, is determined to be false, may be prosecuted and shall be subject to discipline.

---

[1] 3-4219, 3-ACRS-3C-03, 1-ABC-3C-03

5. Inmate contact with District Attorney

   a. If after investigation of an inmate complaint by the PSP or facility authorities, it is determined that a prosecution will not be instituted by either the PSP or the facility authorities, the inmate-complainant shall be notified in accordance with established facility procedure of (1) the determination not to prosecute; (2) the reasons for the determination; and (3) of his/her right to communicate with the District Attorney to investigate the complaint further.

   b. Whenever an inmate exercises his/her right to communicate with the District Attorney or PSP, the facility shall promptly forward the communication. All information developed by the facility shall be available if requested by the District Attorney. The District Attorney shall be notified of the availability of PSP investigative assistance, but copies of any PSP reports in possession of the facility or the Department shall not be transmitted to the District Attorney. Requests for PSP reports will be referred to the PSP.

B. **Criminal Complaints Against Inmates**

   1. Whenever the Superintendent, Deputy Superintendent for Facilities Management or designee receives sufficient information, regardless of the source, alleging that an inmate has committed a crime, they shall insure that the disciplinary process in accordance with Department **policy DC-ADM 801, "Inmate Disciplinary and Restricted Housing Procedures"** has been initiated.

   2. Staff related procedures for investigation and determination that a crime has been committed are contained in the Procedure Manual for this policy. This procedure manual is **not public information** and shall not be released in its entirety or in part, without the prior approval of the Secretary of Corrections or designee.

## VII. SUSPENSION DURING EMERGENCY

In an emergency or extended disruption of normal facility operations, the Secretary , or designee,  may suspend any provision or section of this policy for a specified period.

## VIII. RIGHTS UNDER THE POLICY

This policy does not create rights in any person nor should it be interpreted or applied in such a manner as to abridge the rights of any individual. This policy should be interpreted to have sufficient flexibility so as to be consistent with law and to permit the accomplishment of the purpose of the policies of the Department.

## IX.   RELEASE OF INFORMATION AND DISSEMINATION OF POLICY

### A.  Release Of Information

#### 1.  Policy

This policy document is public information and may be released to members of the public, staff, legislative, judicial, law enforcement and correctional agencies and/or inmates upon request.

#### 2.  Procedure Manual (if applicable)

The procedure manual for this policy is <u>not public information</u> and shall not be released in its entirety or in part, without the prior approval of the Secretary of Corrections or designee.  This manual or parts thereof, may be released to any Department employee on an as needed basis.

### B.  Distribution Of Policy

#### 1.  General Distribution

The Department's policy and procedure manuals (when applicable) shall be distributed to the members of the Central Office Executive Staff, all Facility Managers, and Community Corrections Regional Directors on a routine basis. Distribution to other individuals and/or agencies is subject to the approval of the Secretary of Corrections or designee.

#### 2.  Distribution to Staff

It is the responsibility of those individuals receiving policies and procedures, as indicated in the "General Distribution" section above, to ensure that each employee expected or required to perform the necessary procedures/duties is issued a copy of the policy and procedures.

## X.   SUPERSEDED POLICY AND CROSS REFERENCE

### A.  Superseded Policy

This policy supersedes the previous policy on this subject, by former Secretary Glen R. Jeffes issued May 1, 1984.

### B.  Cross References

#### 1.  Administrative Manuals

a.  DC-ADM 812, Inmate Visiting Privileges
b.  DC-ADM 801, Inmate Disciplinary and Restricted Housing Procedures

# Exhibit

# I

Inmate Abuse Allegation Monitoring
DC-ADM-001



| | POLICY STATEMENT |
|---|---|
| | **Commonwealth of Pennsylvania • Department of Corrections** |

| Policy Subject: | Policy Number: |
|---|---|
| **Inmate Abuse Allegation Monitoring** | **DC-ADM 001** |

| Date of Issue: | Authority: | Effective Date: |
|---|---|---|
| **December 19, 2001** | *Jeffrey A. Beard, Ph.D.* | **January 14, 2002** |

## I. Authority

The Authority of the Secretary of Corrections to direct the operation of the Department of Corrections is established by Sections 201, 206 and 506 and 901-B of the Administrative Code of 1929, 71 P.S. §§61, 66, 186 and 310-1, Act of April 9, 1929, P.L. 177, No. 175, as amended.

## II. Purpose

The purpose of this document is to establish policy and procedures for the reporting and investigation of allegations of inmate abuse.

## III. Applicability

This policy is applicable to all persons employed by, incarcerated in, or who have business with the Department of Corrections.

## IV. Definitions

### A. Abuse

1. Conduct that is prohibited either by law or by Department policy. Such conduct involves:

   a. the use of excessive force upon an inmate;

   b. an occurrence of an unwarranted life-threatening act against an inmate; and/or

   c. an articulated verbal or written threat to inflict physical injury directed toward an inmate.

2. Excluded from this definition are:

    a. conditions of confinement;

    b. claims of inadequate medical or intentionally denied medical care;

    c. harassment or nonperformance of duty by a staff member; and/or

    d. abuse by another inmate.

## B. Abuse Allegation Monitoring

The procedures for collecting and reviewing information regarding complaints and grievances of abuse of inmates.

## C. Central Office

The Headquarters of the Department of Corrections.

## D. Complaint

An allegation of abuse submitted by an inmate or other person or entity to the Department.

## E. Complainant

The person or entity submitting a complaint on his or her own behalf or on behalf of an inmate.

## F. Department

The Pennsylvania Department of Corrections.

## G. Facility

Any State Correctional Institution, State Regional Correctional Facility, Community Corrections Center, Contract Facility or Motivational Boot Camp operated by the Department.

## H. Facility Manager

The Superintendent of a State Correctional Institution, State Regional Correctional Facility, Commander of a Motivational Boot Camp, Regional Director of a Community Corrections Center and/or the Director of the Training Academy.

## I. Grievance

An allegation of abuse submitted by an inmate through the Inmate Grievance System.

## J. Grievant

The inmate submitting a grievance.

### K. Inmate

A person committed to the custody of the Department and incarcerated at any state correctional facility.

### L. Office of Professional Responsibility (OPR)

The Office responsible for monitoring inmate abuse allegations.

### M. Secretary's Office of Inmate Grievances and Appeals

The office responsible for the review and disposition of all appeals of inmate grievances to Central Office.

## V.  Policy

It is the policy of the Department to ensure that inmates are not subjected to corporal or unusual punishment, humiliation, "mental abuse," or punitive interference with the daily functions of institutional living and that any alleged abuse is thoroughly investigated.[1]

## VI.  Procedures

A. The Department of Corrections has the legislatively delegated responsibility to exercise lawful authority in the administration of the state correctional system.  The Department of Corrections is committed to ensuring that the correctional system is administered and operated in a safe secure manner.

B. Four classes of persons and entities can make allegations of inmate abuse:

   1. all persons who are employed by the Department;

   2. all persons committed to the custody of the Department;

   3. all persons and entities having business with or using the resources of the Department; and

   4. all persons and entities attempting, establishing, or maintaining contact with persons committed to the custody of the Department.

C. Reporting Of Inmate Abuse Allegations All Persons Who Are Employed by the Department

Any employee receiving written or verbal notification from an inmate or a third party alleging an incident of abuse, or who is a witness to an abuse, is required to complete a **DC-121 Part 3, Employee Report of Extraordinary Occurrence** for submittal to his/her supervisor and the facility's Grievance Coordinator.  All reports shall be completed prior to completion of the employee's duty shift.

---

1 3-4268, 1-ABC-3D-06, 3-ACRS-3D-05

D. Reporting of Inmate Abuse Allegations by All Persons Committed to the Custody of the Department

   1. Any Inmate who is the victim of an abuse may report the abuse in the following manner:

      a. filing an inmate grievance in accordance with Department policy **DC-ADM 804, "Inmate Grievance System;"**

      b. reporting it in writing, or verbally, to any staff member; or

      c. reporting it in writing to the Office of Professional Responsibility of the Department of Corrections.

   2. Abuse allegations received by other Central Office employees shall be referred to the Office of Professional Responsibility.

E. Reporting of Inmate Abuse Allegations by All Persons and Entities Having Business With or Using the Resources of the Department and All Persons and Entities Attempting, Establishing, or Maintaining Contact With Persons Committed To The Custody Of The Department.

   Any person having knowledge concerning an alleged abuse may make reports of allegations of inmate abuse, verbally or in writing, to any staff member of the facility or of the Central Office of the Department.

## VII. Suspension During An Emergency

In an emergency or extended disruption of normal facility operation, the Secretary, or designee may suspend any provision or section of this policy, for a specific period.

## VIII. Rights Under This Policy

This policy does not create rights in any person nor should it be interpreted or applied in such a manner as to abridge the rights of any individual. This policy should be interpreted to have sufficient flexibility to be consistent with law and to permit the accomplishment of the purpose(s) of the policies of the Department of Corrections.

## IX. Release of Information and Dissemination Of Policy

### A. Release of Information

   1. **Policy**

      This policy document is public information and may be released to members of the general public, staff, legislative, judicial, law enforcement and correctional agencies and/or inmates upon request.

### 2. Procedure Manual (if applicable)

The procedure manual for this policy is <u>not public information</u> and shall not be released in its entirety or in part, without the prior approval of the Secretary of Corrections or designee.  This manual or parts thereof, may be released to any Department of Corrections employee on an as needed basis.

## B. Distribution of Policy

### 1. General Distribution

The Department of Corrections' policy and procedure manuals (when applicable) shall be distributed to the members of the Central Office Executive Staff, all Facility Managers, and Community Corrections Regional Directors on a routine basis. Distribution to other individuals and/or agencies is subject to the approval of the Secretary of Corrections or designee.

### 2. Distribution to Staff

It is the responsibility of those individuals receiving policies and procedures, as indicated in the "General Distribution" section above, to ensure that each employee expected or required to perform the necessary procedures/duties is issued a copy of the policy and procedures.

## X.   Superseded Policy and Cross Reference

### A. Superseded Policy And Procedure

#### 1. Department Policy

a. 1.2.4, Inmate Abuse Allegation Monitoring Process issued October 2, 1992, by former Secretary Joseph D. Lehman,

b. 1.2.4-1, Inmate Abuse Allegation Monitoring Process issued May 16, 1995, by former Secretary Martin F. Horn,

c. 1.2.4-2, Inmate Abuse Allegation Monitoring Process issued December 7, 1995, by former Executive Deputy Secretary Raymond E. Clymer, Jr.

### 2. Facility Policy and Procedures
This document supersedes all facility policy and procedures on this subject.

## B. Cross References:

### 1. Administrative Manuals

a. DC-ADM 804, Inmate Grievance System

b. 6.3.1, Facility Security

# Exhibit

# J

page one(1) thru Eight (8)
( O.A. office, state Police, and OPR Responses)
To Complaint against Defendant.

DISTRICT ATTORNEY'S OFFICE
# COUNTY OF SCHUYLKILL



COURT HOUSE
401 N 2ND ST
POTTSVILLE PA 17901-2520

TELEPHONE AREA CODE 717-628-1350

DISTRICT ATTORNEY
    CLAUDE A. LORD SHIELDS

ASSISTANT DISTRICT ATTORNEYS
    CHARLES A. BRESSI JR.
    KAREN BYRNES-NOON
    JAMES G. CARAVAN
    JAMES F. MENCONI

    LEO BREDNIK
    EDWARD M. BRENNAN
    MICHAEL A. O'PAKE

CHIEF CLERK
    ROSE M. RHODT

COUNTY DETECTIVES
    TERRY L. NOLL, Chief
    THOMAS R. CLERK
    ROBERT L. FREILER
    EUGENE R. TAYLOR
    FRANCIS V. McANDREW

DUI ADMINISTRATOR
    HAROLD J. ROWAN

3/1/99

        Dear Sir:
                Your letter of complaint has been rec'd at our office on 3/1/99
Your complaint has been forwarded to Clifford O'Hara, Director Special Investigations,
55 Utley Dr., PO Box 598 Camp Hill Pa., 17001.

    Criminal complaints are rec'd from the district justice in the area in which the violation
occurs.  The district justice that covers SCI Mahanoy is William Slezosky, 930 W Center St
Mahanoy City Pa  17948.

                            Respectfully submitted:

                            Det William J. Allar
                            District Attorney's Office



**PENNSYLVANIA STATE POLICE**
BUREAU OF CRIMINAL INVESTIGATION
1800 ELMERTON AVENUE
HARRISBURG, PA 17110-9758

PHONE: 717-783-5524
FAX: 717-705-2306

March 17, 1999

James Williams
AY-8692
1040 E. Roy Furman Highway
Waynesburg, PA   15370-8090

Dear Mr. Williams:

Your letter to the Pennsylvania State Police concerning conditions at the State Correctional Institution - Mahanoy has been referred to this office for response.

The Department of Corrections has established a Bureau of Professional Responsibility who will review your concerns. I am forwarding a copy of your letter to the Director, Bureau of Professional Responsibility, for any action he deems appropriate. In the future, your complaints should be submitted to the Bureau of Professional Responsibility.

I trust the aforementioned information will be of some assistance to you in this matter.

Sincerely,

Captain Jon D. Kurtz /cb
Director, General Investigation Division
Bureau of Criminal Investigation

---

*An Internationally Accredited Law Enforcement Agency*

page #
3

To: Captain Jon D. Kurtz
Director Investigation Division
1800 Elmerton Ave
Harrisburg, Pa. 17110-9758

James Williams
AY-8692
175 Progress Dr
Waynesburg, Pa. 1537[?]

July 13, 2004

Dear Kurtz,

Attached is a copy of your letter "Notice" dated March 17, 1999 Relating to my Complaint I filed Against Mr. Spaide at S.C.I. Mahanoy.

1. Do your office have any copies of my Complaint? if so please forward me a copy.

2. According to Clifford O'Hara, Director of Bureau of Professional Responsibility his office never Received any Copy of Complaint from you Concerning Conditions At S.C.I. Mahanoy Against Spaide.

Do you or your office have any documentation of proof that you did Mail such documents to his office? My Complaint may be dismissed because State Claims I never filed any Complaints Against Mahanoy, because your office or you foregot to forward my Complaint As indicated in your letter I'll pay for any such documents

I'll await your reply, James Williams





**PENNSYLVANIA STATE POLICE**
8000 Bretz Drive
Harrisburg, PA 17112



July 21, 2004


James Williams
AY-8692
175 Progress Drive
Waynesburg, PA  15370

Dear Mr. Williams

Your letter to the Pennsylvania State Police and attachments concerning your conditions at the State Correctional Institution - Mahanoy was referred to the Director, Bureau of Professional Responsibility, Department of Corrections.

General Correspondence we receive is kept on file for only two years and then it's purged.  All Correctional Institution complaint correspondence received involving personnel complaints is forwarded directly to the Correctional Institute's Bureau of Professional Responsibility.

I'm sorry that I can't be of further assistance in this matter

Sincerely,

Captain Jon D. Kurtz
Commanding Officer
Troop H, Harrisburg

To: Clifford O'Hara.
Director Special Investigation
55 Utley Dr. P.O. Box 598
Camp Hill, PA. 17001.

James Williams
AY. 8622
75 Progress DR
Waynesburg, PA. 15370

July 13, 2004

Dear. O'Hara.

Attached is a copy of a letter "Notice" from the District Attorneys office of County of Schuylkill 3-17 and letter "Notice" from PA State Police Headquarter in Harrisburg. PA. 3-17-99

According to Det. William J. Allar D.A. office and Captain Jon D. Kurtz State Police. I filed a criminal and civil complaint against Mr. Spride at S.C.I. Mahanoy back in 1999. According to both parties they forward my complaint "concerns" to your office to date I have not receive any response from you or your office as of July 13, 2004. My criminal assault is still pending and civil suit. According to attached documents are your office telling me that you never Rec'd my complaint filed against Mr Spride at Mahanoy? If so. What was the outcome of this investigation? Mahanoy staff claims your office never made any investigation on the matter or have any knowledge of my complaint  I'll await your reply   James Willia



**PENNSYLVANIA DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PENNSYLVANIA 17001-0598**
**(717) 975-4859**
*OFFICE OF PROFESSIONAL RESPONSIBILITY*
*(717)731-7777*
July 20, 2004

James Williams, AY-8692
State Correctional Institution Greene

Dear Mr. Williams:

The Office of Professional Responsibility recently received your correspondence dated July 13, 2004.

Your complaint was previously investigated by SCI-Mahanoy staff. You need to contact SCI-Mahanoy for any further information.

Your correspondence is being referred to Superintendent Folino and Superintendent Klem for any action they deem appropriate.

Sincerely,

Anthony W. Russ
Major
Office of Professional Responsibility

AWR/yb

cc:    Superintendent Folino, SCI-GRN (w/enclosure)
       Superintendent Klem, SCI-MAH (w/enclosure)

To: Major Anthony W Russ
Office of Professional Responsibility
55 Utley Dr. P.O. Box 598
Camp Hill, PA. 17001.

From
James Williams
AY-8692 (S.C.I. Greene)
175 Progress Dr.
Waynesburg, PA. 15370

P.S. I'm trying to Avoid
Court order for these documents
of your investigation. I never
Received any copy}
                    July 27, 2004

RE: Criminal and Civil Complaint Filed Against
S.C.I. Mahanoy Staff. C.M Spaide.

Dear Major Russ.

    I'm in Receipt of your letter dated July 20, 2004
Relating to my letter dated July 13, 2004.

    1. In your letter you stated my complaint was
previously investigated by S.C.I. Mahanoy staff. that I should
contact them.

    Unfortunately S.C.I. Mahanoy staff decline to forward
me any copy of requested investigation documents mainly
because I have pending criminal charges filed against me
And I have pending Civil Law Suit filed against S.C.I. Mahanoy
staff. Mr. Spaide.

    2. I only request from your office any copy of
the out come your office made on the conclusion of
S.C.I. Mahanoy staff investigation concerning my complaint
Filed Against Mr. Spaide And Staff Concerning 1999 Assault
And filing of my Civil And Criminal Complaint against staff.
    According to State police they forwarded my com
plaint to your office back in 1999. your office never contact
me Concerning my Complaint!! what was the out come
of this investigation. I need to know
                                    James Williams
                                    AY-8692





**PENNSYLVANIA DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PENNSYLVANIA 17001-0598**
**(717) 975-4859**
*OFFICE OF PROFESSIONAL RESPONSIBILITY*
*(717)731-7777*
August 3, 2004

James Williams, AY-8692
State Correctional Institution Greene

Dear Mr. Williams:

The Office of Professional Responsibility recently received your correspondence dated July 27, 2004.

As you have been previously advised, the investigation was conducted by SCI-Mahanoy staff.  You will receive no further information from this office regarding this matter.

Your correspondence is being referred to Superintendent Folino and Superintendent Klem for any action they deem appropriate.

Sincerely,

Anthony W. Russ
Major
Office of Professional Responsibility

AWR/yb

cc:    Superintendent Folino, SCI-GRN (w/enclosure)
       Superintendent Klem, SCI-MAH (w/enclosure)

In The United States District Court
For The Middle District of Pennsylvania


James H. Williams                          Civil No# 1:CV-01-0280
        (Plaintiff)

        vs                                 Judge Kane

Richard L. Spaide
        (Defendant)


Certificate of Service


        I, James H. Williams, pro se hereby certify
that on December 13, 04. I served a true and correct
copy of Appendix Exhibits "A thru J" for Plaintiff's
statement of Matter facts, Summary Judgment. Multiple
documents, by causing it to be deposited in the
United States Mail, first class postage prepaid to
the following: by certified mail# 7003-2260-0002-6445-6193.

                                        ✓ not served
office of the clerk                     Linda S. Lloyd
U.S. District Court House               Deputy Attorney General
228 Walnut St. P.O. Box 983
Harrisburg, Pa. 17108
certified mail #                        Respectfully submitted
                                        James Williams
7003-2260-0002-6445-6193                ✓ James Williams AY-8692
                                        175 Progress Dr.
Date, December 13,2004                  Waynesburg, Pa. 15370