ORIGINAL

In the United States District Court For the Middle District of Pennsylvania

James H. Williams
(Plaintiffs)

vs

Richard L. Spaide
(Defendants)

Civil No: 1:CV-01-0280

Judge Kane

FILED
HARRISBURG, PA
MAR 21 2005
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

Plaintiff's concise brief in Support of Motion For Reconsideration

Statement of the case

This is a pro se inmate's civil Rights action brought pursuant to 42 U.S.C. §1983. by James H. Williams AY-8692 ("Plaintiffs") is an inmate currently housed at the State Correction Institution ("S.C.I") Greene. The allegations in Plaintiffs complaint arose during the time Plaintiffs was housed at S.C.I Mahanoy.

Plaintiffs complaint alleged that Supt. Martin Dragovich, Major James McGrady and Unit Manager Richard Spaide ("Defendants") conspired against him in violation of his Eighth and Fourteenth Amendment Rights. Plaintiffs requested compensatory, punitive and award of nominal damages in Plaintiffs opposition brief to defendants motion for Summary judgment as well as court costs and filing fees. Plaintiffs also requested that the court discipline Defendants for their action and/or inaction and direct Defendants to remove misconduct from his files.

Defendants filed a motion to Dismiss on September 21, 2001 and a brief in support of that motion on October 3, 2001. by order dated January 4, 2002. the court directed Plaintiffs to file a brief in opposition to the motion to dismiss within twenty (20) days of the order. Defendants were served with Plaintiffs brief in opposition to the motion to dismiss on January 22, 2002

On October 10, 2002, the Court issued an order granting in part and denying in part Defendants motion to dismiss.

The Court granted the motion as to Defendants Dragovich and McGrady pursuant to Pa's two year statute of limitations time barred, claims consist of being deliberate indifference towards Plaintiffs safety and health, exposure to environment tobacco smoke ("ETS") Memorandum and order dated October 10, 2002 pg# 6-7.

Plaintiffs filed motion for Reconsideration on October 18, 2002 and a brief in support of that motion on November 1, 2002.

Defendant filed brief in opposition to Plaintiffs motion for Reconsideration on November 12, 2002.

On June 13, 2003, the court denied Plaintiffs motion.

Plaintiffs filed an Appeal with Third Circuit on June 19, 2003 thereafter Third Circuit C.A.# 03-2823, dismissed Appeal for lack of Appellate jurisdiction on April 21, 2004.

thereafter, Plaintiffs requested for admissions, set of interrogatories and production of Documents Defendants responded in part.

The only remaining Defendant is Spaide who filed motion for summary judgment on July 22, 2004 and brief in support of that motion same day. By order dated September 30, 2004, directing Plaintiffs to file a brief in opposition to Defendants motion for summary judgment and statement of material facts with brief in support within 15 days of order. After multiple enlargement of time by Plaintiffs on December 13, 2004 he filed statement of material facts and brief in opposition to summary judgment.

This Court issued a <u>memorandum and order dated February 28, 2005</u>, granting Defendants Spaide summary judgment.

Plaintiffs filed motion for Reconsideration on March 7, 2005 now files concise brief in support of that motion.

### Statement of Facts

Defendants Spaide motion for summary judgment should not have been granted as a matter of law, on the grounds

1. Plaintiffs failure to exhaust administrative remedies from February 8, 1999 Assault incident with Defendant Spaide

2. Plaintiffs brief in opposition to Defendants motion for summary judgment dated December 13, 2004 pg's 19 thru 29, with attached supporting documents Exhibit "G thru J" does supports exhaustion of

(2)

administrative Remedies and/or Plaintiffs established he exercised due diligent in exhausting such Remedies.

3. Contrary to Court memorandum and order dated Feb 28, 05 pg# 3-5 which concluded Plaintiffs exhaustion claims is listed on pages 19 thru 21 only with supporting Exhibit "G" only. Results in clear error of law and manifest injustice.

4. Plaintiffs Exhibits does not stop at Exhibit "G" and pg's 19 thru 21 in brief on exhaustion claims.

Therefore, Reconsideration is in order.

### Question Presented

I. Whether the Court should Reconsider it's order granting Defendants Spaide Summary judgment.

(A) Whether the Court abused it's discretion when it fail to address Plaintiffs Exhaustion claims in it's entirety from pg# 19 thru 29, with supporting Exhibits 'G thru J' in brief, and;

(B) Fail to address whether Department of Correction have established an additional complaint procedures DC-ADM 001 "Criminal Violation" and DC-ADM-001 "Inmate abuse allegation Monitoring". For inmates to file complaints against staff for exhaustion of administrative Remedies as Plaintiffs argued in brief.

(C) Whether the Court Erred by addressing health issue (exposure to environment tabacco smoke ("ETS") when Defendants nor Plaintiffs argued in summary judgment brief.

### Argument

Plaintiffs motion for Reconsideration should be granted.

Plaintiffs ask that this Court Reconsider its memorandum and order dated February 28, 2005, granting Defendants Spaide Summary judgment failure to exhaust.

### Reconsideration Standard

A motion for Reconsideration is a device of limited utility. It may be used only to seek Remediation of manifest errors of law

(3)

or fact, or to present newly discovered precedent or evidence which, if discovered previously, might have affected the Court's decision. Harsco Corp. vs Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)

It has also been held that a motion for reconsideration is appropriate in instances such as where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning but of apprehension." See Rohrbach vs AT&T Nassau Metals Corp., 902 F.Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F.Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. vs Mel Bohannan Roofing, Inc. 99 F.R.D. 99, 101 (E.D. Va. 1983)).

The Federal Rules allow a party to move to alter or amend a judgment within ten (10) days of its entry. Fed. R. Civ. P. 59(e). Reconsideration of judgment is an extraordinary remedy, therefore such motions are to be granted sparingly. NL Industries vs Commercial Union Ins. Cos. 935 F.Supp. 513 (D.N.J. 1996) (citing Maldonado vs Lucca, 636 F.Supp. 621, 630 (D.N.J. 1986)).

### Manifest Error of Law

A. Failure of the Court to consider Plaintiff's exhaustion claim in its entirety from pages 19 thru 29 with Exhibits A thru J.

The Court evaluation and determination of exhaustion claim was solely based on D.O.C. Inmate Grievance System DC ADM 804 (see Memorandum and Order dated Feb. 28, 05, pg 4-5)

The Court abused its discretion when it failed to give full consideration to the substantial evidence Plaintiffs put forth in support of exhausting administration remedies.

The United States Supreme Court held in:

Haines vs Kerner 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (holding that a pro se litigants papers are to be read with appropriate benevolence, however inartfully they are pleaded at 520; Allegations of pro se complaints are held to less stringent standards than formal pleading drafted by lawyers at 521. Reaff'd Hughes vs Rowe 449 U.S. 5, 9-10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)

(4)

Plaintiff's argued in brief, the Dept of Correction have established an additional procedures which inmate can file complaints against staff outside of inmate Grievance System DC ADM 804 (See Plaintiff's brief dated December 13, 2004 pg# 21 thru 29)

In support of Plaintiff's allegation he attached documention in brief. Criminal violations DC ADM 004. Exhibit "H" and Inmate Abuse Allegation Monitoring DC ADM 001 Exhibit "I" (See Plaintiff's brief date 12-13-04. Exhibits "H and I")

In accordance with Prison Litigation Reform Act ("PLRA") the relevant provision provides that;

No action shall be brought with respect to prison conditions under section 1983 etc. or any other Federal law by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(A) See also Porter vs Nussle 534 U.S. 516 (2002) and Booth vs Churner. 532 U.S. 731 (2001)

Plaintiff's Argument was one of the procedures that was available for administration remedies which he exhausted was policy DC-ADM 001. The Dept of Correction Maintains an <u>Inmate abuse Allegation Monitoring System</u> which permits an inmate to file complaints the Dept has adopted DC ADM 001. IV <u>Definitions</u>.

   A) <u>Abuse;</u>
   1) Conduct that is prohibited either by law or by Dept policy such conduct involves:
     (A) the use of excessive force upon an inmate   page #1.

VI <u>Procedures</u>
   J) <u>Reporting of Inmate Abuse Allegations by all persons committed to the Custody of the Department.</u>
   1). Any Inmate who is the victim of an abuse may Report the abuse in the following manner.
     A. Filing an inmate grievance in accordance with Dept policy DC ADM 804. "Inmate Grievance System".
     b. Reporting it in writing, or verbally to any staff member: or
     c. Reporting it in writing to the office of Professional Responsibility of the Dept of Corrections.
     2. Abuse allegations received by other Central office employees shall be referred to the office of Professional Responsibility. page 3-4. (See Plaintiff's brief dated 12-13-04 pages 22 thru 25)

(5)

Concerning February 8, 1999 incident involving Defendant's Spaide Assault. Plaintiffs filed letter of complaint against Defendant at S.C.I. Mahanoy with District Attorney office and Pa. State Police, both Dept's forwarded letter of complaint to office of Professional Responsibility ("OPR")
(See Plaintiff's brief 12-13-04 page 25-26 and Exhibit's "J" page 1 & 2)

Both documention clearly shows Plaintiff's complaint was forwarded to OPR for investigation and Review pursuant to D.O.C. policy DC ADM-001 Inmate Abused Allegation, although Plaintiffs did not file complaint directly with OPR, nevertheless, OPR Recieved Plaintiff's Complaint filed against Defendant Spaide.

Do to the fact Defendant's Spaide constantly denying Plaintiffs never filed complaints against him and that no investigation was conducted from Feb 8,99 Assault incident.

On July 13, 2004. Plaintiffs contacted Clifford O'Hara Director of Special Investigation "OPR" inquiring whether his office Recid complaint filed against Spaide at Mahanoy, if so, what was the outcome of this investigation. Plaintiffs concluded in letter. Mahanoy staff claims your office never made any investigation on the matter or have any knowledge of my complaint.

On July 20, 2004 Major Anthony W. Russ from "OPR" Responded, stating your complaint "was" previously investigated by S.C.I. Mahanoy staff. You need to contact S.C.I. Mahanoy for any further information.
(See Plaintiff's brief 12-13-04 page 27-28 and Exhibit's "J" page 3 thru 8)

For unknown Reason as Plaintiffs alleged in brief and Court never addressed. "OPR" and S.C.I. Mahanoy staff decline to forward Plaintiffs a copy of their investigation. In order for Plaintiffs to establish he filed such complaint against Defendant's Spaide contrary to Defendants statements no such complaint was filed. D.O.C. is in violation of their own Rules and Regulations pursuant to DC ADM-001 Criminal violation. VI Procedures A. <u>Criminal Complaints by Inmates</u>. Subsection 5 Inmate contact with District Attorney.
A) If after investigation of an inmate complaint by PSP or facility authorities, it is determined that a prosecution will not be instituted by either the PSP or the facility authorities. The inmate complainant "shall" be notified in accordance with established facility procedure of;

(6)

(1) the determination not to prosecute;
(2) the reasons for the determination; and
(3) of his/her Right to communicate with the District Attorney to investigate the complaint further.

Therefore, Plaintiffs have submitted documentation in brief dated December 13, 2004 to support his claim he exercised due diligent of exhausting his administration remedies, and if this Court conclude otherwise Plaintiffs argument would be: To the extent if his claims were not fully prosecuted through the various levels of the complaint procedures, his effort to so exhaust his administrative remedies were frustrated by prison officials not following their own procedures and policy which Plaintiffs has no control over. Raised in Plaintiffs brief pages 27 thru 29 which this Court never addressed.

Plaintiffs contend that "the Court's decision to grant Defendant Spaide motion for summary judgment on the grounds Plaintiffs failure to exhaust administrative remedies constitutes a manifest error of law which will result in manifest injustice to Plaintiffs Due process Rights not addressing Plaintiffs brief filed December 13, 2004 in opposition to motion for summary judgment filed by Defendants Spaide, pages 19 thru 29 with attached Exhibits in it's Entirety. This court excluded evidence Exhibits H thru J and brief pages 21 thru 29 for unknown reasons. Support Plaintiffs claims.

Question presented in section (B) whether the court abused its discretion when it fail to address whether Dept of Correction have established an additional complaint procedures DC-ADM-004 and DC-ADM-001 etc, are interfere with (A) whether the court abused its discretion when it fail to address Plaintiffs exhaustion claims in it's entirety etc.

  c. <u>The Court Erred by address Plaintiffs health issue (exposure to environment tobacco smoke ("ETS")</u>

Plaintiffs contend the court erred when it made a decision outside of the adversarial issues, presented to the court by parties. Defendants Filed Brief in support of Motion for summary judgment when he alleged in Question presented (A) <u>whether even if Plaintiffs allegations are believed, an "elbow" to Plaintiffs by Defendant Spaide does not rise to the level of a violation of Plaintiffs Eighth Amendment Rights?</u>

(7)

B) whether the undisputed evidence indicates that Defendants Spaide did not assault Plaintiffs and
C) whether Plaintiffs failed to exhaust his administrative remedies with respect to the alleged "elbowing" by Defendant Spaide?

Which Plaintiffs responded to above issues only. None of the party addressed environment tobacco smoke ("ETS") because by memorandum and order dated October 10, 2002 this court concluded Plaintiffs alleges that he was exposed to tobacco smoke in violation of prison regulations putting Plaintiffs health at risk, etc. The incidents surrounding the tobacco smoke occurred in the fall of 1998, etc. Plaintiffs therefore knew or had reason to know of Defendant's alleged disregard for his health on or before December 7, 1998. Plaintiffs did not file his action until February 13, 2001, over two years after this decision.

Accordingly, Williams claim based on the failure of Defendants Dragovich and McGrady to protect his safety and health is barred by Pennsylvania's controlling statute of limitations. (see Memorandum and order dated Oct. 10, 2002 p.g# 6-7)

Therefore, this court Memorandum and order dated February 28, 2005 dismissing ETS claim as indisputably meritless under 28 U.S.C. § 1915(e)(2)(B)(i) should be nulled on the ground Plaintiffs never argued issue in brief.

### Conclusion

On review of the record at this stage, it is clear this court concluded without evaluating full consideration of Plaintiffs substantial evidence in his favor brief pages 19 thru 29 and Exhibits H thru J. Reconsideration is appropriate where the court has made an error not of reasoning but of apprehension Rohrbach supra, 902 F.supp at 527 when it concluded Plaintiffs submits Exhibit G to support his contention that he exhausted his administrative remedies and (pg 5) brief 19-21 (see memorandum and order dated February 28, 2005, pg 5)

Plaintiffs relies on Securities and Exchange Com vs Hughes Capital Corp. 124 F.3d 449, 452 (3d Cir. 1997) (citations omitted) (The court must view all evidence in favor of the non moving party, all doubts must be resolved in favor of the non moving party)

Wherefore, this court order Feb 28, 2005 should be altered or amended. On failure to exhaust, should have been dismissed. If court deny motion, exhaust claim should be dismiss without prejudice.

Date March 14, 2005          (8)          Respectfully submitted James Williams

In the United States District Court For the Middle District of Pennsylvania

James H. Williams
(Plaintiff)
vs
Richard L. Spaide
(Defendant)

Civil No# 1:cv-01-0280

Judge Kane

Certificate of Service for Incarcerated Litigant

I, James H. Williams AY-8672, certify that this document "Concise brief in support of Motion for Reconsideration" was given to prison officials on March 15, 2005 for forwarding to:

Linda S. Lloyd (D.A.G) #66720
Office of Attorney General
Litigation Section
15th Floor Strawberry Square
Harrisburg, Pa. 17120

Office of the Clerk
U.S. District Court House
For the Middle District
228 Walnut St. P.O. Box 983
Harrisburg, Pa. 17108

I certify under penalty of perjury that the foregoing is true and correct 28 U.S.C. Sec 1746

Respectfully Submitted
James Williams

James H. Williams
AY-8672
175 Progress Dr.
Waynesburg, Pa. 15370

Date March 15, 2005

To: office of the clerk
U.S. District C.T House
228 Walnut St. P.O. Box 983
Harrisburg, Pa. 17108

James Williams
AY-8692
175 Progress DR
Waynesburg, Pa. 15370

March 15, 2005

RE: <u>Williams vs Spaide</u>
Civil No# 1'CV-01-C280

Dear clerk;

    Enclose please find one (1) original and two (2) copies of Plaintiffs concise brief in support of motion for Reconsideration with certificate of service attached for filing with your office.
    Due date March 17, 2005 Mail box Rule apply.

Staff Refuse to give me the Stapler

Truly yours
James Williams



James Williams
AY-8692
175 Progress Dr.
Waynesburg, Pa. 15370

To: Office of the Clerk
U.S. District Court House
228 Walnut St. P.O. Box 983
Harrisburg, Pa. 17108