IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES H. WILLIAMS,  :  Plaintiff : : No. 1:01-CV-0280 v. : : Judge Kane RICHARD L. SPAIDE, : Defendant : Electronically Filed Document | |

### BREIF IN TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S GRANT OF SUMMARY JUDGMENT TO DEFENDANT SPAIDE

### STATEMENT OF THE CASE

This is a pro se inmate's civil rights action brought pursuant to 42 U.S.C. §1983. James H. Williams ("Plaintiff") is an inmate currently housed at SCI-Greene. Plaintiff alleged that several employees at SCI-Mahanoy violated his Eighth Amendment rights by exposing him to environmental tobacco smoke and assaulting him. Plaintiff requested compensatory and punitive damages as well as

court costs and filing fees. Plaintiff also requested that the Court discipline Defendants for their action.

Defendants filed a Motion to Dismiss on September 21, 2001, which was granted in part and denied in part on October 10, 2002. The Order dismissed Defendants Dragovich and McGrady, and some claims against Defendant Spaide, but denied the motion to dismiss as to Defendant Spaide and an incident of alleged use of physical force on February 8, 1999.

Defendant Spaide filed an answer, discovery ensued and a motion for summary judgment addressing the remaining issue as to Defendant Spaide was filed. By Order dated February 28, 2005, the Court dismissed the remaining claim against Defendant Spaide. Plaintiff then filed a Motion for Reconsideration of that Order. Defendant Spaide now files this Brief in Opposition to Plaintiff's motion.

**QUESTION PRESENTED**

**I.    WHETHER THE COURT'S DECISION OF FEBRUARY 28, 2005, GRANTING SUMMARY JUDGMENT TO DEFENDANT SPAIDE IS APPROPRIATE BASED UPON THE APPLICABLE LAW AND FACTS?**

**ARGUMENT**

Plaintiff asks this Court to reconsider its decision granted Defendant Spaide summary judgment. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 171

2

(1986) and Rohrbach v. AT&T Nassau Metals Corp., 902 F.Supp. 523 (M.D.Pa. 1995). Defendant Spaide submits that the Court did not make any manifest errors of law or fact nor has Plaintiff presented any newly discovered evidence to be considered. Therefore, Plaintiff's motion should be denied.

In the summary judgment argument to the Court, Defendant Spaide argued that Plaintiff's claim of assault against him should be dismissed for failure to exhaust administrative remedies. Spaide argued and the Court appropriately concluded that pursuant to the Prison Litigation Reform Act of 1995, 110 Stat. 1321 (P.L. 104-134)("PLRA"), which became law on April 26, 1996, an inmate is required to exhaust **all** administrative remedies prior to filing suit. The relevant provision provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). See also Porter v. Nussle, 534 U.S. 516 (2002) and Booth v. Churner, 532 U.S. 731 (2001).

The Court correctly found that the Department maintains a prisoner grievance system which permits a prisoner to seek review of problems that he or she experiences during the course of confinement, 37 Pa. Code §93.9(a), and that the Department has adopted DC-ADM 804 which sets forth the Consolidated

3

Inmate Grievance Review System. The Court also correctly found that Plaintiff did not file any grievance(s) raising the issue of Defendant Spaide's alleged assault of him on February 8, 1999. Based upon these supported facts, the Court appropriately concluded that because Plaintiff failed to exhaust his administrative remedies with respect to the alleged assault by Defendant Spaide, his claim against Defendant Spaide should be dismissed as a matter of law.

Plaintiff now argues that the Court committed an error of law and a manifest injustice and also abused its discretion because he believes that the Court did not consider all of his exhibits or arguments in opposition to Defendant Spaide's motion for summary judgment. Plaintiff argues that because he filed a complaint with the Pennsylvania State Police concerning Defendant Spaide's alleged assault, that he should be considered to have exhausted his administrative remedies.

First, Plaintiff cannot assume that the Court did not consider his arguments. The decision of the Court does discuss his filing of a complaint with the State Police. However, again there was no evidence that he followed through with that complaint to its completion. Furthermore, the PLRA states that all administrative remedies must be exhausted. The record before the Court on summary judgment clearly showed that Plaintiff had not exhausted all of his administrative remedies,

namely the remedy available to him through the grievance process provided by the DOC.

Therefore, because Plaintiff has offered nothing to suggest that the Court's order was in error of law or fact, nor has he put forth any newly discovered evidence, reconsideration should be denied.[1]

**CONCLUSION**

For the foregoing reasons Plaintiff's Motion for Reconsideration should be denied.

        Respectfully submitted,

        THOMAS W. CORBETT, JR.
        Attorney General

By:   *Linda S. Lloyd*
      LINDA S. LLOYD
      Senior Deputy Attorney General
      I.D. #PA66720

---

[1] Plaintiff also argues that the Court ruled upon an issue that was not before it because the issue has earlier been dismissed by the Court as outside of the statute of limitations. This would be the issue of exposure to environmental tobacco smoke. While the parties did not raise or brief this issue during the summary judgment process, because it had already been dismissed by the Court in a motion to dismiss, there is no harm to Plaintiff that the issue had been reviewed again and should not be a basis for reconsideration.

| | |
|---|---|
| Office of Attorney General | SUSAN J. FORNEY |
| 15th Floor, Strawberry Square | Chief Deputy Attorney General |
| Litigation Section | Chief, Litigation Section |
| Harrisburg, PA  17120 | |
| (717) 705-7327 (Phone) | COUNSEL FOR |
| (717) 772-4526 (FAX) | DEFENDANT SPAIDE |
| llloyd@attorneygeneral.gov | |

Dated: April 6, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES H. WILLIAMS, | : | |
| Plaintiff | : | |
| | : | No. 1:CV-01-0280 |
| v. | : | |
| | : | Judge Kane |
| RICHARD L. SPAIDE, | : | |
| Defendants | : | Electronically Filed Document |

## CERTIFICATE OF SERVICE

I, Linda S. Lloyd, Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on April 6, 2005, I served a true and correct copy of the foregoing Brief in Opposition to Plaintiff's Motion for Reconsideration, by causing it to be deposited in the United States Mail, first-class postage prepaid to the following:

**James H. Williams, AY-8692
SCI Greene
175 Progress Drive
Waynesburg, PA  15370**

*s/ Linda S. Lloyd*
LINDA S. LLOYD
Senior Deputy Attorney General