8th CA

In The United States District Court For The Middle District of Pennsylvania

James H. Williams
(Plaintiffs)

vs

Richard L. Spaide
(Defendants)

FILED
HARRISBURG, PA
APR 1 4 2005
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

Civil No# 1:CV-01-0280

Judge Kane

## Plaintiffs Concise Reply Brief To Responding Party's Opposing Brief

Pursuant to Local Rule of Court 7.7 allows the moving party's to file a reply brief to the responding party's opposing brief within ten (10) days of the filing of the opposing brief. However, a reply brief is not mandatory and the failure to file one will not result in detrimental action nevertheless Plaintiff's feels reply brief is necessarily for correction.

1. Friyday, April 8, 2005, Plaintiff's rec'd Defendant's Brief In To Plaintiff's Motion For Reconsideration of the Court's Grant of Summary judgment To Defendant Spaide.

2. As an officer of the Court Defendant's Attorney's has made a false statement which she knows or should have known not to be true during an official proceeding with her brief.

1. Question Presented.

A) Whether Defendant's Attorney's made a knowing false statement in brief dated April 6, 2005

Issue.

A) Defendant's Attorney's Linda S. Lloyd Senior Deputy Attorney General made a knowingly false statement to support her claim.

Argument

Plaintiff's alleged Defendant's Attorney's made a knowing

false statement within her brief dated April 6, 2005, in an attempted to support her claims and discredit Plaintiffs claims in violation of Professional code of conduct and Rules of Federal Court procedures.

In Defendant's Attorney's brief dated April 6, 2005, she argued Plaintiffs can not assume that the Court did not consider his arguments. "The decision of the Court does discuss his filing of a complaint with the state police."
(Defendants brief dated April 6, 2005 page # 4)

No where within the Court "Memorandum and order" dated February 28, 2005, Discussion on exhaustion claims page # 2 thru # 5 does it mention or concluded even acknowledge Plaintiffs filed complaint with the state Police.
(See Memorandum and order dated Feb 28, 05 pg # 2-5)

Defendant's Attorney's makes no reference to where such statements was made by this Court. Furthermore Defendant's Attorney's allege "there is no evidence that Plaintiffs followed through with that complaint to its completion." has no merit or support, for the following Reasons.

Plaintiffs presented documentation from District Attorney's office in Schuylkill County (Pottsville) and Pa. State Police both acknowledge receiving complaints from Plaintiffs concerning the S.C.I. Mahanoy incident which both Dept forwarded complaint to Dept of Correction office of Professional Responsibility the office that handle such complaints.
(See brief in support of Motion for Reconsideration pg # 6-7)

Plaintiffs also attached documentation from the office of Professional Responsibility confirming that complaint was rec'd and that S.C.I. Mahanoy conducted such investigation from Feb 8, 99 incident, against Defendant Spaide.
(See brief in support of Motion for Reconsideration pg # 6-7)

Yet, this Court and Defendant's Attorney's believes state Police, District Attorney's office and Dept of Correction office of Professional Responsibility is lying about Plaintiffs filing complaint against Defendants Spaide. Solely because Defendant Spaide said so, in a sworn declaration in support of his motion for Summary judgment.?

Plaintiffs have completed his exhaustion claims he submitted documentation from "OPR" office stating they will not distribute a copy of the investigation against Defendant Spaide, See Mahanoy for a copy.

then we have S.C.I. Mahanoy staff stating no such complaint was filed, therefore no investigation was made.

(2)

Yet, this Court don't believe Defendant Spaide have committed perjury or Dept of Correction prevented Plaintiff's from exhausting state Remedies.

Now Defendants Attorney is trying to cover up Defendant Spaide action so that she can win her case.

Do this Court Really believe S.C.I. Mahanoy staff will turn over their investigation to prove Defendant Spaide committed perjury? Plaintiff's submitted enough evident to show somebody is lying about the existence of criminal complaint being filed.

Defendant signed a sworn declaration stating no complaint was filed against him for alleged Feb 8.99 Assault. Now his Attorney acknowledge a complaint being filed with state Police but argues. There's no evidence that Plaintiff's followed through with that complaint to its Completion.

(See Defendant's brief dated April 6. 2005 page #4)

The main argument was Plaintiffs failed to exhaust, on the grounds no criminal complaint was filed therefore not exhausting administrative remedies.

For unknown reason Defendant never addressed whether D.O.C. have established other procedures that an inmate can file criminal Complaints outside of the Grievance System to exhaust administrative Remedies, as the law Requires.

Conclusion

Wherefore, for all above reason this Court should order Defendant's Attorneys to file new Brief in opposition to Plaintiff's motion for Reconsideration and order Defendants Attorney to address each issue raised as law Requires.

Respectfully Submitted
James Williams pro se
James H. Williams AY-8692
175 Progress Drive
Waynesburg, Pa. 15370

Date April 10, 2005

(3)

In The United States District Court For the Middle District of Pennsylvania

James Williams
    (Plaintiffs)
         vs
Richard L. Spaide
    (Defendant)

Civil No# 1:cv-01-0280

Judge Kane.

## Certificate of Service

I. James Williams, pro se, hereby certify that on April 11, 2005, I served a true and correct copy of "Plaintiff's Concise Reply Brief To Responding Party's Opposing brief" by causing it to be deposited in the United States Mail first class postage prepaid to the following.

Lind S Lhoyd (DAG)
Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, Pa. 17120

Respectfully Submitted,
James Williams, pro se
James H. Williams
AY-8692 (S.C.I Greene)
175 Progress Drive
Waynesburg, Pa. 15370

Date April 11, 2005

To: Office of the clerk  
U.S. District Court House  
228 Walnut St. P.O. Box 983  
Harrisburg, Pa. 17108

James Williams  
AY-8692 (S.C.I. Greene)  
175 Progress Dr  
Waynesburg, Pa. 15370

April 11, 2005

RE: <u>Williams vs Sparide</u>  
   <u>Civil# 1:CV-01-0280</u>

Dear clerk,

Enclose please find one (1) original and two (2) copies of "Plaintiff's Concise Reply Brief to Responding Party's opposing brief" for filing with your office, with attached certificate of service.

Truly yours,  
James Williams

Williams  AY8692
175 Progress Drive
Waynesburg, PA., 15370

$ 00.83
APR 12 2005
MAILED FROM ZIP CODE 15370

To: Office of the Clerk
United States District Court House
228 Walnut St. P.O. Box 983
Harrisburg, Pa. 17108

17108+9901