IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES H. WILLIAMS,** | : | |
| **Plaintiff,** | : | **CIVIL NO. 1:CV-01-0280** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **RICHARD L. SPAIDE,** | : | |
| **Defendant.** | : | |

## O R D E R

James H. Williams, an inmate at the Greene State Correctional Institution in Waynesburg,

Pennsylvania, commenced this pro se civil rights action with a complaint pursuant to 42 U.S.C. § 1983.

The only remaining[1] Defendant is Richard Spaide, Unit Manager at the State Correctional Institution at

Mahanoy, Pennsylvania, ("SCI-Mahanoy"). Williams claims that while previously incarcerated at SCI-

Mahanoy (1) Spaide's actions resulted in Williams' exposure to environmental tobacco smoke ("ETS")

and (2) Williams was assaulted by Defendant Spaide on February 8, 1999.

By Memorandum and Order dated February 28, 2005 (Doc. 65), this Court granted

Spaide's motion for summary judgment and dismissed this action.  Presently before the Court is Plaintiff's

motion for reconsideration of the Court's dismissal.  Since this Court finds that Plaintiff has failed to

provide the evidence required for a successful motion for reconsideration, Plaintiff's motion will be denied.

A motion for reconsideration is a device of limited utility, and it permits the district court to

reconsider its prior judgment.  Hairston v. Alert Safety Light Products, 307 F.3d 717 (8th Cir. 2002).  It

may be used only to correct manifest errors of law or fact, or to present newly discovered precedent or

evidence which, if discovered previously, might have affected the court's decision.  Harsco Corp. v.

Zlotnicki, 779 F.2d 906 (3d Cir. 1985).  It has also been held that a motion for reconsideration is

appropriate in instances such as where the court has ". . . misunderstood a party, or has made a decision

---

[1]This Court previously dismissed the claims against SCI-Mahanoy Superintendent Martin L.
Dragovich and SCI-Mahanoy Unit Manager James McGrady.  See Doc. 25.

outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In his pending motion, Plaintiff fails to demonstrate a change of law, new evidence, or a need to correct clear error of law that indicates his previous claim merits reconsideration. The Court concluded that Plaintiff failed to exhaust available administrative remedies, and he is simply dissatisfied with that conclusion. Plaintiff merely wants this Court to rethink its earlier decision. Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993) (a motion for reconsideration is not properly grounded on a request that a court rethink a decision already made).

Accordingly, this Court finds that Plaintiff has not satisfied the requirements for a successful motion for reconsideration, and, therefore, Plaintiff's motion for reconsideration (Doc. 66) is **DENIED**.

S/ Yvette Kane
YVETTE KANE
United States District Judge

Dated:  August 19, 2005.